MICHAEL D. YOUNG (State Bar No. 120787)
NICOLE C. RIVAS (State Bar No. 179337)
**ALSTON & BIRD, LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100



Attorneys for Defendant
WALT DISNEY PARKS AND RESORTS U.S., INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON TOWNS, an individual<br><br>Plaintiff<br><br>vs.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida Corporation, d/b/a DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL; RUSSELL DOLANTE, an individual; and DOES 1-10.<br><br>Defendants. | Case No.: SACV11-158 CJC (Ex)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1441(b) (DIVERSITY); AND DECLARATION OF NICOLE C. RIVAS IN SUPPORT THEREOF**<br><br>(Superior Court of California for the County of Orange – Case No. 30-2010 00376825) |

1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Walt Disney Parks and Resorts U.S., Inc. ("Disney Parks and Resorts") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Orange ("State Court"), where the above-entitled action ("Action") was filed, to the United States District Court for the Central District of California. This removal is based on diversity of citizenship, pursuant to 28 U.S.C. §§ 1332 and 1441(b). In support of this Notice, Disney Parks and Resorts alleges as follows:

## TIMELINESS OF REMOVAL

1. On or about May 28, 2010, plaintiff Don Towns ("Plaintiff") commenced the Action in the State Court by filing a summons and complaint ("Complaint") entitled *Towns v. Walt Disney Co., Walt Disney Parks and Resorts World Wide, Russell Dolante [sic] and Does 1 to 10*, Orange County Superior Court Case No. 30-2010 00376825. On or about July 15, 2010, the State Court dismissed both *Walt Disney Co.* and *Walt Disney Parks and Resorts World Wide* pursuant to stipulation of the parties. On or about October 28, 2010, plaintiff filed a First Amended Complaint naming Disney Parks and Resorts as plaintiff's employer and the sole corporate defendant in this action. On December 30, 2010, plaintiff voluntarily dismissed Russell Dollente, the only other named defendant in this action. A true and correct copy of such Request for Dismissal is attached hereto as **Exhibit A**.

2. The First Amended Complaint alleges the following eight purported causes of action: (1) Breach of Contract; (2) Fraud in the Inducement; (3) Discrimination Based on Race in Violation of FEHA; (4) Harassment Based on Race in Violation of FEHA; (5) Retaliation in Violation of FEHA; (6) Failure to Prevent Discrimination and Harassment in Violation of FEHA; (7) Wrongful Termination in Violation of FEHA; and (8) Wrongful Termination in Violation of Public Policy. A true and correct copy of the First Amended Complaint is attached hereto as **Exhibit B**.

LEGAL02/32397693v1

The allegations of the First Amended Complaint are incorporated into this Notice by reference without admitting the truth thereof.

3. This Notice of Removal is being filed within 30 days of plaintiff's voluntary dismissal of defendant Russell Dollente on or about December 30, 2010, and is therefore timely filed pursuant to 28 U.S.C. §1446(b). Plaintiff's First Amended Complaint alleges that Mr. Dollente is a resident of California. (First Amended Complaint ("FAC"), ¶ 5.) Accordingly, prior to Mr. Dollente's voluntary dismissal from this Action, there was no basis for removal as complete diversity did not yet exist between the parties.

## VENUE

4. Venue lies in the Central District pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(c)(2). This action was originally brought in the Superior Court of the State of California, County of Orange.

## DIVERSITY JURISDICTION

5. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and one in which Disney Parks and Resorts may remove pursuant to the provisions of 28 U.S.C. § 1441(b) to this Court, in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states as described further below.

6. **Plaintiff's Citizenship**. At the time of commencement of the Action and at the time of removal, Plaintiff was, and still is, a citizen of the State of California, residing in the County of Los Angeles. (FAC, ¶ 1.)

7. **Defendant's Citizenship**. At the time of commencement of the Action and at the time of removal, Disney Parks and Resorts was a citizen of the State of Florida, because it is now, and was at the time this Action was commenced, a corporation duly organized and existing under the laws of the State of Florida with its principal place of business in that state. (Declaration of Marsha L. Reed ("Reed Decl."), ¶ 2; FAC, ¶ 2.)

3

(a)    A corporation's "principal place of business" for diversity purposes is determined by the "nerve center" test. *Hertz Corp. v Friend*, 130 S.Ct. 1181, 1192-93 (2010).  The "never center" test locates a corporation's principal place of business in the state "where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* at 1186.  Thus, in general, the nerve center of a corporation "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination . . . ." *Id.* at 1192.

(b)    In this case, Disney Parks and Resorts' corporate headquarters and principal corporate offices are located in Florida and the majority of its employees are located in Florida. (Reed., ¶ 2.) Thus, under the "nerve center" test, Disney Parks and Resorts is a Citizen of the State of Florida.

8.    **Amount In Controversy Exceeds $75,000.**  In the First Amended Complaint, Plaintiff seeks general and special damages, including damages for loss wages and benefits, loss of opportunity, damage to professional reputation, emotional distress, humiliation, mental anguish and embarrassment, as well as punitive damages and attorneys' fees pursuant to statute. (FAC, ¶¶ 31, 40-43, 50-53, 59-62, 67-70, 74-77, 80-83, Prayer.)   Plaintiff contends that his loss earnings alone through November 2010 exceed $46,000. (Rivas Decl., ¶ 4, **Exhibit C**.)  Plaintiff's claim for loss wages, which will only increase between now and trial, coupled with Plaintiff's long list of other potential damages, including general, special and punitive damages, would clearly exceed the $75,000 jurisdictional minimum. *See White v. FCI USA, Inc.* (5th Cir. 2003) 319 F.3d 672, 675-676 (finding that plaintiff's statement that she had already incurred $13,000 in damages and anticipated additional damages for lost income, mental anguish and emotional distress as well as punitive damages supported a finding that the amount in controversy exceeded the jurisdictional minimum). Additionally, Plaintiff seeks an award of attorneys' fees. (FAC, Prayer.)  Although Disney Parks and Resorts strongly denies that such an award is warranted, the value of

4

a potential fee award would likely exceed the jurisdictional minimum of $75,000. *Mangold v. California Pub. Utils. Comm'n* (9th Cir. 1995) 67 F.3d 1470, 1472, 1479 (confirming an award of attorneys' fees in excess of $700,000); *Leuzinger v. County of Lake* (N.D. Cal. 2009) 2009 U.S. Dist. LEXIS 29843, *31 (awarding attorneys' fees in excess of $700,000). Any potential award of attorneys' fees must, of course, be included in evaluating the amount in controversy. *Gugliemino v. McKee Foods Corp.* (9th Cir. 2007) 506 F.3d 696, 700 (where the plaintiff seeks an award of attorneys' fees such potential award can be properly considered in determining the amount in controversy).

9.    **Conclusion.** Based on the foregoing, this Court has jurisdiction over the Action under the provisions of 28 U.S.C. § 1332, in that this Action involves a controversy which exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. Accordingly, this Action is properly removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446.

**NOTICE TO STATE COURT**

10.    A true and correct copy of this Notice of Removal has been served on the Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Orange, as required by law.

Respectfully submitted,

DATED: January 27, 2011         MICHAEL D. YOUNG
NICOLE C. RIVAS
**ALSTON & BIRD LLP**

_____
Nicole C. Rivas
Attorneys for Defendant
WALT DISNEY PARKS AND RESORTS U.S., INC.

LEGAL02/32397693v1

## DECLARATION OF NICOLE C. RIVAS

I, Nicole C. Rivas, declare:

1.    I am an attorney with the law firm of Alston & Bird LLP, attorneys of record for defendant Walt Disney Parks and Resorts U.S., Inc. ("Disney Parks and Resorts") in this action. I make this declaration in support of the Notice of Removal. I have personal knowledge of the following facts and if called as a witness would and could testify competently thereto.

2.    Attached hereto as **Exhibit A** is a true and correct copy of the Request for Dismissal for defendant Russell Dollente, filed on or about December 30, 2010.

3.    Attached hereto as **Exhibit B** is a true and correct copy of plaintiff's First Amended Complaint in the action entitled *Towns v. Walt Disney Co., Walt Disney Parks and Resorts World Wide, Russell Dolante [sic] and Does 1 to 10*, Orange County Superior Court Case No. 30-2010 00376825, which was filed on or about October 28, 2010.

4.    Attached hereto as **Exhibit C** is a true and correct copy of plaintiff's verified response to Form Interrogatory 210.2 in which Plaintiff calculates his loss wages as of November 15, 2010 to be $46, 082.40.

5. Attached hereto as **Exhibit D** are true and correct copies of all documents contained in the State Court file.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 27th day of January, 2011, at Los Angeles, California.

_____
Nicole C. Rivas

LEGAL02/32397693v1

6

# EXHIBIT A

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Joseph M. Lovretovich, SBN 73403<br>Christopher W. Taylor, SBN 236245<br>Law Offices of Joseph M. Lovretovich<br>5941 Variel Ave., Woodland Hills, CA 91367<br>TELEPHONE NO.: 818-610-8800    FAX NO. (Optional): 818-610-3030<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>**DEC 3 0 2010**<br><br>ALAN CARLSON, Clerk of the Court<br>B. Ryan<br>BY  B RYAN |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange<br>STREET ADDRESS: 700 Civic Center Drive West<br>MAILING ADDRESS: 700 Civic Center Drive West<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central | |
| PLAINTIFF/PETITIONER: DON TOWNS<br>DEFENDANT/RESPONDENT: THE WALT DISNEY COMPANY | |
| **REQUEST FOR DISMISSAL**<br>☐ Personal Injury, Property Damage, or Wrongful Death<br>    ☐ Motor Vehicle  ☐ Other<br>☐ Family Law  ☐ Eminent Domain<br>☑ Other (specify): Employment Law | CASE NUMBER:<br>30-2010-00376825 |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) ☐ With prejudice  (2) ☑ Without prejudice
   b. (1) ☑ Complaint  (2) ☐ Petition
      (3) ☐ Cross-complaint filed by (name):      on (date):
      (4) ☐ Cross-complaint filed by (name):      on (date):
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☑ Other (specify):* as to RUSSELL DOLANTE, an individual ONLY.

2. (Complete in all cases except family law cases.)
   ☐ Court fees and costs were waived for a party in this case. (This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).

Date: December 28, 2010

Christopher W. Taylor

(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ _____ (SIGNATURE)

Attorney or party without attorney for:
☑ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ _____ (SIGNATURE)

Attorney or party without attorney for:
☐ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross-Complainant

(To be completed by clerk)    DEC 3 0 2010

4. ☐ Dismissal entered as requested on (date):
5. ☐ Dismissal entered on (date):    as to only (name):
6. ☐ Dismissal not entered as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed  ☐ means to return conformed copy

Date: **DEC 3 0 2010**    Clerk, by _____ , Deputy
**ALAN CARLSON**

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. July 1, 2009]

REQUEST FOR DISMISSAL

Page 1 of 2<br>Code of Civil Procedure, § 581 et seq.;<br>Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courtinfo.ca.gov

CIV-110

| PLAINTIFF/PETITIONER: DON TOWNS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: THE WALT DISNEY COMPANY | 30-2010-00376825 |

## Declaration Concerning Waived Court Fees

The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for *(name)*:

2. The person in item 1 *(check one)*:
   a. ☐ is not recovering anything of value by this action.
   b. ☐ is recovering less than $10,000 in value by this action.
   c. ☐ is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one)*: ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____          ▶ _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

CIV-110 [Rev. July 1, 2009]

**REQUEST FOR DISMISSAL**

Page 2 of 2

**Law Offices of Joseph M. Lovretovich**
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

**PROOF OF SERVICE**
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is, 5941 Variel Avenue, Woodland Hills, CA 91367

On December 28, 2010,, I served the foregoing document described as **Request for Dismissal** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope, addressed as follows:

Nicole Rivas
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA  90071
    Attorney For: Walt Disney Parks and Resorts US, Inc.

☒ By mail, I deposited such envelope(s) in the mail at Woodland Hills, California, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By facsimile, I transmitted such documents from Woodland Hills, California, to the offices of the addressee(s).

☐ By personal service, I delivered such envelope(s) by hand to the office(s) of the addressee(s).

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on December 28, 2010 at Woodland Hills, California.

Tad Kuchar

# EXHIBIT B

Damurra pched 11-4-10 2:00 C8

LAW OFFICES OF
**JOSEPH M. LOVRETOVICH**
5941 VARIEL AVENUE
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
CHRISTOPHER W. TAYLOR, STATE BAR NO. 236245

Attorneys for Plaintiff
DON TOWNS

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

OCT 28 2010
ALAN CARLSON, Clerk of the Court
BY D NORMAN

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE - CENTRAL DISTRICT**

| | |
|---|---|
| DON TOWNS, an individual<br>Plaintiff<br>vs.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida Corporation, d/b/a DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL; RUSSELL DOLANTE, an individual; and DOES 1-10.<br><br>Defendants | Case No.: 30-2010-00376825<br>C8<br>**PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>1) **BREACH OF CONTRACT;**<br>2) **FRAUD IN THE INDUCEMENT;**<br>3) **DISCRIMINATION BASED ON RACE IN VIOLATION OF FEHA;**<br>4) **HARASSMENT BASED ON RACE IN VIOLATION OF FEHA;**<br>5) **RETALIATION IN VIOLATION OF FEHA;**<br>6) **FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION OF FEHA;**<br>7) **WRONGFUL TERMINATION IN VIOLATION OF FEHA; and**<br>8) **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.** |

**DEMAND FOR JURY**

Plaintiff, DON TOWNS, hereby brings his complaint against the above-named Defendants and states and alleges as follows:

1

FIRST AMENDED COMPLAINT

## PRELIMINARY ALLEGATIONS

1.  At all times material herein, Plaintiff, DON TOWNS (hereinafter referred to as "Plaintiff") was and is a resident of the State of California, Los Angeles County.

2.  The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 10 are unknown to plaintiff who therefore sues these defendants under said fictitious names. Plaintiff is informed and believes that each of the defendants named as a Doe defendant is legally responsible in some manner for the events referred to in this complaint, either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these Doe defendants when it has been ascertained.

3.  Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

4.  Plaintiff is informed and believes and thereon alleges that Defendant WALT DISNEY PARKS AND RESORTS U.S., INC. (hereinafter referred to as "DISNEY" or "Defendant") is a Florida corporation, was at all times mentioned duly licensed to do business, was and is doing business, under and by virtue of the laws of the State of California, in the County of Orange, and was doing business as DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL.

5.  Plaintiff is informed and believes and thereon alleges that Defendant RUSSELL DOLANTE (herein after referred to as "Defendant Dolante") is an individual residing in California, and was employed by Defendant DISNEY in the State of California, County of Orange, as a manager and Plaintiff's superior.

6.  Plaintiff is informed and believes, and on that basis alleges, that at all times material herein Defendant DISNEY was and continues to be a company that employs more than twenty five (25) employees at the place where Plaintiff was employed.

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

2

FIRST AMENDED COMPLAINT

7.      Plaintiff commenced employment at DISNEY on or around June 24, 2007 as a busser, and became a host in or around July 2007. Plaintiff performed his job with diligence and professionalism. Plaintiff was terminated on or around May 30, 2008.

8.      From the onset of Plaintiff's employment, Defendant Dolante initiated a pattern of harassing and discriminatory conduct towards Plaintiff, wherein he consistently altered Plaintiff's time card in order to have reasons to write up Plaintiff, refused to give Plaintiff breaks, called Plaintiff racial slurs, and disciplined him for conduct that others were not similarly reprimanded for. Plaintiff was one of two African American employees at his workplace.

9.      During Plaintiff's employment, Plaintiff witnessed Defendant Dolante throwing darts at pictures of two minority coworkers. One of those minority coworkers was terminated immediately thereafter and the other minority coworker quit. Plaintiff feared he would also be terminated. Plaintiff made both a written and verbal complaint about Defendant Dolante's behavior to upper management, including to Ms. Rainaldi in Labor Relations.

10.      In or around November or December 2007, Plaintiff applied for a Lead position, which he was qualified for based on his experience. Defendant Dolante did not get in touch with Plaintiff regarding the position. Instead, Defendant Dolante promoted another employee who did not have as much relevant experience as Plaintiff and who had been working at DISNEY for less time than Plaintiff. Plaintiff also had degrees that the person promoted did not. At the time, DISNEY had a policy whereby Defendant Dolante was required to inform Plaintiff of the status of his application, however, Defendant Dolante violated this company policy by failing to inform Plaintiff of the status of his application. Defendant Dolante also violated DISNEY policy by promoting someone with insufficient experience for the Lead position.

11.      In or around December 2007, Plaintiff complained to Defendant Dolante and other managers that he was not given breaks. Management told Plaintiff that the restaurant was too busy for breaks. Plaintiff then made a complaint to the Labor Department. Subsequently, management began to give Plaintiff breaks during his shifts.

12.      In or around December 2007 or January 2008, Plaintiff started noticing points were appearing on his attendance record. These points were typically given to employees for

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

3

FIRST AMENDED COMPLAINT

being late or for not calling in if they would be missing work. These points should not have been on Plaintiff's record because he had not been late or had not called out of work. Plaintiff is informed and believes that non-African American employees did not have their attendance records falsely or negatively altered, or their schedules manipulated, as Plaintiff experienced. Plaintiff tried to get his attendance record corrected by Defendant Dolante, but Defendant Dolante refused to remove the points. Plaintiff sought the assistance of other managers at DISNEY regarding the incorrect points on his attendance record. One of the points was corrected, but the other incorrect points remained on his attendance record.

13.     In or around December 2007 or January 2008, Plaintiff requested a meeting with the Labor Relations Department because he believed that he was being treated unfairly. Labor Relations did not assist Plaintiff and informed Plaintiff that the points would remain on his attendance record.

14.     On or around January 26, 2008, Defendant Dolante called Plaintiff into his office. Plaintiff was uncomfortable and requested that another coworker be present for the meeting. Brandy Rolberson, a DISNEY employee, went into the office to act as a witness during the meeting. Plaintiff questioned Defendant Dolante about the incorrect points on his record. Plaintiff also told Defendant Dolante that he did not appreciate the way Defendant Dolante spoke to him and treated him differently than other non-African American employees. Plaintiff then informed Defendant Dolante that he had a pending case for discrimination and racism. Defendant Dolante became irate and called Plaintiff a "stupid nigger."

15.     On or around January 27, 2008, Plaintiff received written notice that he was terminated. Plaintiff contacted his Union, which then filed a grievance complaint. After the Union filed the grievance complaint, Plaintiff received a telephone call from someone at Defendant DISNEY'S Human Resources Department advising Plaintiff to disregard the termination notice. The Human Resources representative also set up a meeting with Plaintiff and a representative from Plaintiff's Union, Local 681.

16.     At the meeting with the Union representative and Defendant DISNEY'S Human Resources, Plaintiff learned that Defendant Dolante had been falsifying his time sheets and that

FIRST AMENDED COMPLAINT

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

several of the points should be taken off his attendance record. Plaintiff is informed and believes that his attendance record was never corrected though.

17.    The union representative in attendance at the meeting with Plaintiff and Defendant DISNEY'S Human Resources requested that Defendant Dolante be terminated because the Union had multiple complaints from Hispanic and African American employees whom Defendant Dolante had targeted and treated unfairly. Defendant Dolante was disciplined, but not terminated. Defendant DISNEY'S Labor Relations and management made representations to Plaintiff that directly and indirectly influenced, persuaded Plaintiff to resume working for Defendant on or around January 27, 2008 after he had been wrongfully terminated. DISNEY assured Plaintiff that he would not have to worry about Defendant Dolante discriminating against him anymore because "Disney has a No Retaliation policy" and because Defendant Dolante would be terminated, and therefore no longer present to discriminate and/or harass Plaintiff. DISNEY also persuaded Plaintiff to dismiss the grievance complaint Local 681 had filed on Plaintiff's behalf as part of the settlement to the dispute. Defendant DISNEY also persuaded Plaintiff not to pursue any civil action against Disney. Plaintiff reasonably believed each of these representations made by DISNEY and therefore dropped all grievances and complaints.

18.    In or around January 27, 2008, relying on DISNEY'S promises to protect him from discrimination, Plaintiff returned to work and was paid back pay for the time he was off. To his surprise, however, Plaintiff was placed under the same manager, Defendant Dolante, upon his return to work at Defendant DISNEY.

19.    After he returned to work, Plaintiff's hours were drastically cut from the forty (40) hours per week he was working prior to the termination, to only ten (10) to fifteen (15) hours per week following the meeting with Human Resources.

20.    In or around May 2008, the contract between Disney and Plaintiff's union expired. On or around May 30, 2008 Plaintiff was at work when the manager on duty approached him and handed him termination papers. The manager was crying and stated that she knew it was wrong.

5

FIRST AMENDED COMPLAINT

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

21. Throughout Plaintiff's employment with DISNEY, Plaintiff was subject to harassment, discrimination, and a hostile work environment. Defendant Dolante's discriminatory, harassing and unfair treatment to Plaintiff was so severe and/or pervasive that Plaintiff experienced anxiety and depression because Defendant Dolante discriminated against Plaintiff.

22. Plaintiff has exhausted his administrative remedies. In or around June 2008, Plaintiff initiated the administrative complaint process by filing a complaint with the Department of Fair Housing and Employment (DFEH) against DISNEY'S PCH GRILL, which is owned and operated by Defendant DISNEY, and naming manager Russell Dolante as well. The DFEH then conducted its own investigation of Plaintiff's complaints of race discrimination, harassment, and retaliation. The investigation by the DFEH involved correspondence and interviews with Defendant DISNEY, and as such, Defendant DISNEY was aware of the complaints filed by Plaintiff. On May 14, 2009, the DFEH issued its Notice of Case Closure and Right-to-Sue Notice.

23. At the time the DFEH issued its Right-to-Sue Notice, an investigation was pending with the EEOC regarding Plaintiff's allegations against Defendant DISNEY, which tolled the statute of limitations until the EEOC investigation was completed.

24. On or around June 4, 2009, the EEOC signed its Notice of Case Closure and its Notice of Suit Rights. Plaintiff filed suit within one (1) year from that date.

25. On May 28, 2010, Plaintiff filed his Complaint with the Superior Court of the State of California in the County of Orange.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

**(Against Defendants WALT DISNEY PARKS AND RESORTS U.S., INC., d/b/a DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL and DOES 1-10)**

26. Plaintiff incorporates by reference paragraphs 1 through 25 inclusive of this Complaint as if fully set forth at this place.

6

FIRST AMENDED COMPLAINT

27.    On or about June 24, 2007, in the City of Anaheim, County of Orange, and during the term of Plaintiff's employment, Plaintiff and Defendants entered into an employment agreement, which included oral, written, and implied-in-fact agreements. The basic terms of the agreement provided that Plaintiff's employment would be secure for as long as his performance was satisfactory, that Defendant DISNEY would follow their "No Retaliation" policy, that Plaintiff would not be terminated without good cause, and that Plaintiff would earn agreed-upon wages and employment benefits during his employment, including, but not limited to, medical insurance, dental insurance, ten days of vacation, ten sick days, and profit-sharing.

28.    Plaintiff has performed all and/or substantially all the conditions, covenants and promises which he was required to perform in accordance with the terms and conditions of the subject oral, written, implied-in-fact contract between Plaintiff and Defendant DISNEY.

29.    All of the conditions required for Defendant's performance had occurred.

30.    Defendant DISNEY breached the oral, written, implied-in-fact contract by failing to pay Plaintiff his wages when those monies were due, during Plaintiff's employment with Defendants. Defendant DISNEY further breached the contract with Plaintiff by retaliating against Plaintiff, including retaliation after he made complaints to his manager, the Union, and to Labor Relations about his wages, about not receiving his breaks, and about the racially discriminatory and harassing treatment from his manager, Defendant Dolante. Such retaliation included failure to promote Plaintiff but to promote a less qualified employee, altering Plaintiff's attendance record to reflect negatively on Plaintiff, and ultimately terminating Plaintiff's employment. Defendant DISNEY also breached the contract with Plaintiff by wrongfully terminating Plaintiff's employment without good cause. Defendant's performance was neither excused nor waived.

31.    As a direct and proximate result of the breach of said agreements by Defendants, Plaintiff has suffered general damages for mental and emotional distress, monetary damage in the form of lost wages, dental and medical insurance, and other benefits following his wrongful termination, as well as the loss of employment opportunities by failing to promote Plaintiff and by wrongfully terminating Plaintiff, along with special damages, in a sum according to proof, but

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

7

FIRST AMENDED COMPLAINT

which amount exceeds the jurisdictional minimum of this Court, with interest thereon at the maximum legal rate.

## SECOND CAUSE OF ACTION
## FRAUD IN THE INDUCEMENT
**(Against Defendants WALT DISNEY PARKS AND RESORTS U.S., INC., d/b/a DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL and DOES 1-10)**

32.    Plaintiff incorporates by reference paragraphs 1 through 31 inclusive of this Complaint as if fully set forth at this place.

33.    At all times relevant herein, Defendant DISNEY'S Labor Relations and management made representations to Plaintiff that directly and indirectly influenced, persuaded Plaintiff to resume working for Defendant on or around January 27, 2008 after he had been wrongfully terminated and called a "stupid nigger" by Defendant Dolante. Ms. Rainaldi, of Defendant DISNEY'S Labor Relations department, assured Plaintiff that he would not have to worry about Defendant Dolante discriminating against him anymore because "Disney has a No Retaliation policy" and because Defendant Dolante may be terminated, and therefore no longer present to discriminate and/or harass Plaintiff. Defendant DISNEY also persuaded Plaintiff to dismiss the grievance complaint Local 681 had filed on Plaintiff's behalf as part of the settlement to the dispute. In turn, Defendant DISNEY also persuaded Plaintiff not to pursue any civil action against Disney.

34.    Plaintiff reasonably believes Defendant DISNEY'S representation that he would not longer be discriminated against and that Defendant Dolante may be terminated, and therefore no longer present to discriminate and/or harass Plaintiff.

35.    Said representations made by Ms. Rainaldi, in Defendant DISNEY'S Labor Relations department, as well as other representatives of Defendant DISNEY, were knowingly false representations in that Defendants misrepresented the kind, character, and nature of the work Plaintiff would perform for Defendants, as well as the work schedule, which was

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

8

substantially reduced from forty (40) hours per week to only around ten (10) to fifteen (15) hours per week upon Plaintiff's return to work for Defendant DISNEY in or around February 2008.

36.    As a result of the actions of Defendants, Plaintiff suffered serious financial damage in taking a drastic pay cut from the reduction in hours, and ultimately damage in the form of lost wages and benefits. As a result thereof, plaintiff is entitled to damages under California Labor Code § 972 in the form of double damages.

## THIRD CAUSE OF ACTION

### DISCRIMINATION BASED ON RACE

### IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.*

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

**(Against Defendants WALT DISNEY PARKS AND RESORTS U.S., INC., d/b/a DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL and DOES 1-10)**

37.    Plaintiff incorporates by reference paragraphs 1 through 35 inclusive of this Complaint as if fully set forth at this place.

38.    At all times herein mentioned, California Government Code § 12940, *et seq.*, the Fair Employment and Housing Act ("FEHA"), were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons. California Government Code § 12940(a) requires Defendant to refrain from discriminating against any employee on the basis of race.

39.    The above said acts of Defendants constituted racial discrimination in violation of public policy and in violation of California Government Code § 12940 *et seq.*

40.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

9

FIRST AMENDED COMPLAINT

41.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

42.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

43.     Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 *et seq*. Defendant Dolante and Ms. Rainaldi were managers, officers, and/or agents of Defendant DISNEY, as set forth with specificity, above, and were aware of Defendant DISNEY'S policies and procedures requiring Defendant DISNEY'S managers, officers, and agents to prevent, and investigate racial discrimination, retaliation and harassment, against and upon employees of Defendant DISNEY. Plaintiff relied on the fact that Defendant Dolante would follow these known policies, and upon Ms. Rainaldi's assurances that the policies would be enforced, yet Defendant Dolante consciously chose not to follow said policies. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

///

///

///

10

FIRST AMENDED COMPLAINT

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

## FOURTH CAUSE OF ACTION

### HARASSMENT BASED ON RACE

### IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.*

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

**(Against Defendants WALT DISNEY PARKS AND RESORTS U.S., INC., d/b/a DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL and DOES 1-10)**

44.    Plaintiff incorporates by reference paragraphs 1 through 42 inclusive of this Complaint as if fully set forth at this place.

45.    At all times herein mentioned, California Government Code § 12940 *et seq.* was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons. California Government Code § 12940(k) provides that is an unlawful employment practice for an employer or any other person, because of race, to harass an employee and that any entity shall take all reasonable steps to prevent harassment from occurring.

46.    Plaintiff is informed and believes, and based thereon alleges, that Defendants willfully and intentionally engaged in a course of conduct designed to harass and intimidate Plaintiff by creating a hostile work environment. Such hostile work environment included, but is not limited to the following:

    a.   Racial slurs, including Defendant Dolante calling Plaintiff a "stupid nigger" in front of other employees;

    b.   Defendant Dolante throwing darts at photos of two minorities (one of whom was subsequently terminated, and another who thereafter quit) in plain view of employees, including Plaintiff;

    c.   Plaintiff having his schedule and time card consistently altered in order to have alleged reason to write up Plaintiff for attendance issues;

11

FIRST AMENDED COMPLAINT

20

d. Defendant Dolante treating and speaking to Plaintiff more rudely than to non-minorities, including his refusal to say "hello" to Plaintiff and often looking at Plaintiff in a way that made him very uncomfortable;

e. Defendant Dolante's refusal to give Plaintiff breaks;

f. Discipline for conduct that minority employees were not similarly reprimanded for;

g. Retaliation by Defendants following Plaintiff's complaints to Labor Relations and following his Union filing grievances for the discriminatory and harassing treatment; and

h. Drastic reduction in Plaintiff's work schedule, thereby resulting in less compensation to Plaintiff.

47. Despite full knowledge of Defendant Dolante's conduct, Defendants failed to take immediate and appropriate corrective action to prevent the racial harassment from continuing. At no time did Defendants take any action in regards to this serious and pervasive conduct.

48. Defendants' conduct was a concerted pattern of harassment of a repeated, routine and generalized nature. Plaintiff alleges that Defendants' conduct created an unreasonably abusive and offensive work environment.

49. Defendants' conduct, as described herein, was offensive and abusive and based on Plaintiff's race, African American. Defendants' actions were so severe and pervasive that they altered the conditions of Plaintiff's employment.

50. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

51. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

12

FIRST AMENDED COMPLAINT

21

well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

52.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Code § 12965(b).

53.    Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 *et seq.* Defendant Dolante and Ms. Rainaldi were managers, officers, and/or agents of Defendant DISNEY, as set forth with specificity, above, and were aware of Defendant DISNEY'S policies and procedures requiring Defendant DISNEY'S managers, officers, and agents to prevent, and investigate racial discrimination, retaliation and harassment, against and upon employees of Defendant DISNEY. Plaintiff relied on the fact that Defendant Dolante would follow these known policies, and upon Ms. Rainaldi's assurances that the policies would be enforced, yet Defendant Dolante consciously chose not to follow said policies. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

/ / /

/ / /

/ / /

/ / /

/ / /

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

13

FIRST AMENDED COMPLAINT

22

## FIFTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.*

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

(Against Defendant WALT DISNEY PARKS AND RESORTS U.S., INC., d/b/a DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL and DOES 1-10)

54.     Plaintiff incorporates by reference paragraphs 1 through 52 inclusive of this Complaint as if fully set forth at this place.

55.     At all times herein mentioned, Government Code § 12940, *et seq.*, was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons. Government Code § 12940(h) makes it unlawful for any person to retaliate against an employee who has opposed a discriminatory practice.

56.     Plaintiff engaged in protected activity by complaining about race-based discrimination and harassment on several occasions to Defendant DISNEY, and specifically, to Defendant Dolante and Ms. Rainaldi in Labor Relations.

57.     Plaintiff further suffered adverse employment actions, including, but not limited to Defendants:

a.   Falsely altering his time card and adding negative points to Plaintiff's attendance record;

b.   Significantly reducing Plaintiff's work schedule hours, from 40 hours per week to only around 10 to 15 hours per week;

c.   Ultimately terminating Plaintiff's employment.

58.     Defendants' conduct, as alleged above, constituted unlawful retaliation in employment on account of Plaintiff's race and his complaints as to race discrimination and harassment.

59.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff

14

FIRST AMENDED COMPLAINT

23

claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

60.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

61.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under Code § 12965(b).

62.    Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 *et seq.*  Defendant Dolante and Ms. Rainaldi were managers, officers, and/or agents of Defendant DISNEY, as set forth with specificity, above, and were aware of Defendant DISNEY'S policies and procedures requiring Defendant DISNEY'S managers, officers, and agents to prevent, and investigate racial discrimination, retaliation and harassment, against and upon employees of Defendant DISNEY.  Plaintiff relied on the fact that Defendant Dolante would follow these known policies, and upon Ms. Rainaldi's assurances that the policies would be enforced, yet Defendant Dolante consciously chose not to follow said policies.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

15

FIRST AMENDED COMPLAINT

24

## SIXTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION & HARASSMENT

### IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.*

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

### (Against Defendants WALT DISNEY PARKS AND RESORTS U.S., INC., d/b/a

### DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL and DOES 1-10)

63.    Plaintiff incorporates by reference paragraphs 1 through 61 inclusive of this Complaint as if fully set forth at this place.

64.    At all times mentioned herein, California Government Code sections 12940, *et seq.*, including but not limited to subsections 12940 (j) and (k), were in full force and effect and were binding upon Defendants and each of them.  These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and harassment and take all reasonable steps necessary to prevent discrimination and harassment from occurring, among other things.

65.    Defendants failed to take immediate and appropriate corrective action to end the discrimination and harassment.  Defendants also failed to take all reasonable steps necessary to prevent the harassment and discrimination from occurring.

66.    In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and harassment and in failing and/or refusing to take and or all reasonable steps necessary to prevent harassment and discrimination from occurring, Defendants violated California Government Code § 12940(j) and (k), causing Plaintiff to suffer damages as set forth above.

67.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills. CA 91367
(818) 610-8800

16

25

68.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

69.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

70.     Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 *et seq.* Defendant Dolante and Ms. Rainaldi were managers, officers, and/or agents of Defendant DISNEY, as set forth with specificity, above, and were aware of Defendant DISNEY'S policies and procedures requiring Defendant DISNEY'S managers, officers, and agents to prevent, and investigate racial discrimination, retaliation and harassment, against and upon employees of Defendant DISNEY. Plaintiff relied on the fact that Defendant Dolante would follow these known policies, and upon Ms. Rainaldi's assurances that the policies would be enforced, yet Defendant Dolante consciously chose not to follow said policies. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

/ / /

/ / /

/ / /

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

17

FIRST AMENDED COMPLAINT

26

## SEVENTH CAUSE OF ACTION

## WRONGFUL TERMINATION

## IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.*

## [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

### (Against Defendants WALT DISNEY PARKS AND RESORTS U.S., INC., d/b/a DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL and DOES 1-10)

71.     Plaintiff incorporates by reference paragraphs 1 through 69 inclusive of this Complaint as if fully set forth at this place.

72.     At all times herein mentioned, California Government Code § 12940 *et seq.* were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons. California Government Code § 12940 *et seq.* provides that it is unlawful for an employer to discharge a person from employment or discriminate against them in compensation or as to the terms, conditions or privileges of employment based on a prohibited employment practice, as stated in California Government Code § 12940 (a)-(o).

73.     Defendant terminated Plaintiff in violation of FEHA.

74.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

75.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

Law Offices of Joseph M. Lovretovich<br>5941 Variel Avenue<br>Woodland Hills, CA 91367<br>(818) 610-8800

18

FIRST AMENDED COMPLAINT

27

76.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

77.    Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 *et seq.* Defendant Dolante and Ms. Rainaldi were managers, officers, and/or agents of Defendant DISNEY, as set forth with specificity, above, and were aware of Defendant DISNEY'S policies and procedures requiring Defendant DISNEY'S managers, officers, and agents to prevent, and investigate racial discrimination, retaliation and harassment, against and upon employees of Defendant DISNEY. Plaintiff relied on the fact that Defendant Dolante would follow these known policies, and upon Ms. Rainaldi's assurances that the policies would be enforced, yet Defendant Dolante consciously chose not to follow said policies. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## EIGHTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against Defendants WALT DISNEY PARKS AND RESORTS U.S., INC., d/b/a DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL and DOES 1-10)

78.    Plaintiff incorporates by reference paragraphs 1 through 76 inclusive of this Complaint as if fully set forth at this place.

79.    At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12940, *et seq.*, is to prohibit employers from discriminating, harassing and retaliating against any individual on the basis of,

19

FIRST AMENDED COMPLAINT

but not limited to, sex, race, age, disability and national origin as identified in California Government Code § 12940 (a)-(o). This public policy of the State of California is designed to protect all employees and to promote the welfare and well being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California Government Code § 12940, *et seq.*, and the laws and regulations promulgated thereunder.

80.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

81.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

82.    The acts taken toward Plaintiff were carried out by Defendant Russell Dolante, one of Defendant DISNEY'S officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, and in direct violation of California law, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

83.    Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the

20

FIRST AMENDED COMPLAINT

29

protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 *et seq.* Defendant Dolante and Ms. Rainaldi were managers, officers, and/or agents of Defendant DISNEY, as set forth with specificity, above, and were aware of Defendant DISNEY'S policies and procedures requiring Defendant DISNEY'S managers, officers, and agents to prevent, and investigate racial discrimination, retaliation and harassment, against and upon employees of Defendant DISNEY. Plaintiff relied on the fact that Defendant Dolante would follow these known policies, and upon Ms. Rainaldi's assurances that the policies would be enforced, yet Defendant Dolante consciously chose not to follow said policies. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1.    For general damages according to proof;

2.    For special damages according to proof;

3.    For punitive damages;

4.    For attorney fees and costs of suit;

5.    For prejudgment and post-judgment interest according to law; and

6.    For such other and further relief **as the court may deem just and proper.**

DATED:    October 25, 2010          LAW OFFICES OF JOSEPH M. LOVRETOVICH

By: _____

JOSEPH M. LOVRETOVICH

CHRISTOPHER W. TAYLOR

Attorneys for Plaintiff

21

FIRST AMENDED COMPLAINT

*Law Offices of Joseph M. Lovretovich*

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

30

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:      October 25, 2010              LAW OFFICES OF JOSEPH M. LOVRETOVICH

By: _____

JOSEPH M. LOVRETOVICH

CHRISTOPHER W. TAYLOR

Attorneys for Plaintiff

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

22

COMPLAINT

31

**PROOF OF SERVICE**
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is, 5941 Variel Avenue, Woodland Hills, CA 91367

On October 26, 2010, I served the foregoing document described as **First Amended Complaint** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope, addressed as follows:

Nicole Rivas
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Attorney For: Walt Disney Parks and Resorts US, Inc.

☒ By mail, I deposited such envelope(s) in the mail at Woodland Hills, California, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By facsimile, I transmitted such documents from Woodland Hills, California, to the offices of the addressee(s).

☐ By personal service, I delivered such envelope(s) by hand to the office(s) of the addressee(s).

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on October 26, 2010 at Woodland Hills, California.

_____
Tad Kuchar

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

32

# EXHIBIT C



LAW OFFICES OF
JOSEPH M. LOVRETOVICH
5941 Variel Avenue
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
CHRISTOPHER W. TAYLOR, STATE BAR NO. 236245
BRIAN T. BRADLEY, STATE BAR NO. 266693

Attorneys for Plaintiff
Don Towns

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE - CENTRAL DISTRICT

DON TOWNS, an individual,

    Plaintiff,

    v.

THE WALT DISNEY COMPANY, a California Corporation; WALT DISNEY PARKS AND RESORTS WORLD WIDE; RUSSELL DOLANTE, an individual; and DOES 1-10,

    Defendants.

Case No. 30-2010-00376825
(Assigned for all purposes to the Hon. Kirk Nakamura, C8)

RESPONSE TO FORM INTERROGATORIES-EMPLOYMENT LAW, SET ONE

Complaint Filed:   May 28, 2010
Discovery Cut Off:  April 8, 2011
Trial Date:     May 9, 2011

PROPOUNDING PARTY:    THE WALT DISNEY COMPANY

RESPONDING PARTY:    DON TOWNS

SET NO.:    ONE

    COMES NOW Plaintiff **Don Towns**, and hereby responds to Defendant **THE WALT DISNEY COMPANY**'s Form Interrogatories-Employment Law, Set One, as follows:

///

///

///

1

RESPONSE TO FORM INTERROGATORIES – EMPLOYMENT LAW, SET ONE

33

App., 3d 1446 (1990). South Tahoe Public Utility District v. Superior Court, 90 Cal App. 3d 135 (1979). St. Vincent Medical Center v. Superior Court, 160 Cal App. 3d 1030 (1984).

Notwithstanding the foregoing, and without waiving the objection, Plaintiff responds as follows:  Yes.  Discovery and investigation are continuing and Plaintiff reserves the right to supplement this request.

**INTERROGATORY NO. 210.2**

State the total amount of income, benefits, or earning capacity you have lost to date and how the amount was calculated.

**RESPONSE TO FORM INTERROGATORY NO. 210.2**

Objection: The information sought is neither relevant to the subject matter of this action nor reasonably calculated to lead to discovery of admissible evidence.  Deaile v. Gen'l Telephone, 40 Cal. App. 3d 841 (1974).  Objection:  This interrogatory is overly broad and remote, and as such, is not calculated to lead to the discovery of information relevant to the subject matter of this action nor to the discovery of admissible evidence. CBS v. Superior Court, 263 Cal pp. 2d 12 (1968).  Objection:  this interrogatory requests information that is premature and purports to impose burdens on Plaintiff that are inconsistent with, or not otherwise authorized by, the California Code of Civil Procedure and/or the Local Rules.  Plaintiff further objects to this request on the grounds that it calls for premature expert discovery, in violation of California Code of Civil Procedure §2034.  County of Los Angeles v. Superior Court, 224 Cal App., 3d 1446 (1990). South Tahoe Public Utility District v. Superior Court, 90 Cal App. 3d 135 (1979). St. Vincent Medical Center v. Superior Court, 160 Cal App. 3d 1030 (1984).

Notwithstanding the foregoing, and without waiving the objection, Plaintiff responds as follows: This response only addresses Plaintiff's lost wages.  Other lost economic benefits and special damages are not addressed in this response.  Plaintiff reserves the right to reimbursement for all other damages and special damages, including, but not limited to, loss of benefits, and loss of good credit standing.  During Plaintiff's employment with Defendant Disney, Plaintiff was earning $9.84 per hour, working approximately 40 hours per week, for a monthly income of $1,705.60.  After the termination, Plaintiff was unable to find gainful employment for a period of

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

RESPONSE TO FORM INTERROGATORIES – EMPLOYMENT LAW, SET ONE

34

about 25 months, wherein Plaintiff suffered a loss of income of approximately $42,640. Subsequently, Plaintiff obtained temporary employment for three months, wherein he was earning $8.00 per hour, working 32.5 hours per week, for a total monthly earning of $1,126.67. Thus, Plaintiff suffered a loss of income per month of $578.93 for the three-month period, for a loss of income of $1,736.80. After, Plaintiff was again unable to find gainful employment for a period of one month, during which he suffered a loss of income $1,705.60. Thus, Plaintiff estimated loss income to date total $46,082.40. Discovery and investigation are continuing and Plaintiff reserves the right to supplement this request.

## INTERROGATORY NO. 210.3

Will you lose income, benefits, or earning capacity in the future as a result of any **ADVERSE EMPLOYMENT ACTION**? If so, state the total amount of income benefits, or earning capacity you expect to lose, and how the amount was calculated.

## RESPONSE TO FORM INTERROGATORY NO. 210.3

Objection: The information sought is neither relevant to the subject matter of this action nor reasonably calculated to lead to discovery of admissible evidence. Deaile v. Gen'l Telephone, 40 Cal. App. 3d 841 (1974). Objection: This interrogatory is overly broad and remote, and as such, is not calculated to lead to the discovery of information relevant to the subject matter of this action nor to the discovery of admissible evidence. CBS v. Superior Court, 263 Cal pp. 2d 12 (1968). Objection: this interrogatory requests information that is premature and purports to impose burdens on Plaintiff that are inconsistent with, or not otherwise authorized by, the California Code of Civil Procedure and/or the Local Rules. Plaintiff further objects to this request on the grounds that it calls for premature expert discovery, in violation of California Code of Civil Procedure §2034. County of Los Angeles v. Superior Court, 224 Cal App., 3d 1446 (1990). South Tahoe Public Utility District v. Superior Court, 90 Cal App. 3d 135 (1979). St. Vincent Medical Center v. Superior Court, 160 Cal App. 3d 1030 (1984).

Notwithstanding the foregoing, and without waiving the objection, Plaintiff responds as follows: Plaintiff is not aware at this time of the loss of income, benefits, or earning capacity he will experience. Discovery and investigation are continuing and Plaintiff reserves the right to

RESPONSE TO FORM INTERROGATORIES – EMPLOYMENT LAW, SET ONE

35

## VERIFICATION

I, Don Towns, do hereby declare:

I have read the foregoing **Response to Form Interrogatories, Set One**, and know of its content.

I am a party to this action. The matters stated in it are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

Certain of the requests require legal conclusions and as to those matters, I have relied on my counsel.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at _____*0700*_____, CA on the *15th* day of *November*, 2010.

Don Towns

36

# EXHIBIT D

LAW OFFICES OF
**JOSEPH M. LOVRETOVICH**
5941 VARIEL AVENUE
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
CHRISTOPHER W. TAYLOR, STATE BAR NO. 236245

Attorneys for Plaintiff
DON TOWNS

● FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 28 2010

ALAN CARLSON, Clerk of the Court
BY  N. DORFMAN

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE - CENTRAL DISTRICT** BY FAX

30-2010

DON TOWNS, an individual
      Plaintiff

      vs.

THE WALT DISNEY
COMPANY, a California
Corporation; WALT DISNEY
PARKS AND RESORTS WORLD
WIDE; RUSSELL DOLANTE, an
individual; and DOES 1-10.

      Defendants

Case No.:      00376825

COMPLAINT FOR:
  1) BREACH OF CONTRACT;
  2) FRAUD IN THE INDUCEMENT;
  3) DISCRIMINATION BASED ON
     RACE IN VIOLATION OF FEHA;
  4) HARASSMENT BASED ON RACE
     IN VIOLATION OF FEHA;
  5) FAILURE TO ACCOMMADATE IN
     VIOLATION OF FEHA;
  6) FAILURE TO PREVENT
     DISCRIMINATION IN VIOLATION
     OF FEHA;
  7) WRONGFUL TERMINATION IN
     VIOLATION OF FEHA;
  8) WRONGFUL TERMINATION IN
     VIOLATION OF PUBLIC POLICY

JUDGE KIRK H. NAKAMURA
C-8

Plaintiff, DON TOWNS, hereby brings her complaint against the above-named Defendants and states and alleges as follows:

COMPLAINT

37

## PRELIMINARY ALLEGATIONS

1.    At all times material herein, Plaintiff, DON TOWNS (hereinafter referred to as "Plaintiff") was and is a resident of the State of California, Los Angeles County.

2.    The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to plaintiff who therefore sues these defendants under said fictitious names. Plaintiff is informed and believes that each of the defendants named as a Doe defendant is legally responsible in some manner for the events referred to in this complaint, either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these Doe defendants when it has been ascertained.

3.    Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

4.    Plaintiff is informed and believes and thereon alleges that Defendant THE WALT DISNEY COMPANY (hereinafter referred to as "DISNEY" or "Defendant") is a business entity, form unknown, was at all times mentioned duly licensed to do business, was and is doing business, under and by virtue of the laws of the State of California, and in the county of Los Angeles.

5.    Plaintiff is informed and believes and thereon alleges that Defendant WALT DISNEY PARKS AND RESORTS WORLD WIDE (hereinafter also referred to as "DISNEY" or "Defendant") is a business entity, form unknown, was at all times mentioned duly licensed to do business, was and is doing business, under and by virtue of the laws of the State of California, and in the county of Los Angeles.

6.    Plaintiff is informed and believes and thereon alleges that defendant Russell Dolante (herein after referred to as "Defendant Dolante") is an individual residing in California, in the County of Los Angeles.

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

2
COMPLAINT

38

7.    Plaintiff is informed and believes, and on that basis alleges, that at all times material herein Defendant DISNEY was and continues to be a company that employs more than twenty five (25) employees at the place where Plaintiff was employed.

8.    Plaintiff commenced employment at DISNEY on or around June 24, 2007 as a busser, and became a host in or around July 2007. Plaintiff performed his job with diligence and professionalism. Plaintiff was terminated on or around May 30, 2008.

9.    From the onset of Plaintiff's employment, Defendant Dolante initiated a pattern of harassing and discriminatory conduct towards Plaintiff, wherein he consistently altered Plaintiff's time card in order to have reasons to write up Plaintiff, refused to give Plaintiff breaks, called Plaintiff racial slurs, and disciplined him for conduct that others were not similarly reprimanded for. Plaintiff was one of two African American employees at his workplace.

10.    During Plaintiff's employment, Plaintiff witnessed Defendant Dolante throwing darts at pictures of two minority coworkers. One was terminated immediately thereafter and the other quit. Plaintiff feared he would also be terminated. Plaintiff made a complaint about Defendant Dolante's behavior to upper management.

11.    Plaintiff applied for a Lead position, which he was qualified for based on his experience. Russell did not get in touch with Plaintiff regarding the position and promoted someone else who had less experience and who had been working at DISNEY for less time than Plaintiff. Plaintiff also had degrees that the person promoted did not. At the time, DISNEY had a policy whereby Defendant Dolante was required to inform Plaintiff the status of his application. Defendant Dolante violated this company policy by failing to inform Plaintiff the status of his application. Defendant Dolante also violated DISNEY policy by promoting someone with insufficient experience for the Lead position.

12.    In or around December 2007, Plaintiff had complained to Defendant Dolante and other managers that he was not given breaks. He was told that the restaurant was too busy. Plaintiff then made a complaint to the Labor Department. Management then began to give Plaintiff breaks during work.

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

3
COMPLAINT

39

13. In or around December 2007, Plaintiff started noticing points were appearing on his record. These points were typically given to employees or being late or not calling in if they would be missing work. These points should not have been on Plaintiff's record because he had not been late or calling out of work. Plaintiff tried to get this corrected by Defendant Dolante, but Defendant Dolante refused to remove the points. Plaintiff sought the assistance of other managers at DISNEY regarding the incorrect points on his record. One of the points was corrected, but the other incorrect points remained on his record.

14. In or around December 2007, Plaintiff requested a meeting with the Labor relations Department because he believed he was being treated unfairly. Labor relations did not assist Plaintiff and informed him that the points would remain on his record.

15. In or around January 2008, Defendant Dolante called Plaintiff into his office. Plaintiff was uncomfortable and requested that another coworker be present for the meeting. Brandy Rolberson, a DISNEY employee, went into the office to act as a witness during the meeting. Plaintiff questioned Defendant Dolante about the incorrect points on his record. Defendant Dolante became irate and called Plaintiff a "Nigger." On or around January 27, 2008, Plaintiff received written notice that he was terminated. Plaintiff contacted his Union, which then filed a complaint of wrongful termination. Plaintiff then received a telephone call from someone at Human Resources advising Plaintiff to disregard the termination notice. The Human Resources representative also set up a meeting with Plaintiff and a representative from Plaintiff's Union, Local 681. At the meeting, Plaintiff learned that Defendant Dolante had been falsifying his time sheets and that several of the points should be taken off his record. The union representative in attendance at the meeting requested that Defendant Dolante be terminated because they had multiple complaints from Hispanic/African American employees that Defendant Dolante targeted. Defendant Dolante was disciplined, but not terminated

16. In or around February 2008, Plaintiff returned to work and was paid back pay for the time he was off. He was placed under the same manager, Defendant Dolante when he returned.

4
COMPLAINT

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

40

17.    After he returned to work, Plaintiff's hours were drastically cut from 40 hours per week prior to the termination to 10-15 hours per week following the meeting with Human Resource.

18.    In or around May 2008, the contract between Disney and Plaintiff's union expired. On or around May 30, 2008 Plaintiff was at work when the manager on duty approached him. The manager handed Plaintiff termination papers. The manager was crying and stated that she knew it was wrong.

19.    Throughout Plaintiff's employment with DISNEY, Plaintiff was subject to harassment, discrimination, and a hostile work environment. Defendant Dolante's treatment to Plaintiff was so severe and/or pervasive that Plaintiff experienced anxiety and depression because Defendant Dolante discriminated against Plaintiff.

## FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
(Against Defendants THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND RESORTS WORLD WIDE and DOES 1-10)

20.    Plaintiff incorporates by reference paragraphs 1 through 19 inclusive of this Complaint as if fully set forth at this place.

21.    On or about June 24, 2007, in the City of Anaheim, County of Orange, and during the term of Plaintiff's employment, Plaintiff and Defendants entered into an employment agreement, which included oral, written, and implied-in-fact agreements. The basic terms of the agreement provided that Plaintiff's employment would be secure for as long as his performance was satisfactory, that Plaintiff would not be terminated without good cause, and that Plaintiff would earn agreed-upon wages and employment benefits, including, but not limited to, medical insurance, dental insurance, ten days of vacation days, ten days of sick days, and profit-sharing. Furthermore, Plaintiff was promised substantial bonuses when cases he was assigned to work on settled or brought to the firm were resolved and the firm received money from settlements, verdicts, and common benefit fund payouts.

5

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

22.    Plaintiff has performed all and/or substantially all the conditions, covenants and promises which he was required to perform in accordance with the terms and conditions of the subject oral, written, implied-in-fact contract between Plaintiff and Defendants

23.    All of the conditions required for Defendant's performance had occurred.

24.    Defendants breached the oral, written, implied-in-fact contract by failing to pay Plaintiff his wages when those monies were due, during Plaintiff's employment with Defendants. Defendant's performance was not excused nor waived.

25.    As a direct and proximate result of the breach of said agreements by Defendants, Plaintiff has suffered general damages for mental and emotional distress, along with special damages, in a sum according to proof, but which amount exceeds the jurisdictional minimum of this Court, with interest thereon at the maximum legal rate.

## SECOND CAUSE OF ACTION

## FRAUD IN THE INDUCEMENT

### (Against Defendants THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND RESORTS WORLD WIDE and DOES 1-10)

26.    Plaintiff incorporates by reference paragraphs 1 through 25 inclusive of this Complaint as if fully set forth at this place.

27.    At all times relevant herein, Defendants made representations to Plaintiff that directly and indirectly influenced, persuaded Plaintiff to resume working for Defendant on or around January 27, 2008 after he had been wrongfully terminated and called a racial slur. Defendant also persuaded him to dismiss the wrongful termination grievance Local 681 had filed on Plaintiff's behalf as part of the settlement to the dispute.

28.    Said representations made were knowingly false representations in that Defendants misrepresented the kind, character, and nature of the work Plaintiff would perform for Defendants as well as the work schedule, which was substantially reduced upon Plaintiff's return to work for Defendant.

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

29.    As a result of the actions of Defendants, Plaintiff suffered serious financial damage in taking a drastic pay cut from the reduction in hours. As a result thereof, plaintiff is entitled to damages under Labor Code § 972 in the form of double damages.

## THIRD CAUSE OF ACTION
## DISCRIMINATION BASED ON RACE
## IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ.
## [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]
### (Against Defendants THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND RESORTS WORLD WIDE and DOES 1-10)

30.    Plaintiff incorporates by reference paragraphs 1 through 29 inclusive of this Complaint as if fully set forth at this place.

31.    At all times herein mentioned, California Government Code § 12940 et seq., the Fair Employment and Housing Act ("FEHA"), were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons. California Government Code § 12940(a) requires Defendant to refrain from discriminating against any employee on the basis of race.

32.    The above said acts of Defendants constituted racial discrimination in violation of public policy and in violation of California Government Code § 12940 et seq.

33.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

34.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and

43

believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

35.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

36.    Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY's managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 et seq.  Defendant Dolante was a manager, officer, and/or agent of Defendant DISNEY, as set forth with specificity, above, and was aware of defendant DISNEY's policies and procedures requiring Defendant DISNEY's managers, officers, and agents to prevent, and investigate disability discrimination, retaliation and harassment based on discrimination, against and upon employees of defendant DISNEY.  Plaintiff relied on the fact that defendant Dolante would follow these known policies, yet defendant Dolante consciously chose not to follow said policies.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

## FOURTH CAUSE OF ACTION

### HARASSMENT BASED ON RACE

### IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ.

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

(Against Defendants THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND RESORTS WORLD WIDE, RUSSELL DOLANTE and DOES 1-10)

37.    Plaintiff incorporates by reference paragraphs 1 through 36 inclusive of this Complaint as if fully set forth at this place.

38.    At all times herein mentioned, Code § 12940 et seq. was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons. Code § 12940(k) provides that is an unlawful employment practice for an employer or any other person, because of race, to harass an employee and that any entity shall take all reasonable steps to prevent harassment from occurring.

39.    Plaintiff is informed and believes, and based thereon alleges, that Defendants willfully and intentionally engaged in a course of conduct designed to harass and intimidate Plaintiff by creating a hostile work environment.

40.    Defendants conduct included, but is not limited to, consistently altering Plaintiff's time card in order to have reasons to write up Plaintiff, refusing to give Plaintiff breaks, calling Plaintiff highly offensive racial slurs, and disciplining him for conduct that others were not similarly reprimanded for. Defendant Dolante refused to say hello to Plaintiff and often looked at Plaintiff in a way that made him very uncomfortable. Additionally, Plaintiff witnessed Defendant Dolante throwing darts at pictures of other minority workers. After Plaintiff complained to Human Resources, his work schedule was drastically cut thereby resulting in less compensation to Plaintiff.

41.    Despite full knowledge of Defendant Dolante's conduct, Defendants failed to take immediate and appropriate corrective action to prevent the harassment from continuing. At no time did Defendants take any action in regards to this serious and pervasive conduct.

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

42.    Defendants' conduct was a concerted pattern of harassment of a repeated, routine and generalized nature. Plaintiff alleges that Defendants' conduct created an unreasonably abusive and offensive work environment.

43.    Defendants' conduct, as described herein, was offensive and abusive and based on Plaintiff's race. Defendants' actions were so severe and pervasive that they altered the conditions of Plaintiff's employment.

44.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

45.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

46.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Code § 12965(b).

47.    Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY's managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 et seq. Defendant Dolante was a manager, officer, and/or agent of Defendant DISNEY, as set forth with specificity, above, and was aware of defendant DISNEY's

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

46

policies and procedures requiring Defendant DISNEY's managers, officers, and agents to prevent, and investigate disability discrimination, retaliation and harassment based on discrimination, against and upon employees of defendant DISNEY. Plaintiff relied on the fact that defendant Dolante would follow these known policies, yet defendant Dolante consciously chose not to follow said policies. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## FIFTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE

### IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ.

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

### (Against Defendant THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND RESORTS WORLD WIDE and DOES 1-10)

48.    Plaintiff incorporates by reference paragraphs 1 through 47 inclusive of this Complaint as if fully set forth at this place.

49.    Defendant is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including FEHA.

50.    Defendant's harassment of Plaintiff limited his ability to engage in the major life activity of working.

51.    Although Defendants, and each of them, knew of Plaintiff's limitations, Defendants, and each of them, refused to accommodate Plaintiff's disability and instead terminated Plaintiff because of his disability. Defendants' actions were in direct contravention of FEHA.

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

11
COMPLAINT

52.    Plaintiff alleges that with reasonable accommodations he could have fully performed all duties and functions of his job in an adequate, satisfactory and/or outstanding manner.

53.    As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general, and special damages including but not limited to substantial losses in earnings, other employment benefits, *physical injuries, physical sickness*, as well as emotional distress, all to his damage in an amount according to proof.

54.    Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 et seq. Defendant Dolante was a manager, officer, and/or agent of Defendant DISNEY, as set forth with specificity, above, and was aware of defendant DISNEY'S policies and procedures requiring Defendant DISNEY'S managers, officers, and agents to prevent, and investigate disability discrimination, retaliation and harassment based on discrimination, against and upon employees of Defendant DISNEY. Plaintiff relied on the fact that defendant Dolante would follow these known policies, yet defendant Dolante consciously chose not to follow said policies. Further, Defendant DISNEY had in place policies and procedures requiring its employees, including managers, agents and supervisors, to meet with individual employees, when said individual notified Defendant DISNEY that he or she needed an accommodation because of a disability, to discuss the specific accommodation(s) requested and determine whether it or an alternative was feasible. Defendant Dolante knew these policies and when Plaintiff notified Defendant Dolante of his need for accommodation, defendant Dolante consciously chose to ignore these policies. Defendant Dolante was aware that Defendant DISNEY had policies in place that prohibited its agents and supervisors from requiring employees to be "fully healed" before they could return to work. However, defendant Dolante, and others, chose to consciously and willfully ignore said policies by forcing Plaintiff to take an

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

12

COMPLAINT

48

unpaid leave of absence until he was fully cleared by his doctor to return to work. Defendant Dolante and others, were aware of Defendant DISNEY's policies and procedures and yet consciously chose not to follow or implement these procedures, and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

55.    Plaintiff also incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees. Plaintiff requests attorneys' fees pursuant to Government Code § 12965.

### SIXTH CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION
### IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ.
### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]
### (Against Defendants THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND RESORTS WORLD WIDE and DOES 1-10)

56.    Plaintiff incorporates by reference paragraphs 1 through 55 inclusive of this Complaint as if fully set forth at this place.

57.    At all times mentioned herein, California Government Code Sections 12940, et seq., including but not limited to Sections 12940 (j) and (k), were in full force and effect and were binding upon Defendants and each of them. These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and harassment and take all reasonable steps necessary to prevent discrimination and harassment from occurring, among other things.

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

13
COMPLAINT

49

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

58.    Defendants failed to take immediate and appropriate corrective action to end the discrimination and harassment. Defendants also failed to take all reasonable steps necessary to prevent the harassment and discrimination from occurring.

59.    In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and harassment and in failing and/or refusing to take and or all reasonable steps necessary to prevent harassment and discrimination from occurring, Defendants violated California Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as set forth above.

60.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

61.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

62.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

63.    Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY's managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California

50

Government Code § 12940 et seq. Defendant Dolante was a manager, officer, and/or agent of Defendant DISNEY, as set forth with specificity, above, and was aware of defendant DISNEY's policies and procedures requiring Defendant DISNEY's managers, officers, and agents to prevent, and investigate disability discrimination, retaliation and harassment based on discrimination, against and upon employees of defendant DISNEY. Plaintiff relied on the fact that defendant Dolante would follow these known policies, yet defendant Dolante consciously chose not to follow said policies. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION

### IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ.

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

(Against Defendants THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND RESORTS WORLD WIDE and DOES 1-10)

64.    Plaintiff incorporates by reference paragraphs 1 through 63 inclusive of this Complaint as if fully set forth at this place.

65.    At all times herein mentioned, California Government Code § 12940 et seq. were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons. California Government Code § 12940 et seq. provides that it is unlawful for an employer, to discharge a person from employment or discriminate against them in compensation or as to the terms, conditions or privileges of employment based on a prohibited employment practice, as stated in California Government Code § 12940 (a)-(o).

66.    Defendant terminated Plaintiff in violation of FEHA.

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

67.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

68.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

69.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

70.    Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 et seq. Defendant Dolante was a manager, officer, and/or agent of Defendant DISNEY, as set forth with specificity, above, and was aware of defendant Icee's policies and procedures requiring Defendant DISNEY'S managers, officers, and agents to prevent, and investigate disability discrimination, retaliation and harassment based on discrimination, against and upon employees of Defendant DISNEY. Plaintiff relied on the fact that defendant Dolante would follow these known policies, yet defendant Wiley consciously chose not to follow said policies. Further, Defendant DISNEY had in place policies and procedures requiring its employees, including managers, agents and supervisors, to meet with

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

16
COMPLAINT

52

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8600

individual employees, when said individual notified Defendant DISNEY that he or she needed an accommodation because of a disability, to discuss the specific accommodation(s) requested and determine whether it or an alternative was feasible. Defendant Dolante knew these policies and when Plaintiff notified Defendant Dolante of his need for accommodation, defendant Dolante consciously chose to ignore these policies. Defendant Dolante was aware that Defendant DISNEY had policies in place that prohibited its agents and supervisors from requiring employees to be "fully healed" before they could return to work. However, defendant Dolante, and others, chose to consciously and willfully ignore said policies by forcing Plaintiff to take an unpaid leave of absence until he was fully cleared by his doctor to return to work. Defendant Dolante and others, were aware of Defendant DISNEY's policies and procedures and yet consciously chose not to follow or implement these procedures, and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## EIGTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against Defendants THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND RESORTS WORLD WIDE and DOES 1-10)

71.    Plaintiff incorporates by reference paragraphs 1 through 70 inclusive of this Complaint as if fully set forth at this place.

72.    At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in Code § 12940, is to prohibit employers from discriminating, harassing and retaliating against any individual on the basis of, but not limited to, sex, race, age, disability and national origin as identified in California Government Code § 12940 (a)-(o). This

17
COMPLAINT

53

public policy of the State of California is designed to protect all employees and to promote the welfare and well being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in Code § 12940 et seq., and the laws and regulations promulgated thereunder.

73. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

74. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

75. The acts taken toward Plaintiff were carried out by Russell Dolante, one of Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, and in direct violation of California law, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

76. Defendant DISNEY had in place policies and procedures that specifically prohibited and required defendant DISNEY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 et seq. Defendant Dolante was a manager, officer, and/or

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

18
COMPLAINT

54

agent of defendant DISNEY and was aware of defendant DISNEY'S policies and procedures requiring defendant DISNEY'S managers, officers, and agents to prevent, and investigate discrimination, retaliation, and harassment against and upon employees of defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act. However, Defendant Dolante chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

WHEREFORE, Plaintiff prays for judgment as follows:

For general damages according to proof;

For special damages according to proof;

For punitive damages;

For attorney fees and costs of suit;

For prejudgment and post-judgment interest according to law; and

For such other and further relief as the court may deem just and proper.

DATED:     May 30, 2010                          LAW OFFICES OF JOSEPH M. LOVRETOVICH

By: _____

JOSEPH M. LOVRETOVICH

CHRISTOPHER W. TAYLOR

Attorney for Plaintiff

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

19
COMPLAINT

55

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:      May 30, 2010              LAW OFFICES OF JOSEPH M. LOVRETOVICH

By: _____

JOSEPH M. LOVRETOVICH

CHRISTOPHER W. TAYLOR

Attorney for Plaintiff

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8600

20
COMPLAINT

56

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** THE WALT DISNEY COMPANY, a California
**(AVISO AL DEMANDADO):** corporation; WALT DISNEY PARKS AND
RESORTS WORLD WIDE; RUSSELL DOLANTE, an individual; and DOES 1-10.

**YOU ARE BEING SUED BY PLAINTIFF:** DON TOWNS, an individual
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 28 2010

ALAN CARLSON, Clerk of the Court

BY N. DORFMAN

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
**¡AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, County of Orange
700 Civic Center Drive West
Santa Ana, California 92701

CASE NUMBER:
(Número del Caso):

**30-2010 00376825**

JUDGE KIRK H. NAKAMURA

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Christopher W. Taylor
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
LAW OFFICES OF JOSEPH M. LOVRETOVICH
5941 Variel Avenue, Woodland Hills, CA 91367                      818-610-8800

DATE MAY 2 8 2010
(Fecha)     ALAN CARLSON     Clerk, by _____ Natasha ____ , Deputy
            (Secretario)                                  (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)). N. DORFMAN

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
prodoc

57

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Christopher W. Taylor ; Joseph M. Lovretovich    SBN: 236245; 73403
LAW OFFICES OF JOSEPH M. LOVRETOVICH    e-mail: jml@jmllaw.com
5941 Variel Avenue, Woodland Hills, CA 91367
TELEPHONE NO.: 818-610-8800    FAX NO.: 818-610-3030
ATTORNEY FOR *(Name)*: Don Towns

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center (CJC)

CASE NAME: TOWNS vs. THE WALT DISNEY COMPANY, et al

**FOR COURT USE ONLY**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**MAY 28 2010**

ALAN CARLSON, Clerk of the Court

BY N. DORFMAN

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 30-2010  JUDGE:  DEPT: 00376825 |

**FILED BY FAX**

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[X] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[X] punitive
4. Number of causes of action *(specify)*: Eight (8)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 27, 2010

Christopher W. Taylor
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**  ProDoc®

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

58

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

# SUPERIOR COURT OF CALIFORNIA

## ORANGE

**700 W. Civic Center DRIVE**

**Santa Ana , CA 92702**

**(657) 622-6878**

**www.occourts.org**

## NOTICE OF CASE ASSIGNMENT

Case Number: **30-2010-00376825-CU-WT-CJC**

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. Kirk Nakamura | Central Justice Center | C08 | |
| **Hearing:** | **Date:** | **Time:** | |
| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
| Hon. | | | |

[ X ] ADR Information attached.

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Individual courtroom information and the items listed below may be found at: www.occourts.org.

Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings.

**Ex Parte Matters**

Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov. Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing.

**Noticed Motions**

* The following local Orange County Superior Court rules are listed for your convenience:
  - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.
  - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference  (Unlimited Civil)
* All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.
* Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet.

**Other Information**

Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.

All fees and papers must be filed in the Clerk's Office of the Court Location address listed above.

Date: 05/28/2010

Natasha Dorfman _____, Deputy Clerk

NOTICE OF CASE ASSIGNMENT

60

V3 INIT 100 (June 2004)



# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana, CA 92702

### PAYMENT RECEIPT

Receipt #: 10472963

| Clerk ID: ndorfman | Transaction No: 10649090 | Transaction Date: 05/28/2010 | Transaction Time: 03:06:56 PM |
|---|---|---|---|

| Case Number | Fee Type | Qty | Fee Amounts | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2010-00376825-CU-WT-CJC | 133- Complaint or other 1st paper | 1 | $355.00 | $355.00 | $355.00 | $0.00 |

|  |  |  |
|---|---|---|
| Sales Tax: | $0.00 | |
| Total: | $355.00 | Total Rem. Bal: $0.00 |

Check Number(s): 19551

| Check: | $355.00 |
|---|---|
| Total Amount Tendered: | $355.00 |
| Change Due: | $0.00 |
| Balance: | $0.00 |

$25 will be charged for each returned check. www.occourts.org

## ORIGINAL

61

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | | FOR COURT USE ONLY |
|---|---|---|
| Joseph M. Lovretovich<br>Joseph M. Lovretovich<br>5941 Variel Ave  Woodland Hills, CA 91367<br>TELEPHONE NO.: **(818) 610-8800**   FAX NO. *(Optional)*: **(818) 610-3030**<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: **plaintiff** | SBN: 74303 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>**JUN 24 2010**<br><br>ALAN CARLSON, Clerk of the Court<br><br>BY E. VELOZ |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | |
|---|---|
| STREET ADDRESS: **700  CIVIC CENTER DRIVE WEST**<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: **SANTA ANA, CA 92702-0838**<br>BRANCH NAME: **SANTA ANA** | |

| PLAINTIFF/PETITIONER: **Don Towns, etc.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **The Walt Disney Company, etc., et al.** | **30-2010-00376825** |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents)*: **Civil Department Calendar Scheduling Chart; Civil Case Cover Sheet**

3. a. Party served *(specify name of party as shown on documents served)*:
   **The Walt Disney Company, a California corporation**

   b. ☒   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship of party named in item 3a)*:
   **Marsha L. Reed, Person authorized to accept service of process**

4. Address where the party was served: **500 Buena Vista Street**
   **Burbank, CA 91521**

5. I served the party *(check proper box)*
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **06/11/2010**   (2) at *(time)*: **04:55 pm**

   b. ☐ **by substituted service.** On *(date)*:  at *(time)*:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:  from *(city)*:                    **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: **Don Towns,** ... | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **The Walt Disney Company, etc., et al.** | 30-2010-00376825 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                         (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of *(specify):*

    c. ☐ as occupant.

    d. ☒ On behalf of *(specify):* **The Walt Disney Company, a California corporation**
        under the following Code of Civil Procedure section:

        ☒ 416.10 (corporation)              ☐ 415.95 (business organization, form unknown)

        ☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)

        ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

        ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)

        ☐ 416.50 (public entity)           ☐ 415.46 (occupant)

                                        ☐ other:

7. **Person who served papers**

    a. Name: **Mark Feldman**

    b. Address: **1545 Wilshire Blvd., Suite 715  Los Angeles, CA 90017**

    c. Telephone number: **(213) 202-3990**

    d. The fee for service was: $ **33.50**

    e. I am:

        (1) ☐ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☒ registered California process server:

            (i) ☐ owner        ☐ employee    ☒ independent contractor.

            (ii) Registration No.: **5996**

            (iii) County: **Los Angeles**

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **06/17/2010**

**All-N-One Legal Support, Inc.**
**1545 Wilshire Blvd., Suite 715**
**Los Angeles, CA 90017**
**(213) 202-3990**

               ▶

| **Mark Feldman** | |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address)<br>Joseph M. Lovretovich<br>Joseph M. Lovretovich<br>5941 Variel Ave  Woodland Hills, CA 91367 | SBN: 74303 | FOR COURT USE ONLY |
|---|---|---|
| TELEPHONE NO.: (818) 610-8800     FAX NO. (Optional):  (818) 610-3030<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):  plaintiff | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER | **RECEIVED**<br>SUPERIOR COURT OF CALIFORNIA<br>CENTRAL JUSTICE CENTER<br><br>JUN 24 2010<br><br>BY: _____ E. VELOZ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ANA, CA 92702-0838
BRANCH NAME: SANTA ANA

JUN 24 2010
ALAN CARLSON, Clerk of the Court
BY E. VELOZ

| PLAINTIFF/PETITIONER: **Don Towns, etc.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **The Walt Disney Company, etc., et al.** | 30-2010-00376825 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* **Civil Department Calendar Scheduling Chart; Civil Case Cover Sheet**

3. a. Party served *(specify name of party as shown on documents served):*
   **Walt Disney Parks and Resorts World Wide**

   b. ☒  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship of party named in item 3a):*
   **Marsha L. Reed, Person authorized to accept service of process**

4. Address where the party was served: **500 Buena Vista Street**
   **Burbank, CA 91521**

5. I served the party *(check proper box)*
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **06/11/2010**    (2) at *(time):* **04:55 pm**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*                               or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
POS010-1/402901100547

64

| PLAINTIFF/PETITIONER: Don Towns, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The Walt Disney Company, etc., et al. | 30-2010-00376825 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1) on *(date):*                     (2) from *(city):*

  (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

  (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*


  ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify):* **Walt Disney Parks and Resorts World Wide**
   under the following Code of Civil Procedure section:

|  |  |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
|  | ☐ other: |

7. **Person who served papers**

a. Name: **Mark Feldman**

b. Address: **1545 Wilshire Blvd., Suite 715 Los Angeles, CA 90017**

c. Telephone number: **(213) 202-3990**

d. The fee for service was: **$ 49.50**

e. I am:

  (1) ☐ not a registered California process server.

  (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

  (3) ☒ registered California process server:
     (i) ☐ owner          ☐ employee     ☒ independent contractor.
     (ii) Registration No.: **5996**
     (iii) County: **Los Angeles**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.


Date: **06/17/2010**


**All-N-One Legal Support, Inc.**
**1545 Wilshire Blvd., Suite 715**
**Los Angeles, CA 90017**
**(213) 202-3990**

► _____ (SIGNATURE)

_____**Mark Feldman**_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)



# SUPERIOR COURT OF CALIFORNIA

### COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana, CA 92702

## PAYMENT RECEIPT

**Receipt #:** 10503202

| | | | | | |
|---|---|---|---|---|---|
| **Clerk ID:** lfuentes | **Transaction No:** 10679330 | **Transaction Date:** 07/09/2010 | | **Transaction Time:** 02:50:04 PM | |

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2010-00376825-CU-WT-CJC | 37 - Stipulation and order | 1 | $20.00 | $20.00 | $20.00 | $0.00 |
| 30-2010-00376825-CU-WT-CJC | 134- Answer or other 1st paper | 1 | $355.00 | $355.00 | $355.00 | $0.00 |
| 30-2010-00376825-CU-WT-CJC | 134- Answer or other 1st paper | 1 | $355.00 | $355.00 | $355.00 | $0.00 |

| | | |
|---|---|---|
| Sales Tax: | $0.00 | |
| Total: | $730.00 | Total Rem. Bal: $0.00 |

Check Number(s): 48441

| | |
|---|---|
| Check: | $730.00 |

| | |
|---|---|
| Total Amount Tendered: | $730.00 |
| Change Due: | $0.00 |
| Balance: | $0.00 |

$25 will be charged for each returned check. www.occourts.org

## ORIGINAL

66   Page: 1

# SUPERIOR COURT OF CALIFORNIA
## ORANGE
700  W. Civic Center Drive
Santa Ana, CA  92702
(657)  622-6878
www.occourts.org

## NOTICE TO FILING PARTY
Towns vs. The Walt Disney Company
Case Number:  30-2010-00376825-CU-WT-CJC

**We are unable to process the attached papers for the reasons indicated below:**
Names of parties on summons must match complaint exactly.


**Please return this form if papers are resubmitted.**
Please enclose a self-addressed stamped envelope to expedite receipt of returned papers.

Papers returned to:  Don Towns


Clerk of the Court,

Date: 07/23/2010                    By: _____
                                                                          Deputy

Returned via:

_____

---

**NOTICE TO FILING PARTY**                                                    **Page: 1**

67

RECEIVED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 09 2010

ALAN CARLSON, Clerk of the Court

BY:_____ _____ DEPUTY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 15 2010

ALAN CARLSON, Clerk of the Court

BY  C FARIAS

MICHAEL D. YOUNG (State Bar No. 120787)
NICOLE C. RIVAS (State Bar No. 179337)
**ALSTON & BIRD, LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

Attorneys for Defendants **THE WALT DISNEY COMPANY**
**& WALT DISNEY PARKS AND RESORTS WORLD WIDE**

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

## CENTRAL JUSTICE CENTER

| | |
|---|---|
| DON TOWNS, an individual<br><br>Plaintiff<br><br>v.<br><br>THE WALT DISNEY COMPANY, a California Corporation; WALT DISNEY PARKS AND RESORTS WORLD WIDE; RUSSEL DOLANTE, an individual; and DOES 1-10.<br><br>Defendants. | Case No.: 30-2010 00376825<br><br>STIPULATION AND [PROPOSED] ORDER: RE DISMISSAL OF NAMED DEFENDANTS<br><br>C8.<br><br>Honorable Kirk H. Nakamura<br><br>Filing Date:    May 28, 2010<br>Trial Date:     None<br>Discovery Cut-off:  None<br>Motion Cut-off:   None |

BY FAX

1221803.1

68

IT IS HEREBY STIPULATED by and between Plaintiff, Don Towns, and Defendants, the Walt Disney Company and Walt Disney Parks and Resorts World Wide ("the Disney Defendants"), by and through their respective attorneys of record, as follows:

1.    Counsel for the Disney Defendants have represented to counsel for the Plaintiff that neither the Walt Disney Company nor Walt Disney Parks and Resorts World Wide was at any time plaintiff's employer, and that instead plaintiff was formerly employed by Walt Disney Parks and Resorts U.S., Inc.;

2.    Based upon this representation, Plaintiff has agreed to dismiss both Walt Disney Company and Walt Disney Parks and Resorts World Wide from the instant action *without prejudice*;

3.    Should discovery later reveal that Plaintiff was in fact employed by either or both of the previously dismissed Disney Defendants, Plaintiff will seek to re-name such entities as defendants in this action;

4.    These Disney Defendants agree not to oppose any effort to re-name Walt Disney Company and/or Walt Disney Parks and Resorts World Wide as defendants in this action on the specific basis that discovery has revealed that such entities were in fact Plaintiff's true employer;

5.    Nothing in this stipulation shall be construed as waiving any objections the Disney Defendants or Walt Disney Parks and Resorts U.S., Inc. may have to the timeliness of the current Complaint or any future pleading, and these Disney Defendants hereby specifically and expressly reserve any and all objections they may have to the Complaint and/or the DFEH and/or EEOC claim(s) previously filed by Plaintiff; and

1
STIPULATION AND [PROPOSED] ORDER:<br/>RE DISMISSAL OF NAMED DEFENDANTS

1221863.1

69

6.    In light of Plaintiff's agreement to dismiss the Complaint as to the Disney Defendants, the Disney Defendants shall have no obligation to respond to the Complaint at this time;

IT IS SO STIPULATED.

DATED: July 9, 2010

LOUIS A. KARASIK
NICOLE C. RIVAS
ALSTON & BIRD, LLP

_____
                        Nicole C. Rivas
Attorneys for Defendants
THE WALT DISNEY COMPANY AND WALT
DISNEY PARKS AND RESORTS WORLD WIDE

DATED: July 9, 2010

JOSEPH M. LOVRETOVICH
ELLEN COHEN
LAW OFFICES OF JOSEPH M. LOVRETOVICH

_____
                        Ellen Cohen
Attorneys for Plaintiff
DON TOWNS

IT IS SO ORDERED.

DATED: July 15, 2010

_____
Honorable Kirk H. Nakamura
Judge of the Superior Court

2
STIPULATION AND [PROPOSED] ORDER:
RE DISMISSAL OF NAMED DEFENDANTS

1221843.1

70

**PROOF OF SERVICE**

I, Claudette Bowie, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston + Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, California, 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On July 9, 2010, I served the document described as **STIPULATION AND [PROPOSED] ORDER: RE DISMISSAL OF NAMED DEFENDANTS** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows:

> Joseph M. Lovretovich
> Ellen Cohen
> Law Offices of Joseph M. Lovretovich
> 5941 Variel Avenue
> Woodland Hills, CA  91367-5111
> (818) 456-0759

☒ **BY MAIL:** I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at 333 South Hope Street, Los Angeles, California, 90071.

☐ **BY FEDERAL EXPRESS  ☐ UPS NEXT DAY AIR  ☐ OVERNIGHT DELIVERY:** I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS  ☐ UPS  ☐ Overnight Delivery [specify name of service:  ] with delivery fees fully provided for or delivered the envelope to a courier or driver of  ☐ FEDERAL EXPRESS  ☐ UPS  ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at 333 South Hope Street, Los Angeles, California, 90071 with delivery fees fully provided for.

☐ **BY FACSIMILE:** I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☐ **BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT:** On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

☒ [State]        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 9, 2010, at Los Angeles, California.

_Claudette Bowie_
Claudette Bowie

1221863.1

71

**RECEIVED**
SUPERIOR COURT OF CALIFORNIA
CENTRAL JUSTICE CENTER

AUG 02 2010

BY: J. HERRERA-WILSON

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):*
Christopher W. Taylor SBN 236245 ; Joseph M. Lovretovich SBN 73403
LAW OFFICES OF JOSEPH M. LOVRETOVICH
5941 Variel Avenue, Woodland Hills, CA 91367
Telephone No.: 818-610-8800          Fax No. (Optional): 818-610-8801
E-Mail Address (Optional): jml@jmllaw.com
ATTORNEY FOR *(Name):* Don Towns          Bar No: 236245; 73403

**FOR COURT USE ONLY**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG 1 0 2010

ALAN CARLSON, Clerk of the Court

K. Beltran
BY: K. BELTRAN

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☒ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701
☐ Harbor-Laguna Hills Facility - 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor-Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500
☐ West - 8141 13th Street, Westminster, CA 92683-4593

PLAINTIFF: DON TOWNS

DEFENDANT: WALT DISNEY PARKS AND RESORTS US, et al.

CASE NUMBER:
30-2010-00376825

**AMENDMENT TO ☒ COMPLAINT ☐ CROSS-COMPLAINT**

Case assigned to:
Judge: Hon. Kirk Nakamura
Department: C8
Date complaint filed: 05/28/2010
Hearing/trial date:

**FICTITIOUS NAME UNDER SECTION 474, CODE OF CIVIL PROCEDURE (NO ORDER REQUIRED)**

I have discovered the true name of ☐ Doe _____ ☐ Roe _____ to be _____

_____

The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: _____

_____          _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

**INCORRECT NAME UNDER SECTION 473, CODE OF CIVIL PROCEDURE (ORDER REQUIRED)**

The complaint/cross-complaint incorrectly named the defendant/cross-defendant as <u>WALT DISNEY PARKS AND RESORTS WORLD WIDE</u>.
I have discovered the true name of the party to be <u>WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida Corporation doing business in the State of California</u>
I request the complaint/cross-complaint be amended to reflect the true name wherever it appears in the pleading.

Date: <u>July 16, 2010</u>

<u>Christopher W. Taylor</u>
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

**ORDER**
The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: <u>8/10/10</u>

KIRK H. NAKAMURA          JUDICIAL OFFICER

Approved for Optional Use
L-0132 (Rev. July 1, 2008)          **AMENDMENT TO COMPLAINT/CROSS-COMPLAINT**          Code of Civil Procedure,
§§ 473, 474

72

# SUPERIOR COURT OF CALIFORNIA

## ORANGE
### 700  W. Civic Center Drive
### Santa Ana, CA  92702
### (657)  622-6878
### www.occourts.org

## NOTICE TO FILING PARTY
Towns vs. The Walt Disney Company
Case Number:  30-2010-00376825-CU-WT-CJC

**We are unable to process the attached papers for the reasons indicated below:**
The defendants named in the Request for Dismissal already dismissed without prejudice.  Please review the July 15, 2010 Stipulation and order re Dismissal of Named Defendants.
Thank you.

**Please return this form if papers are resubmitted.**
Please enclose a self-addressed stamped envelope to expedite receipt of returned papers.

Papers returned to:  Don Towns

Clerk of the Court,

Date: 08/12/2010

By: _Patricia C. Ivanile_ _____

Deputy

Returned via:

_____

---

**NOTICE TO FILING PARTY**                                            Page: 1

73

## SUPERIOR COURT OF CALIFORNIA
### ORANGE
700  W. Civic Center Drive
Santa Ana, CA  92702
(657)  622-6878
www.occourts.org

## NOTICE TO FILING PARTY
Towns vs. The Walt Disney Company
Case Number:  **30-2010-00376825-CU-WT-CJC**

**We are unable to process the attached papers for the reasons indicated below:**
 Names of parties on summons must match complaint exactly. If trying to serve a party that their name
was amended, then the summons needs to be issued with the parties on the original caption and then
attach the amendment to that summons.

**Please return this form if papers are resubmitted.**
Please enclose a self-addressed stamped envelope to expedite receipt of returned papers.

Papers returned to:  Don Towns

Clerk of the Court,

By: _Fidel cllama_ _____

Date: 08/18/2010                                                               Deputy

Returned via:

_____

---

**NOTICE TO FILING PARTY**                                         **Page: 1**

74

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: P.O. Box 22014<br>CITY AND ZIP CODE: Santa Ana 92702<br>BRANCH NAME: Central Justice Center | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
| PLANTIFF: Don Towns | |
| DEFENDANT: The Walt Disney Company et.al. | **Sep 03, 2010** |
| SHORT TITLE: Towns vs. The Walt Disney Company | ALAN CARLSON, Clerk of the Court<br>By: Karen Nordin, Deputy |
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2010-00376825-CU-WT-CJC |

Please take notice that a(n)  Case Management Conference  has been scheduled for hearing on 10/29/2010  at  09:00:00 AM  in Department C08 of this court, located at  Central Justice Center  .

Clerk of the Court,  By: _Karen Nordin_  , Deputy

**NOTICE OF HEARING**                                                                  Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92702

| | |
|---|---|
| **SHORT TITLE:** Towns vs. The Walt Disney Company | |

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>30-2010-00376825-CU-WT-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above <u>NOTICE OF HEARING</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Santa Ana</u>, <u>California</u> on <u>09/03/2010</u>. The mailing occurred at <u>Sacramento</u>, <u>California</u> on <u>09/07/2010</u>.

Clerk of the Court, by: _____ , Deputy

ALSTON & BIRD LLP
333  SOUTH HOPE STREET - 16TH FLOOR
LOS ANGELES, CA 90071-2901

LAW OFFICE OF JOSEPH M. LOVRETOVICH
5941  VARIEL AVENUE
WOODLAND HILLS, CA 91367

---

76

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Joseph M. Lovretovich  73403 Law Offices of Joseph M. Lovretovich 5941 Variel Ave Woodland Hills, CA 91367 TELEPHONE NO.: 818 610 8800    FAX NO. *(Optional)*: 818 610 3030 E-MAIL ADDRESS *(Optional)*: ATTORNEY FOR *(Name)*: Plaintiff, Don Towns | FILED SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE CENTRAL JUSTICE CENTER SEP 16 2010 ALAN CARLSON, Clerk of the Court BY  B RYAN |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: DON TOWNS

DEFENDANT/RESPONDENT: THE WALT DISNEY COMPANY

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 30-2010-00376825 |
|---|---|

TO *(insert name of party being served)*: WALT DISNEY PARKS AND RESORTS U.S., INC.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 08/31/2010

Tad A. Kuchar
(TYPE OR PRINT NAME)                            ▶                 (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☑  A copy of the summons and of the complaint.
2. ☑  Other *(specify)*:

    ADR Information Package; Civil Department Calendar Scheduling Chart; and Civil Case Cover Sheet

*(To be completed by recipient)*:

Date this form is signed:

Sept 8 2010
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)          ▶    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | Page 1 of 1 |
|---|---|
| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** |

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

77

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Joseph M. Lovretovich, State Bar No. 73403<br>Law Offices of Joseph M. Lovretovich<br>5941 Variel Ave.<br>Woodland Hills, CA 91367<br>    TELEPHONE NO.: 818 610 8800    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, Don TOwns | *FOR COURT USE ONLY*<br><br>FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>SEP 16 2010<br><br>ALAN CARLSON, Clerk of the Court<br>B. Ryan<br>BY  R RYAN |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange<br>  STREET ADDRESS: 700 Civic Center Drive West<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE: Santa Ana, 92701<br>  BRANCH NAME: Central Justice Center | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: DON TOWNS<br><br>DEFENDANT/RESPONDENT: THE WALT DISNEY COMPANY, et al. | CASE NUMBER:<br><br>~~BC440177~~<br>10·376875 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    a. ☑ summons
    b. ☑ complaint
    c. ☑ Alternative Dispute Resolution (ADR) package
    d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
    e. ☐ cross-complaint
    f. ☑ other *(specify documents):* Civil Department Scheduling Chart

3.  a. Party served *(specify name of party as shown on documents served):*
    Walt Disney Parks and Resorts U.S., Inc.

    b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    Nicole Rivas, attorney for Walt Disney Parks and Resorts U.S., Inc.

4.  Address where the party was served:
    333 South Hope Street, 16th Floor, Los Angeles, CA 90071

5.  I served the party *(check proper box)*
    a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*    (2) at *(time):*

    b. ☐ **by substituted service.** On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*  from *(city):*  or ☐ a declaration of mailing is attached.

        (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

78

| PLAINTIFF/PETITIONER: DON TOWNS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: THE WALT DISNEY COMPANY, et al. | BC440173 |

5.  c.  ☑  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* 08/31/2010           (2) from *(city):* Woodland Hills, CA

    (3) ☑ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☐  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☑  On behalf of *(specify):* Walt Disney Parks and Resorts U.S., Inc.
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                               ☐ other:

7.  **Person who served papers**
  a.  Name: Tad A. Kuchar
  b.  Address: 5941 Variel Ave, Woodland Hills, CA 91367
  c.  Telephone number: 818 610 8800
  d.  **The fee for service was:** $
  e.  I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8.  ☑  **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 09/14/2010

Tad A. Kuchar                            ▶
_____       _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           (SIGNATURE )

79

MICHAEL D. YOUNG (State Bar No. 120787)
NICOLE C. RIVAS (State Bar No. 179337)
**ALSTON & BIRD, LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

Attorneys for Defendant
WALT DISNEY PARKS AND RESORTS U.S., INC.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

OCT 08 2010

ALAN CARLSON, Clerk of the Court
ℬ. Fuentes
BY L. FUENTES

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

| | |
|---|---|
| DON TOWNS, an individual<br><br>Plaintiff<br><br>v.<br><br>THE WALT DISNEY COMPANY, a California Corporation; WALT DISNEY PARKS AND RESORTS WORLD WIDE; RUSSEL DOLANTE, an individual; and DOES 1-10.<br><br>Defendants. | Case No.: 30-2010 00376825<br><br>**DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S NOTICE OF DEMURRER AND DEMURRER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Honorable Kirk H. Nakamura<br><br>DATE: November 4, 2010<br>TIME: 2:00 P.M.<br>DEPT.: C8<br><br>Filing Date: May 28, 2010<br>Trial Date: None<br>Discovery Cut-off: None<br>Motion Cut-off: None |

1

80

## NOTICE OF DEMURRER AND DEMURRER

TO PLAINTIFF DON TOWNS AND TO HIS ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on November 4, 2010 at 2:00 p.m., in Department C08, of the above-entitled court located at 700 Civic Center Drive West, Santa Ana, California, Defendant Walt Disney Parks and Resorts U.S., Inc. will and hereby does demur to the complaint filed by Plaintiff Don Towns as set forth below.

### DEMURRER TO THE FIRST CAUSE OF ACTION

Defendant demurs to Plaintiff's First Cause of Action for breach of contract on the ground that it fails to state facts sufficient to constitute a cause of action pursuant to California Code of Civil Procedure § 430.10(e). Plaintiff has failed to allege both the existence of a valid contract and defendant's purported breach thereof, both of which are essential elements of his claim for breach of contract. Plaintiff's First Cause of Action is, therefore, defective as a matter of law and should be dismissed.

### DEMURRER TO THE SECOND CAUSE OF ACTION

Defendant demurs to Plaintiff's Second Cause of Action for "fraud in the inducement" on the ground that it fails to state facts sufficient to constitute a cause of action pursuant to California Code of Civil Procedure § 430.10(e). Courts have long recognized that fraud must be alleged with particularity, including "the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mutual Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 157. The complaint in this action includes no such allegations, and is, therefore, defective as a matter of law and should be dismissed.

### DEMURRER TO THE THIRD THROUGH SEVENTH CAUSES OF ACTION

Defendant demurs to Plaintiff's Third through Seventh Causes of Action for various alleged violations of the Fair Employment and Housing Act (FEHA) – Govt. Code § 12940 *et seq.* – on the ground that each and every claim fails to state facts sufficient to constitute a cause of action pursuant to California Code of Civil Procedure § 430.10(e).

2

81

More specifically, Plaintiff has failed to allege proper exhaustion of his administrative remedies under Govt. Code § 12960, which is a jurisdictional prerequisite to initiating a FEHA action in this Court. *Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal.App.4th 1718, 1724; Gov. Code § 12960. Moreover, even if Plaintiff had properly alleged exhaustion of his administrative remedies, such claims would nevertheless be barred by the applicable statute of limitations found in Govt. Code § 12965(b), which required Plaintiff to file his complaint within one year from the date of the Notice of Case Closure. The Notice of Case Closure at issue in this case is dated *May 14, 2009.* Yet Plaintiff delayed filing the instant action until *May 28, 2010,* more than a year later. As a result, each and every one of Plaintiff's purported FEHA claims are barred, and should be dismissed *with prejudice.*

This Demurrer is made pursuant to Code of Civil Procedure § 430.90 and is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Nicole C. Rivas and the exhibits thereto, Defendant's Request for Judicial Notice, filed concurrently herewith, the complete records on file herein, and such further matters as may be presented to the Court at or before the time of the hearing on this matter.

DATED: October 8, 2010

MICHAEL D. YOUNG
NICOLE C. RIVAS
ALSTON & BIRD LLP

_____
Nicole C. Rivas
Attorneys for Defendant WALT DISNEY PARKS AND RESORTS U.S., INC.

3

82

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Walt Disney Parks and Resorts U.S., Inc. ("Defendant") brings the instant demurrer against Plaintiff Don Towns' ("Plaintiff's") complaint, which purports to state eight causes of action for breach of contract, fraud and various purported violations of the Fair Employment and Housing Act (FEHA). Plaintiff's First Cause of Action for Breach of Contract is nonsensical. While he alleges the existence of a contract to terminate only for cause, he then claims that Defendant breached the contract when it failed to pay him wages during his employment with Defendant, something that has nothing to do with an alleged implied contract to terminate only for cause. Plaintiff has either failed to properly allege a breach of the contract to terminate only for cause, or has failed to allege the existence of a different contract to pay wages at a specified time. In either case, the First Cause of Action as currently drafted is incoherent, and should be dismissed.

Plaintiff's Second Cause of Action for Fraud similarly fails to allege facts with the requisite specificity. *Comm. on Children's Television, Inc. v. Gen. Foods Corp.* (1983) 35 Cal.3d 197, 216. At a minimum, a fraud cause of action must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mutual Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 157. Plaintiff's complaint doesn't come close to satisfying this heightened pleading standard.

Finally, Plaintiff's Third through Seventh Causes of Action, all of which are premised on a violation of the Fair Employment and Housing Act (FEHA), are likewise defective as a matter of law. Plaintiff has not only failed, as is jurisdictionally required, to allege exhaustion of his administrative remedies (*Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal.App.4th 1718, 1724; Gov. Code § 12960), he has failed to timely bring an action to prosecute those claims. Accordingly, not only must these claims be dismissed as a result of Plaintiff's failure to plead exhaustion, they should be dismissed with prejudice

DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S NTC. OF DEMURRER & DEMURRER
LEGAL02/32198452v4

83

because they are barred by the applicable statute of limitations.

Defendant respectfully requests that the court sustain its demurrer as to the First through Seventh Causes of Action. Moreover, the Third through Seventh Causes of Action should be sustained without leave to amend.

## II.    RELEVANT ALLEGATIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff alleges that he was employed by Defendant as a "busser" and a "host" in one of the Disneyland Resort restaurants from 2007 through mid-2008 when his employment was involuntarily terminated. (Complaint, ¶ 8.) During his employment, Plaintiff alleges that he was harassed and discriminated against by his supervisor. (Complaint, ¶¶ 8-19.)

While not pled in the Complaint, a review of the DFEH's public records reveals that after his termination, Plaintiff filed a DFEH charge alleging that he had been subject to racial discrimination and retaliation while employed by Defendant. (Declaration of Nicole C. Rivas, Exh. C.)[1] In response to Plaintiff's charge, the DFEH issued a Notice of Case Closure on May 14, 2009. (*Id.*, Exh. D.) The Notice clearly states that Plaintiff must file any civil FEHA claims within one year of that case closure date. (*Id.*) Plaintiff failed to do so. Instead, he filed the instant action on May 28, 2010, some two weeks after the expiration of the statute of limitations. (*See* Complaint, on file herein, a courtesy copy of which is attached as Exhibit E to the Rivas Declaration.)

## III.    THE FIRST CAUSE OF ACTION FOR PURPORTED BREACH OF CONTRACT IS FATALLY FLAWED

California law is clear that in order to state a breach of contract claim Plaintiff must, at minimum, allege the existence of a contract and a breach of that same contract. *See* 4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 515, p. 648. Here, Plaintiff alleges there was a contract between himself and Defendant to terminate his employment only for good

---

[1] Defendant has filed concurrently herewith a Request for Judicial Notice of the DFEH Charge and Notice of Case Closure.

5

cause. (Complaint, ¶ 21.) Plaintiff does *not*, however, allege that Defendant breached that particular contract. There is no allegation that Defendant terminated his employment without good cause. Rather, Plaintiff alleges that Defendant's breach consisted of its "failing to pay Plaintiff his wages when those monies were due, *during Plaintiff's employment with Defendants.*" (Complaint, ¶ 24, emphasis added.)

This is a classic *non sequitur* – obviously an agreement to terminate only for cause cannot be breached by failing to pay wages during the term of employment. Either Plaintiff has not properly alleged a *breach* by Defendant of the purported agreement to terminate only for cause, or he has failed to properly allege *a contract* to pay wages when due. In any event, Plaintiff's First Cause of Action fails to state a claim for breach of contract, and should be dismissed.[2]

In addition, Plaintiff seeks general damages (emotional distress) for a breach of contract. It is blackletter law that emotional distress or other general tort type damages are unavailable in a contract claim. *See, e.g., Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal. 4th 503, 516 (damages for mental suffering and emotional distress not compensable in contract actions). Should Plaintiff be given leave to amend non-contract damage allegations should be omitted from any contract claims.

## IV. THE SECOND CAUSE OF ACTION FOR FRAUD CONSISTS OF VAGUE AND CONCLUSORY ALLEGATIONS WHICH ARE INSUFFICIENT TO STATE A VALID CLAIM

Plaintiff's Second Cause of Action attempts to state a fraud claim based upon unspecified misrepresentations that were allegedly made by unidentified employees of Defendant at some point during Plaintiff's employment. Such vague allegations of purported

---

[2]      The complaint is replete with boilerplate allegations, many of which appear to have been haphazardly cut and pasted from complaints in other unrelated cases. This perhaps explains Plaintiff's nonsensical breach of contract claim. Indeed, the first cause of action includes a mysterious allegation about a promise to pay Plaintiff, a restaurant busser and host, "substantial bonuses when cases he was assigned to work on settled or brought to the firm were resolved and the firm received money from settlements, verdicts, and common benefit fund payouts." Complaint, ¶ 21.

6

85

wrongdoing simply cannot support a claim for fraud.

It is well settled that fraud actions "are subject to strict requirements of particularity in pleading." *Comm. on Children's Television, Inc. v. Gen. Foods Corp.* (1983) 35 Cal.3d 197, 216. For this reason, "the policy of liberal construction of pleadings will not ordinarily be invoked to sustain a [fraud] pleading defective in any material respect." *Stansfield v. Starkey* (1990) 220 Cal.App.3d 59, 73. Rather, the facts underlying every element of Plaintiff's fraud claim must be alleged *with particularity. Id.* This requirement "necessitates pleading facts which 'show how, when, where, to whom, and by what means the representations were tendered'." *Id.* Moreover, where as here a corporate defendant is involved this requirement is even more stringent, requiring the complaint to "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mutual Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 157.

Plaintiff's complaint does not even come close to satisfying these heightened pleading requirements. Indeed, the complaint fails to identify *when* the representations were made,[3] *by whom* they were made, or even *what was allegedly said* to Plaintiff. (Complaint, ¶¶ 24, 28.) Instead, the complaint simply states in the broadest possible terms that "Defendants misrepresented the kind, character, and nature of the work Plaintiff would perform for Defendants, as well as the work schedule . . . ." (Complaint, ¶ 28.) Such meager allegations fall woefully short of satisfying the heightened pleading requirements for fraud in that they fail to identify even the most basic who, what, when and how, let alone the additional requirements for claims against corporate defendants. Accordingly, Plaintiff's Second Cause of Action for fraud is defective as a matter of law.

---

[3]    Plaintiff states that based upon some alleged representations he returned to work on January 27, 2008 (Complaint, ¶ 24), but he does not specify when the representations themselves were purportedly made.

7

86

## V. PLAINTIFF'S THIRD THROUGH SEVENTH CAUSES OF ACTION BASED UPON THE FEHA STATUTE ARE BARRED AS A MATTER OF LAW

### A. Plaintiff Has Failed To Properly Allege Exhaustion Of His Administrative Remedies

Plaintiff's Third through Seventh Causes of Action are based upon the FEHA statute wherein Plaintiff alleges race discrimination, harassment based upon race, failure to accommodate a disability, failure to prevent discrimination, and wrongful termination. It is axiomatic that before initiating an action in court under FEHA Plaintiff must first exhaust his administrative remedies by filing the appropriate DFEH charge and procuring a right-to-sue letter. *Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1612-13; *Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal.App.4th 1718, 1724; Govt. Code § 12960. This requirement is jurisdictional in nature. *Martin*, 29 Cal.App.4th 1724. As explained by the Court in *Williams v. Pacific Mutual Life Ins. Co.* (1986) 186 Cal.App.3d 941, 949-950, a private right of action under FEHA is a substantive right, and the one-year limitations period is a condition on that substantive right, not a procedural statute of limitation: "Among the significant distinctions between a condition on a substantive right and a statute of limitation is that '[t]he defense of the statute of limitations must be specially pleaded or otherwise appropriately raised by the defendant; but *where a substantive time limit is involved the plaintiff must allege facts which show that the right has not expired.*' (Citation omitted, emphasis added.)" In other words, Plaintiff alone bears the burden of pleading and proving that he has satisfied this requirement. Where as here a plaintiff fails to so plead, the complaint is defective as a matter of law and should be dismissed. *Williams, supra,* 186 Cal.App.3d at 949-950.

Plaintiff has not even tried to allege proper exhaustion of his administrative remedies and that renders the causes of action based upon FEHA susceptible to the instant demurrer. Indeed, the complaint is completely silent as to this fundamental requirement for

8

87

prosecuting a FEHA lawsuit. For this reason alone Plaintiff's Third through Seventh Causes of Action, all of which purport to state claims under FEHA, should be dismissed.

**B.      Plaintiff's FEHA Claims Are Further Barred By The Applicable Statute Of Limitations**

Moreover, the dismissal of the Third through Seventh causes of action should be *with prejudice.* This is because even if Plaintiff had properly alleged exhaustion of his administrative remedies, his FEHA claims would nevertheless be barred as a matter of law by the applicable statute of limitation. Pursuant to Government Code section 12965(b), a plaintiff must commence any civil action within 1 year from the issuance of a right-to-sue letter by the DFEH. Plaintiff's failure to do so bars any subsequent civil action arising under FEHA. Govt. Code § 12965(b).

Here, as noted, Plaintiff failed to allege that he filed an administrative charge with the DFEH at all. However, as the DFEH public records verify, Plaintiff in fact filed a claim with that agency. In addition, according to the same public records, Plaintiff received a right-to-sue letter on May 14, 2009. (These records are attached to the accompanying Declaration of Nicole C. Rivas, filed in support of Defendant's Request for Judicial Notice, filed concurrently herewith.) This right-to-sue letter stated on its face that any "civil action must be filed within one year from the date of this letter." (Exh. D to Rivas Decl.)

The instant action was not filed until May 28, 2010, more than one year from the issuance of the right to sue letter which bars all of Plaintiff's FEHA claims as a matter of law. Because it is impossible for Plaintiff to now assert a FEHA claim in this lawsuit, the instant demurrer as to the Third through Seventh causes of action should be sustained *without leave to amend.*

DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S NTC. OF DEMURRER & DEMURRER
LEGAL02/32198452v4

## VI.    CONCLUSION

For the forgoing reasons, Defendant respectfully requests that this demurrer to Plaintiff's complaint be sustained.  With respect to the Third through Seventh causes of action, it should be sustained without leave to amend.

Respectfully submitted,

DATED:  October 8, 2010          MICHAEL D. YOUNG
                                 NICOLE C. RIVAS
                                 ALSTON & BIRD LLP

                                 _____
                                               Nicole C. Rivas
                                 Attorneys for Defendant WALT DISNEY PARKS AND
                                 RESORTS U.S., INC.

DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S NTC. OF DEMURRER & DEMURRER
LEGAL02/32198452v4

89

## PROOF OF SERVICE

I, Laura Olagues, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is c/o Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, California 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On October 8, 2010, I served the document(s) described as **DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S NOTICE OF DEMURRER AND DEMURRER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows:

> Ellen E. Cohen, Esq.
> Law Offices of Joseph M. Lovretovich
> 5941 Variel Avenue
> Woodland Hills, California 91367

☒ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

☐ BY FEDERAL EXPRESS     ☐ UPS NEXT DAY AIR     ☐ OVERNIGHT DELIVERY:   I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS   ☐ UPS   ☐ Overnight Delivery [specify name of service:  ] with delivery fees fully provided for or delivered the envelope to a courier or driver of ☐ FEDERAL EXPRESS   ☐ UPS   ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐ BY FACSIMILE:   I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☒ [State]     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 8, 2010, at Los Angeles, California.

_Laura Olagues_
Laura Olagues

11

DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S NTC. OF DEMURRER & DEMURRER

LEGAL02/32198452v4

90



# ·SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana, CA 92702

## PAYMENT RECEIPT

**Receipt #:** 10570715

| Clerk ID: Ifuentes | Transaction No: 10746823 | Transaction Date: 10/08/2010 | Transaction Time: 02:52:18 PM |
| --- | --- | --- | --- |

| Case Number | Fee Type | Qty | Fee Amounts | Balance Due | Amount Paid | Remaining Balance |
| --- | --- | --- | --- | --- | --- | --- |
| 30-2010-00376825-CU-WT-CJC | 36 - Motion or other (not 1st) paper requiring a hearing | 1 | $40.00 | $40.00 | $40.00 | $0.00 |

| | | |
| --- | --- | --- |
| | Sales Tax: | $0.00 |
| | Total: | $40.00 |

Total Rem. Bal: $0.00

Check Number(s): 50675

| | |
| --- | --- |
| Check: | $40.00 |
| Total Amount Tendered: | $40.00 |
| Change Due: | $0.00 |
| Balance: | $0.00 |

$25 will be charged for each returned check. www.occourts.org

## ORIGINAL

91

MICHAEL D. YOUNG (State Bar No. 120787)
NICOLE C. RIVAS (State Bar No. 179337)
**ALSTON & BIRD, LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

Attorneys for Defendant
WALT DISNEY PARKS AND RESORTS U.S., INC.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

OCT 08 2010

ALAN CARLSON, Clerk of the Court
By L. FUENTES
BY L. FUENTES

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

| | |
|---|---|
| DON TOWNS, an individual<br><br>Plaintiff<br><br>v.<br><br>THE WALT DISNEY COMPANY, a California Corporation; WALT DISNEY PARKS AND RESORTS WORLD WIDE; RUSSEL DOLANTE, an individual; and DOES 1-10.<br><br>Defendants. | Case No.: 30-2010 00376825<br><br>Assigned for all purposes to Honorable Kirk H. Nakamura Department C8<br><br>**DECLARATION OF NICOLE C. RIVAS IN SUPPORT OF DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S REQUEST FOR JUDICIAL NOTICE AND DEMURRER TO PLAINTIFF'S COMPLAINT**<br><br>Date:        November 4, 2010<br>Time:       2:00 P.M.<br>Dept.:      C8<br><br>Filing Date:         May 28, 2010<br>Trial Date:          None<br>Discovery Cut-off:   None<br>Motion Cut-off:      None |

BY FAX

1

DECLARATION OF NICOLE C. RIVAS IN SUPPORT OF DEFENDANT WALT DISNEY PARKS
AND RESORTS U.S., INC.'S DEMURRER TO PLAINTIFF'S COMPLAINT

LEGAL02/32202342v1

92

## DECLARATION OF NICOLE C. RIVAS

I, Nicole C. Rivas, declare and state as follows:

1.    I am an attorney with the law firm of Alston & Bird LLP ("Alston"), counsel of record for defendant Walt Disney Parks and Resorts U.S., Inc. (WDPR) in the captioned matter. I have personal knowledge of the files and records regarding this matter, and of the facts set forth in this declaration. If called as a witness, I could and would testify competently to these facts.

2.    On our about July 9, 2010, our office sent a Freedom of Information Act request to the Records Coordinator of the Department of Fair Employment and Housing (DFEH), Santa Ana District Office, and the Records Disclosure Coordinator of the Equal Employment Opportunity Commission (EEOC), Los Angeles District Office, seeking production of all documents in the DFEH's and EEOC's possession relating to any claims or charges filed by Don A. Towns, Jr. True and correct copies of these Requests are attached hereto as **Exhibit A**.

3.    In response to this Request, we received from the EEOC, among other things, a copy of an employment discrimination complaint filed by plaintiff Don Towns with the DFEH regarding his employment with WDPR at Disney's PCH Grill. The DFEH complaint was dated June 5, 2008. A true and correct copy of the cover letter received from the EEOC transmitting its documents is attached hereto as **Exhibit B**. A true and correct copy of Plaintiff's DFEH Complaint that we received in response to our Freedom of Information Act Request is attached hereto as **Exhibit C**.

4.    We also received a copy of the DFEH's Notice of Case Closure (the "right-to-sue letter") regarding Mr. Towns' DFEH complaint against Disney. This Notice was issued by the DFEH on May 14, 2009. A true and correct copy of the DFEH's Notice of Case Closure that we received in response to our Freedom of Information Act Request is attached hereto as **Exhibit D**.

2

DECLARATION OF NICOLE C. RIVAS IN SUPPORT OF DEFENDANT WALT DISNEY PARKS
AND RESORTS U.S., INC.'S DEMURRER TO PLAINTIFF'S COMPLAINT

LEGAL02/32202342v1

93

5.      Attached hereto as **Exhibit E** for the Court's convenience is a true and correct copy of the Complaint in this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to my personal knowledge.

Executed this 8th day of October, 2010, at Los Angeles, California.

_____
Nicole C. Rivas

3

DECLARATION OF NICOLE C. RIVAS IN SUPPORT OF DEFENDANT WALT DISNEY PARKS
AND RESORTS U.S., INC.'S DEMURRER TO PLAINTIFF'S COMPLAINT

LEGAL02/32202342v1

94

# EXHIBIT
## A

# EXHIBIT A

95

# * * * EMPLOYMENT * * *

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # | E-200708-K-1913-00re |
| --- | --- | --- |
| | EEOC # | 37AA814313 |

If dual-filed with EEOC, this form may be effected by the Privacy Act of 1974.

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING and EEOC

COMPLAINANT'S NAME (indicate Mr. or Ms.)
**TOWNS JR., Don A. (Mr.)**

| ADDRESS | | | TELEPHONE NUMBER (INCLUDE AREA CODE) | | |
| --- | --- | --- | --- | --- | --- |
| 1177 Sheridan Avenue | | | (909) 623-7295 | | |
| CITY | STATE | ZIP | COUNTY | COUNTY CODE | |
| Pomona | CA | 91762 | Los Angeles | 037 | |

**NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:**

NAME
**DISNEY'S PCH GRILL**

| ADDRESS | | | TELEPHONE NUMBER (INCLUDE AREA CODE) | | |
| --- | --- | --- | --- | --- | --- |
| 1717 S. Disneyland Drive | | | (714) 999-0990 | | |
| CITY | STATE | ZIP | COUNTY | COUNTY CODE | |
| Anaheim | CA | 92802 | Orange | 059 | |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☑ RACE   ☐ SEX   ☐ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ DENIAL OF FAMILY/MEDICAL LEAVE   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ MEDICAL CONDITION (cancer or genetic characteristics)   ☑ OTHER (SPECIFY) Retaliation

| NO. OF EMPLOYEES/MEMBERS | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
| --- | --- | --- |
| 2,000 | January 26, 2008 | 79 |

THE PARTICULARS ARE:

I. On January 26, 2008, I was subjected to a derogatory racial remark while employed as a Busser, earning $8.00 an hour plus tips. On January 26, 2008, I was suspended. I was hired on June 24, 2007.

II. Russell Dolante, Manager, told me I was suspended pending a termination investigation.

III. I believe I was subjected to a derogatory racial remark based on my race (African-American) and suspended in retaliation for protesting the remark. I base my belief on the following:

A. On January 26, 2008, I was subjected to a derogatory racial remark by Mr. Dolante. The remark (on file with DFEH) created a hostile, intimidating, and offensive working environment.

B. On January 26, 2008, I was suspended for protesting the remark.

Typed and mailed for signature May 30, 2008

☑ I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated _May 31, 2008_

At _Pomona, CA_
City

COMPLAINANT'S SIGNATURE
JUN 5 2008

DFEH-300-01 (12/99)          SA:LM:ls
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: 6/5/08

STATE OF CALIFORNIA

96



# EXHIBIT B

97

STATE OF CALIFORNIA   State and Consumer Services Agency                                    ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2101 East 4th Street, Suite 255-B, Santa Ana, CA  92705-3855
(714) 558-4266 TTY (800) 700-2320  Fax (714) 558-6461
www.dfeh.ca.gov



May 14, 2009


DON A. TOWNS, JR.
1177 Sheridan Avenue
Pomona, CA  91762-

RE:   E-200708-K-1913-00-re/37A-A8-14313
      TOWNS, JR./DISNEY'S PCH GRILL

Dear Mr. TOWNS, JR.:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed effective May 14, 2009. Please be advised that this recommendation has been accepted.

Based upon its investigation, DFEH is unable to conclude that the information obtained establishes a violation of the statute. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation. If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

98

Notice of Case Closure
Page Two

This case may be referred to the U.S. Equal Employment Opportunity Commission (EEOC) for further review.  If so, pursuant to Government Code section 12965, subdivision (d)(1), your right to sue will be tolled during the pendency of EEOC's review of your complaint.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,


Steve White
District Administrator

cc:     Case File
        EEOC

DFEH-200-08aw(07/06)
KKAWASHSW

99

# EXHIBIT

## C.

# EXHIBIT C

100

# ALSTON&BIRD LLP

333 South Hope Street
Sixteenth Floor
Los Angeles, CA 90071
213-576-1000
Fax:213-576-1100
www.alston.com

Roxanne Acosta Moreno

Direct Dial: 213-576-1077
E-mail: roxanne.moreno@alston.com

July 9, 2010

Freedom of Information Act Request
Records Coordinator
Department of Fair Employment and Housing
Santa Ana District Office
2101 East 4th Street, Suite 255-B
Santa Ana, CA 92705

    Re:    E200708K 1913-00-re/37AA814313
           Don A. Towns, Jr. v. Disney's PCH Grill

    This law firm represents The Walt Disney Company and its related entities, including Disneyland International, Inc., Walt Disney Parks and Resorts Worldwide, Walt Disney Parks and Resorts U.S., and others (The Disney Entities) in connection with the above referenced lawsuit. On behalf of The Disney Entities and pursuant to the Freedom of Information Act, 5 U.S.C. § 552, we hereby request that the DFEH produce copies of all documents in its possession which relate in any way to Don A. Towns, Jr., or any claims or charges filed by Don A. Towns, Jr.. This should include claims or charges made against The Walt Disney Company or any of the Disney Entities, or against any other individual or entity.

    Please produce, without limitation, the following: all statements, memoranda, letters, notes, intake lists, summaries, conference transcripts, recommendations, identification of information regarding witnesses or informants, and any and all other written or otherwise recorded information. Please send the requested information at your earliest convenience to the undersigned at the 333 S. Hope Street, 16th floor, Los Angeles, CA 90071.

    To the extent that you believe there are any documents or portions of documents that are responsive to my request and are being withheld as exempt from disclosure, please identify the reason the material is being withheld, and the person responsible for the decision to withhold.

    We agree to pay the costs incurred in responding to this request.

    Thank you for your cooperation and assistance. If you need any additional information in order to conduct your search, please do not hesitate to call me at (213) 576-1077. I look forward to receiving the requested information.

                                Sincerely,

                                Roxanne Acosta Moreno
                                Paralegal

RAM
CC: Michael D. Young, Esq
    Nicole C. Rivas, Esq
ADMIN/20560287V1

101

# ALSTON&BIRD LLP

333 South Hope Street
Sixteenth Floor
Los Angeles, CA 90071
213-576-1000
Fax:213-576-1100
www.alston.com

Roxanne Acosta Moreno

Direct Dial: 213-576-1077
E-mail: roxanne.moreno@alston.com

July 9, 2010

Freedom of Information Act Request
Records Disclosure Coordinator
Lenee Sweeney
Equal Employment Opportunity Commission
Los Angeles District Office
255 E. Temple Street, 4th Floor
Los Angeles, CA 90012

Re:    37A-2008-14313
       Don A. Towns, Jr. v. Disney's PCH Grill

This law firm represents The Walt Disney Company and its related entities, including Disneyland International, Inc., Walt Disney Parks and Resorts Worldwide, Walt Disney Parks and Resorts U.S. and others (The Disney Entities) in connection with the above referenced lawsuit. On behalf of The Disney Entities and pursuant to the Freedom of Information Act, 5 U.S.C. § 552, we hereby request that the EEOC produce copies of all documents in its possession which relate in any way to Don A. Towns, Jr., or any claims or charges filed by Don A. Towns, Jr. This should include claims or charges made against The Walt Disney Company or any of the Disney Entities, or against any other individual or entity.

Please produce, without limitation, the following: all statements, memoranda, letters, notes, intake lists, summaries, conference transcripts, recommendations, identification of information regarding witnesses or informants, and any and all other written or otherwise recorded information. Please send the requested information at your earliest convenience to the undersigned at the 333 S. Hope Street, 16th floor, Los Angeles, CA 90071.

To the extent that you believe there are any documents or portions of documents that are responsive to my request and are being withheld as exempt from disclosure, please identify the reason the material is being withheld, and the person responsible for the decision to withhold.

We agree to pay the costs incurred in responding to this request.

Thank you for your cooperation and assistance. If you need any additional information in order to conduct your search, please do not hesitate to call me at (213) 576-1077. I look forward to receiving the requested information.

Sincerely,

Roxanne Acosta Moreno
Paralegal

RAM
CC: Michael D. Young, Esq
    Nicole C. Rivas, Esq
ADMIN/20642822v1

102

# EXHIBIT

## 2.

# EXHIBIT D

103



**U.S. Equal Employment Opportunity Commission,**
**Los Angeles District Office**          255 E. Temple St. 4th Floor
Los Angeles, CA 90012
(213) 894-1712
(213) 894-1121 TTY
(213) 894-1118 FAX

July 13, 2010

Roxanne Acosta Moreno
Alston & Bird LLP
333 South Hope Street Sixteenth Floor
Los Angeles, CA 90071

Re: FOIA No.: 4802010123132

Charge No: 37A-2008-14313

Don A. Towns, Jr. v Disney's PCH Grill

Dear Ms. Acosta Moreno:

Your Freedom of Information Act (FOIA) request, received in this office on July 12, 2010 has been processed. Our search began on July 12, 2010. All agency records in creation as of July 12, 2010 are within the scope of the EEOC's search for responsive records. The paragraph(s) checked below apply:

[ ]     A portion of your request is neither granted nor denied because: [ ] Your request does not reasonably describe the records you wish disclosed or [ ] No records fitting the description of the records you seek disclosed exist or could be located after a thorough search. The remainder of your request is:

        [ ]     Granted

        [ ]     Denied pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this letter explains the use of these exemptions in more detail.

        [ ]     Granted in part and denied in part. Portions not released are being withheld pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this letter explains the use of these exemptions in more detail.

[X]     Your request is granted.

[ ]     Your request is denied pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this letter explains the use of these exemptions in more detail.

[ ]     Your request is granted in part and denied in part. Portions not released are being withheld pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this letter explains the use of these exemptions in more detail.

[ ]     You must send a check for $[ ] made payable to the United States Treasurer by mail to the above address. Manual search and review time is billed per quarter hour based on the personnel category of the person conducting the search. Fees for search services range from $5.00 per quarter hour to $20.00 per quarter hour. Direct costs are billed for computer searches and in certain other circumstances. Photocopying is billed at $.15 per page. 29 C.F.R. §1610.15. The attached Comments page will further explain any direct costs assessed. The fee has been computed as follows:

104

[ ]     Commercial use requests: [ ] pages of photocopying; [ ] quarter hour(s) of [ ] review time; and [ ] quarter hour(s) of [ ] search time; Direct costs are billed in the amount of [ ] for [ ].

[ ]     Requests by educational or noncommercial scientific institutions or representatives of the news media: [ ] pages of photocopying. The first 100 pages are provided free of charge.

[ ]     All other requests: [ ] pages of photocopying and [ ] quarter hour(s) of [ ] search time. Direct costs are billed in the amount of [ ] for [ ]. The first 100 pages and 2 hours of search time are provided free of charge.

[ ]    The disclosed records are enclosed. No fee is charged because the cost of collecting and processing the chargeable fee equals or exceeds the amount of the fee. 29 C.F.R. § 1610.15(d).

[ ]    The disclosed records are enclosed. Photocopying and search fees have been waived pursuant to 29 C.F.R. § 1610.14.

[ ]    You may appeal this decision by writing within thirty days of receipt of this letter to the Office of Legal Counsel, FOIA Programs, Equal Employment Opportunity Commission, 131 M Street, N.E., Suite 5NW02E, Washington, D.C. 20507. Your appeal will be governed by 29 C.F.R. § 1610.11.

[ ]  See attached Comments page for further information.

If you have any questions regarding this matter, please contact Lenee Sweeney at 213-894-1712.

Sincerely,

Thomas Profit, District Resources Manager
Custodian of Records

Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

[ ] (2)
[ ] (3)  (A)(i)
       [ ] Section 706(b) of Title VII
       [ ] Section 709(e) of Title VII
       [ ] Section 107 of the ADA

[ ] (3)(A)(ii)
      [ ] 41 U.S.C. §253b(m) of the
      National Defense Authorization Act
[ ] (4)
[ ] (5)

[ ] (6)
[ ] (7)(A)
[ ] (7)(B)
[ ] (7)(C)
[ ] (7)(D)
      [ ] Other (see attached)

105

# EXHIBIT
## E.

# EXHIBIT E



LAW OFFICES OF
**JOSEPH M. LOVRETOVICH**
5941 VARIEL AVENUE
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3050
JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
CHRISTOPHER W. TAYLOR, STATE BAR NO. 236245

Attorneys for Plaintiff
**DON TOWNS**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 28 2010

ALAN CARLSON, Clerk of the Court
BY N. DORFMAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ORANGE - CENTRAL DISTRICT BY FAX

30-2010

| DON TOWNS, an individual Plaintiff | Case No.: 00376825 |
|---|---|
| vs. | COMPLAINT FOR: |
| THE WALT DISNEY COMPANY, a California Corporation; WALT DISNEY PARKS AND RESORTS WORLD WIDE; RUSSELL DOLANTE, an individual; and DOES 1-10. | 1) BREACH OF CONTRACT;<br>2) FRAUD IN THE INDUCEMENT;<br>3) DISCRIMINATION BASED ON RACE IN VIOLATION OF FEHA;<br>4) HARASSMENT BASED ON RACE IN VIOLATION OF FEHA;<br>5) FAILURE TO ACCOMMADATE IN VIOLATION OF FEHA;<br>6) FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA;<br>7) WRONGFUL TERMINATION IN VIOLATION OF FEHA;<br>8) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |
| Defendants | |

JUDGE KIRK H. NAKAMURA

Plaintiff, DON TOWNS, hereby brings her complaint against the above-named Defendants and states and alleges as follows:

COMPLAINT

107

## PRELIMINARY ALLEGATIONS

1.     At all times material herein, Plaintiff, DON TOWNS (hereinafter referred to as "Plaintiff") was and is a resident of the State of California, Los Angeles County.

2.     The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to plaintiff who therefore sues these defendants under said fictitious names. Plaintiff is informed and believes that each of the defendants named as a Doe defendant is legally responsible in some manner for the events referred to in this complaint, either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these Doe defendants when it has been ascertained.

3.     Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

4.     Plaintiff is informed and believes and thereon alleges that Defendant THE WALT DISNEY COMPANY (hereinafter referred to as "DISNEY" or "Defendant") is a business entity, form unknown, was at all times mentioned duly licensed to do business, was and is doing business, under and by virtue of the laws of the State of California, and in the county of Los Angeles.

5.     Plaintiff is informed and believes and thereon alleges that Defendant WALT DISNEY PARKS AND RESORTS WORLD WIDE (hereinafter also referred to as "DISNEY" or "Defendant") is a business entity, form unknown, was at all times mentioned duly licensed to do business, was and is doing business, under and by virtue of the laws of the State of California, and in the county of Los Angeles.

6.     Plaintiff is informed and believes and thereon alleges that defendant Russell Dolante (herein after referred to as "Defendant Dolante") is an individual residing in California, in the County of Los Angeles.

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8900

2
COMPLAINT

108

7.      Plaintiff is informed and believes, and on that basis alleges, that at all times material herein Defendant DISNEY was and continues to be a company that employs more than twenty five (25) employees at the place where Plaintiff was employed.

8.      Plaintiff commenced employment at DISNEY on or around June 24, 2007 as a busser, and became a host in or around July 2007. Plaintiff performed his job with diligence and professionalism. Plaintiff was terminated on or around May 30, 2008.

9.      From the onset of Plaintiff's employment, Defendant Dolante initiated a pattern of harassing and discriminatory conduct towards Plaintiff, wherein he consistently altered Plaintiff's time card in order to have reasons to write up Plaintiff, refused to give Plaintiff breaks, called Plaintiff racial slurs, and disciplined him for conduct that others were not similarly reprimanded for. Plaintiff was one of two African American employees at his workplace.

10.     During Plaintiff's employment, Plaintiff witnessed Defendant Dolante throwing darts at pictures of two minority coworkers. One was terminated immediately thereafter and the other quit. Plaintiff feared he would also be terminated. Plaintiff made a complaint about Defendant Dolante's behavior to upper management.

11.     Plaintiff applied for a Lead position, which he was qualified for based on his experience. Russell did not get in touch with Plaintiff regarding the position and promoted someone else who had less experience and who had been working at DISNEY for less time than Plaintiff. Plaintiff also had degrees that the person promoted did not. At the time, DISNEY had a policy whereby Defendant Dolante was required to inform Plaintiff the status of his application. Defendant Dolante violated this company policy by failing to inform Plaintiff the status of his application. Defendant Dolante also violated DISNEY policy by promoting someone with insufficient experience for the Lead position.

12.     In or around December 2007, Plaintiff had complained to Defendant Dolante and other managers that he was not given breaks. He was told that the restaurant was too busy. Plaintiff then made a complaint to the Labor Department. Management then began to give Plaintiff breaks during work.

3
COMPLAINT

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

13.    In or around December 2007, Plaintiff started noticing points were appearing on his record. These points were typically given to employees or being late or not calling in if they would be missing work. These points should not have been on Plaintiff's record because he had not been late or calling out of work. Plaintiff tried to get this corrected by Defendant Dolante, but Defendant Dolante refused to remove the points. Plaintiff sought the assistance of other managers at DISNEY regarding the incorrect points on his record. One of the points was corrected, but the other incorrect points remained on his record.

14.    In or around December 2007, Plaintiff requested a meeting with the Labor relations Department because he believed he was being treated unfairly. Labor relations did not assist Plaintiff and informed him that the points would remain on his record.

15.    In or around January 2008, Defendant Dolante called Plaintiff into his office. Plaintiff was uncomfortable and requested that another coworker be present for the meeting. Brandy Rolberson, a DISNEY employee, went into the office to act as a witness during the meeting. Plaintiff questioned Defendant Dolante about the incorrect points on his record. Defendant Dolante became irate and called Plaintiff a "Nigger." On or around January 27, 2008, Plaintiff received written notice that he was terminated. Plaintiff contacted his Union, which then filed a complaint of wrongful termination. Plaintiff then received a telephone call from someone at Human Resources advising Plaintiff to disregard the termination notice. The Human Resources representative also set up a meeting with Plaintiff and a representative from Plaintiff's Union, Local 681. At the meeting, Plaintiff learned that Defendant Dolante had been falsifying his time sheets and that several of the points should be taken off his record. The union representative in attendance at the meeting requested that Defendant Dolante be terminated because they had multiple complaints from Hispanic/African American employees that Defendant Dolante targeted. Defendant Dolante was disciplined, but not terminated

16.    In or around February 2008, Plaintiff returned to work and was paid back pay for the time he was off. He was placed under the same manager, Defendant Dolante when he returned.

4
COMPLAINT

110

17. After he returned to work, Plaintiff's hours were drastically cut from 40 hours per week prior to the termination to 10-15 hours per week following the meeting with Human Resource.

18. In or around May 2008, the contract between Disney and Plaintiff's union expired. On or around May 30, 2008 Plaintiff was at work when the manager on duty approached him. The manager handed Plaintiff termination papers. The manager was crying and stated that she knew it was wrong.

19. Throughout Plaintiff's employment with DISNEY, Plaintiff was subject to harassment, discrimination, and a hostile work environment. Defendant Dolante's treatment to Plaintiff was so severe and/or pervasive that Plaintiff experienced anxiety and depression because Defendant Dolante discriminated against Plaintiff.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

(Against Defendants THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND RESORTS WORLD WIDE and DOES 1-10)

20. Plaintiff incorporates by reference paragraphs 1 through 19 inclusive of this Complaint as if fully set forth at this place.

21. On or about June 24, 2007, in the City of Anaheim, County of Orange, and during the term of Plaintiff's employment, Plaintiff and Defendants entered into an employment agreement, which included oral, written, and implied-in-fact agreements. The basic terms of the agreement provided that Plaintiff's employment would be secure for as long as his performance was satisfactory, that Plaintiff would not be terminated without good cause, and that Plaintiff would earn agreed-upon wages and employment benefits, including, but not limited to, medical insurance, dental insurance, ten days of vacation days, ten days of sick days, and profit-sharing. Furthermore, Plaintiff was promised substantial bonuses when cases he was assigned to work on settled or brought to the firm were resolved and the firm received money from settlements, verdicts, and common benefit fund payouts.

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

22. Plaintiff has performed all and/or substantially all the conditions, covenants and promises which he was required to perform in accordance with the terms and conditions of the subject oral, written, implied-in-fact contract between Plaintiff and Defendants

23. All of the conditions required for Defendant's performance had occurred.

24. Defendants breached the oral, written, implied-in-fact contract by failing to pay Plaintiff his wages when those monies were due, during Plaintiff's employment with Defendants. Defendant's performance was not excused nor waived.

25. As a direct and proximate result of the breach of said agreements by Defendants, Plaintiff has suffered general damages for mental and emotional distress, along with special damages, in a sum according to proof, but which amount exceeds the jurisdictional minimum of this Court, with interest thereon at the maximum legal rate.

## SECOND CAUSE OF ACTION

### FRAUD IN THE INDUCEMENT

(Against Defendants THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND RESORTS WORLD WIDE and DOES 1-10)

26. Plaintiff incorporates by reference paragraphs 1 through 25 inclusive of this Complaint as if fully set forth at this place.

27. At all times relevant herein, Defendants made representations to Plaintiff that directly and indirectly influenced, persuaded Plaintiff to resume working for Defendant on or around January 27, 2008 after he had been wrongfully terminated and called a racial slur. Defendant also persuaded him to dismiss the wrongful termination grievance Local 681 had filed on Plaintiff's behalf as part of the settlement to the dispute.

28. Said representations made were knowingly false representations in that Defendants misrepresented the kind, character, and nature of the work Plaintiff would perform for Defendants as well as the work schedule, which was substantially reduced upon Plaintiff's return to work for Defendant.

6
COMPLAINT

Law Offices of Joseph M. Lovzetovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

112

29.     As a result of the actions of Defendants, Plaintiff suffered serious financial damage in taking a drastic pay cut from the reduction in hours. As a result thereof, plaintiff is entitled to damages under Labor Code § 972 in the form of double damages.

## THIRD CAUSE OF ACTION

### DISCRIMINATION BASED ON RACE

### IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ.

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

(Against Defendants THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND RESORTS WORLD WIDE and DOES 1-10)

30.     Plaintiff incorporates by reference paragraphs 1 through 29 inclusive of this Complaint as if fully set forth at this place.

31.     At all times herein mentioned, California Government Code § 12940 et seq., the Fair Employment and Housing Act ("FEHA"), were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons. California Government Code § 12940(a) requires Defendant to refrain from discriminating against any employee on the basis of race.

32.     The above said acts of Defendants constituted racial discrimination in violation of public policy and in violation of California Government Code § 12940 et seq.

33.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

34.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

7
COMPLAINT

113

believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

35.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

36.    Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY's managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 et seq. Defendant Dolante was a manager, officer, and/or agent of Defendant DISNEY, as set forth with specificity, above, and was aware of defendant DISNEY's policies and procedures requiring Defendant DISNEY's managers, officers, and agents to prevent, and investigate disability discrimination, retaliation and harassment based on discrimination, against and upon employees of defendant DISNEY.  Plaintiff relied on the fact that defendant Dolante would follow these known policies, yet defendant Dolante consciously chose not to follow said policies.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

///
///
///
///
///
///

Law Offices of Joseph M. Lovretovich
5941 Varlel Avenue
Woodland Hills, CA 91367
(818) 610-8600

114

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

## FOURTH CAUSE OF ACTION

### HARASSMENT BASED ON RACE

### IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ.

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

(Against Defendants THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND RESORTS WORLD WIDE, RUSSELL DOLANTE and DOES 1-10)

37.    Plaintiff incorporates by reference paragraphs 1 through 36 inclusive of this Complaint as if fully set forth at this place.

38.    At all times herein mentioned, Code § 12940 et seq. was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons. Code § 12940(k) provides that is an unlawful employment practice for an employer or any other person, because of race, to harass an employee and that any entity shall take all reasonable steps to prevent harassment from occurring.

39.    Plaintiff is informed and believes, and based thereon alleges, that Defendants willfully and intentionally engaged in a course of conduct designed to harass and intimidate Plaintiff by creating a hostile work environment.

40.    Defendants conduct included, but is not limited to, consistently altering Plaintiff's time card in order to have reasons to write up Plaintiff, refusing to give Plaintiff breaks, calling Plaintiff highly offensive racial slurs, and disciplining him for conduct that others were not similarly reprimanded for. Defendant Dolante refused to say hello to Plaintiff and often looked at Plaintiff in a way that made him very uncomfortable. Additionally, Plaintiff witnessed Defendant Dolante throwing darts at pictures of other minority workers. After Plaintiff complained to Human Resources, his work schedule was drastically cut thereby resulting in less compensation to Plaintiff.

41.    Despite full knowledge of Defendant Dolante's conduct, Defendants failed to take immediate and appropriate corrective action to prevent the harassment from continuing. At no time did Defendants take any action in regards to this serious and pervasive conduct.

115

42. Defendants' conduct was a concerted pattern of harassment of a repeated, routine and generalized nature. Plaintiff alleges that Defendants' conduct created an unreasonably abusive and offensive work environment.

43. Defendants' conduct, as described herein, was offensive and abusive and based on Plaintiff's race. Defendants' actions were so severe and pervasive that they altered the conditions of Plaintiff's employment.

44. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

45. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

46. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Code § 12965(b).

47. Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY's managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 et seq. Defendant Dolante was a manager, officer, and/or agent of Defendant DISNEY, as set forth with specificity, above, and was aware of defendant DISNEY's

10

COMPLAINT

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

116

policies and procedures requiring Defendant DISNEY's managers, officers, and agents to prevent, and investigate disability discrimination, retaliation and harassment based on discrimination, against and upon employees of defendant DISNEY. Plaintiff relied on the fact that defendant Dolante would follow these known policies, yet defendant Dolante consciously chose not to follow said policies. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## FIFTH CAUSE OF ACTION
### FAILURE TO ACCOMMODATE
### IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ.
### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]
### (Against Defendant THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND RESORTS WORLD WIDE and DOES 1-10)

48.     Plaintiff incorporates by reference paragraphs 1 through 47 inclusive of this Complaint as if fully set forth at this place.

49.     Defendant is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including FEHA.

50.     Defendant's harassment of Plaintiff limited his ability to engage in the major life activity of working.

51.     Although Defendants, and each of them, knew of Plaintiff's limitations, Defendants, and each of them, refused to accommodate Plaintiff's disability and instead terminated Plaintiff because of his disability. Defendants' actions were in direct contravention of FEHA.

11

COMPLAINT

117

52.    Plaintiff alleges that with reasonable accommodations he could have fully performed all duties and functions of his job in an adequate, satisfactory and/or outstanding manner.

53.    As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general, and special damages including but not limited to substantial losses in earnings, other employment benefits, *physical injuries, physical sickness*, as well as emotional distress, all to his damage in an amount according to proof.

54.    Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 et seq.  Defendant Dolante was a manager, officer, and/or agent of Defendant DISNEY, as set forth with specificity, above, and was aware of defendant DISNEY'S policies and procedures requiring Defendant DISNEY'S managers, officers, and agents to prevent, and investigate disability discrimination, retaliation and harassment based on discrimination, against and upon employees of Defendant DISNEY.  Plaintiff relied on the fact that defendant Dolante would follow these known policies, yet defendant Dolante consciously chose not to follow said policies.  Further, Defendant DISNEY had in place policies and procedures requiring its employees, including managers, agents and supervisors, to meet with individual employees, when said individual notified Defendant DISNEY that he or she needed an accommodation because of a disability, to discuss the specific accommodation(s) requested and determine whether it or an alternative was feasible.  Defendant Dolante knew these policies and when Plaintiff notified Defendant Dolante of his need for accommodation, defendant Dolante consciously chose to ignore these policies.  Defendant Dolante was aware that Defendant DISNEY had policies in place that prohibited its agents and supervisors from requiring employees to be "fully healed" before they could return to work.  However, defendant Dolante, and others, chose to consciously and willfully ignore said policies by forcing Plaintiff to take an

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8500

12

COMPLAINT

unpaid leave of absence until he was fully cleared by his doctor to return to work. Defendant Dolante and others, were aware of Defendant DISNEY's policies and procedures and yet consciously chose not to follow or implement these procedures, and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

55. Plaintiff also incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees. Plaintiff requests attorneys' fees pursuant to Government Code § 12965.

## SIXTH CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION
### IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ.
### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]
(Against Defendants THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND RESORTS WORLD WIDE and DOES 1-10)

56. Plaintiff incorporates by reference paragraphs 1 through 55 inclusive of this Complaint as if fully set forth at this place.

57. At all times mentioned herein, California Government Code Sections 12940, et seq., including but not limited to Sections 12940 (j) and (k), were in full force and effect and were binding upon Defendants and each of them. These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and harassment and take all reasonable steps necessary to prevent discrimination and harassment from occurring, among other things.

Law Offices of Joseph M. Lovretovich
6841 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8600

13
COMPLAINT

119

58.    Defendants failed to take immediate and appropriate corrective action to end the discrimination and harassment. Defendants also failed to take all reasonable steps necessary to prevent the harassment and discrimination from occurring.

59.    In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and harassment and in failing and/or refusing to take and or all reasonable steps necessary to prevent harassment and discrimination from occurring, Defendants violated California Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as set forth above.

60.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

61.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

62.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

63.    Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY's managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California

14

COMPLAINT

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

Government Code § 12940 et seq. Defendant Dolante was a manager, officer, and/or agent of Defendant DISNEY, as set forth with specificity, above, and was aware of defendant DISNEY's policies and procedures requiring Defendant DISNEY's managers, officers, and agents to prevent, and investigate disability discrimination, retaliation and harassment based on discrimination, against and upon employees of defendant DISNEY. Plaintiff relied on the fact that defendant Dolante would follow these known policies, yet defendant Dolante consciously chose not to follow said policies. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION

### IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ.

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

(Against Defendants THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND RESORTS WORLD WIDE and DOES 1-10)

64. Plaintiff incorporates by reference paragraphs 1 through 63 inclusive of this Complaint as if fully set forth at this place.

65. At all times herein mentioned, California Government Code § 12940 et seq. were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons. California Government Code § 12940 et seq. provides that it is unlawful for an employer, to discharge a person from employment or discriminate against them in compensation or as to the terms, conditions or privileges of employment based on a prohibited employment practice, as stated in California Government Code § 12940 (a)-(o).

66. Defendant terminated Plaintiff in violation of FEHA.

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

15
COMPLAINT

121

67.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

68.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

69.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

70.    Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 et seq. Defendant Dolante was a manager, officer, and/or agent of Defendant DISNEY, as set forth with specificity, above, and was aware of defendant Icee's policies and procedures requiring Defendant DISNEY'S managers, officers, and agents to prevent, and investigate disability discrimination, retaliation and harassment based on discrimination, against and upon employees of Defendant DISNEY. Plaintiff relied on the fact that defendant Dolante would follow these known policies, yet defendant Wiley consciously chose not to follow said policies. Further, Defendant DISNEY had in place policies and procedures requiring its employees, including managers, agents and supervisors, to meet with

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8600

16
COMPLAINT

122

individual employees, when said individual notified Defendant DISNEY that he or she needed an accommodation because of a disability, to discuss the specific accommodation(s) requested and determine whether it or an alternative was feasible. Defendant Dolante knew these policies and when Plaintiff notified Defendant Dolante of his need for accommodation, defendant Dolante consciously chose to ignore these policies. Defendant Dolante was aware that Defendant DISNEY had policies in place that prohibited its agents and supervisors from requiring employees to be "fully healed" before they could return to work. However, defendant Dolante, and others, chose to consciously and willfully ignore said policies by forcing Plaintiff to take an unpaid leave of absence until he was fully cleared by his doctor to return to work. Defendant Dolante and others, were aware of Defendant DISNEY's policies and procedures and yet consciously chose not to follow or implement these procedures, and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## EIGTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against Defendants THE WALT DISNEY COMPANY, WALT DISNEY PARKS AND RESORTS WORLD WIDE and DOES 1-10)

71.    Plaintiff incorporates by reference paragraphs 1 through 70 inclusive of this Complaint as if fully set forth at this place.

72.    At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in Code § 12940, is to prohibit employers from discriminating, harassing and retaliating against any individual on the basis of, but not limited to, sex, race, age, disability and national origin as identified in California Government Code § 12940 (a)-(o). This

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91387
(818) 610-8800

123

public policy of the State of California is designed to protect all employees and to promote the welfare and well being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in Code § 12940 et seq., and the laws and regulations promulgated thereunder.

73. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

74. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

75. The acts taken toward Plaintiff were carried out by Russell Dolante, one of Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, and in direct violation of California law, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

76. Defendant DISNEY had in place policies and procedures that specifically prohibited and required defendant DISNEY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 et seq. Defendant Dolante was a manager, officer, and/or

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

18
COMPLAINT

124

agent of defendant DISNEY and was aware of defendant DISNEY'S policies and procedures requiring defendant DISNEY'S managers, officers, and agents to prevent, and investigate discrimination, retaliation, and harassment against and upon employees of defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act. However, Defendant Dolante chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

WHEREFORE, Plaintiff prays for judgment as follows:

For general damages according to proof;

For special damages according to proof;

For punitive damages;

For attorney fees and costs of suit;

For prejudgment and post-judgment interest according to law; and

For such other and further relief as the court may deem just and proper.

DATED:    May 30, 2010

LAW OFFICES OF JOSEPH M. LOVRETOVICH

By: _____

JOSEPH M. LOVRETOVICH

CHRISTOPHER W. TAYLOR

Attorney for Plaintiff

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

19
COMPLAINT

125



## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: May 30, 2010

LAW OFFICES OF JOSEPH M. LOVRETOVICH

By: _____

JOSEPH M. LOVRETOVICH

CHRISTOPHER W. TAYLOR

Attorney for Plaintiff

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

20
COMPLAINT

126

## PROOF OF SERVICE

I, Laura Olagues, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is c/o Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, California 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On October 8, 2010, I served the document(s) described as **DECLARATION OF NICOLE C. RIVAS IN SUPPORT OF DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S REQUEST FOR JUDICIAL NOTICE AND DEMURRER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows:

> Ellen E. Cohen, Esq.
> Law Offices of Joseph M. Lovretovich
> 5941 Variel Avenue
> Woodland Hills, California 91367

☒  BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

☐  BY FEDERAL EXPRESS       ☐ UPS NEXT DAY AIR       ☐ OVERNIGHT DELIVERY:  I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS  ☐ UPS   ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of ☐ FEDERAL EXPRESS   ☐ UPS   ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐  BY FACSIMILE:   I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☒  [State]      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 8, 2010, at Los Angeles, California.

_Laura Olagues_
Laura Olagues

DECLARATION OF NICOLE C. RIVAS IN SUPPORT OF DEFENDANT WALT DISNEY PARKS
AND RESORTS U.S., INC.'S DEMURRER TO PLAINTIFF'S COMPLAINT

LEGAL02/32202342v1

127

MICHAEL D. YOUNG (State Bar No. 120787)
NICOLE C. RIVAS (State Bar No. 179337)
**ALSTON & BIRD, LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

Attorneys for Defendant
WALT DISNEY PARKS AND RESORTS U.S., INC.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

OCT 08 2010

ALAN CARLSON, Clerk of the Court
BY L. FUENTES

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

| | |
|---|---|
| DON TOWNS, an individual<br><br>Plaintiff<br><br>v.<br><br>THE WALT DISNEY COMPANY, a California Corporation; WALT DISNEY PARKS AND RESORTS WORLD WIDE; RUSSEL DOLANTE, an individual; and DOES 1-10.<br><br>Defendants. | Case No.: 30-2010 00376825<br><br>Assigned for all purposes to Honorable Kirk H. Nakamura Department C8<br><br>**DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS DEMURRER TO PLAINTIFF'S COMPLAINT**<br><br>Date: November 4, 2010<br>Time: 2:00 P.M.<br>Dept.: C8<br><br>Filing Date: May 28, 2010<br>Trial Date: None<br>Discovery Cut-off: None<br>Motion Cut-off: None |

1

DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF ITS DEMURRER TO PLAINTIFF'S COMPLAINT

LEGAL02/32202239v1

128

Pursuant to California Evidence Code sections 452(c), (h) and 453, defendant Walt Disney Parks and Resorts U.S., Inc. respectfully requests that this Court take judicial notice of:   1) the charge filed by plaintiff Don Towns with the Department of Fair Employment and Housing (DFEH) on June 5, 2008; and 2) the Notice of Case Closure subsequently issued by the DFEH on May 14, 2009.   [Declaration of Nicole C. Rivas, Exhs. C and D.]   Such documents are properly subject to judicial notice, and may be considered on demurrer. *Medix Ambulance Serv. v. Superior Court* (2002) 97 Cal. App. 4th 109, 113, 118 (taking judicial notice of DFEH charge on demurrer); *Williams v. Pac. Mut. Life Ins. Co.* (1986) 186 Cal. App. 3d 941, 946 (taking judicial notice of EEOC notice of case closure on demurrer).

It is now well-settled that "a demurrer reaches not only the contents of the pleading itself, but also such matters as may be considered under the doctrine of judicial notice." *Saltares v. Kristovich* (1970) 6 Cal. App. 3d 504, 510; C.C.P. § 430.30(a). Accordingly, "the complaint is to be read as if it contains all matters of which the court can take judicial notice even in the face of allegations to the contrary." *Id.*

Defendant, therefore, respectfully petitions that the instant Request for Judicial Notice be granted, and that the Court consider both the DFEH charge and Notice of Case Closure in deciding on defendant's demurrer, filed concurrently herewith.

DATED: October 8, 2010

MICHAEL D. YOUNG
NICOLE C. RIVAS
ALSTON & BIRD LLP

_____
Nicole C. Rivas
Attorneys for Defendant WALT DISNEY
PARKS AND RESORTS U.S., INC.

2

DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF ITS DEMURRER TO PLAINTIFF'S COMPLAINT

LEGAL02/32202239v1

129

## PROOF OF SERVICE

I, Laura Olagues, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is c/o Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, California 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On October 8, 2010, I served the document(s) described as **DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS DEMURRER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows:

> Ellen E. Cohen, Esq.
> Law Offices of Joseph M. Lovretovich
> 5941 Variel Avenue
> Woodland Hills, California 91367

☒ **BY MAIL:** I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

☐ **BY FEDERAL EXPRESS** ☐ **UPS NEXT DAY AIR** ☐ **OVERNIGHT DELIVERY:** I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS ☐ UPS ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of ☐ FEDERAL EXPRESS ☐ UPS ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐ **BY FACSIMILE:** I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☒ **[State]** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 8, 2010, at Los Angeles, California.

_Laura Olagues_
Laura Olagues

---

3

DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS DEMURRER TO PLAINTIFF'S COMPLAINT

LEGAL02/32202239v1

130

CM-110

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*

MICHAEL D. YOUNG (SBN 120787)  NICOLE C. RIVAS (SBN 179337)
ALSTON & BIRD LLP
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
TELEPHONE NO.: (213) 576-1000   FAX NO. *(Optional):* (213) 576-1100
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Defendant Walt Disney Parks and Resorts U.S., Inc.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS:   700 Civic Center Drive West
MAILING ADDRESS:  700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME:   Central Justice Center

PLAINTIFF/PETITIONER: DON TOWNS

DEFENDANT/RESPONDENT: THE WALT DISNEY COMPANY, ET AL.

**FOR COURT USE ONLY**

FILED
SUPERIOR COURT OF CALIFOR:
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

OCT 14 2010

ALAN CARLSON, Clerk of the Court

BY: M. CURRY

| CASE MANAGEMENT STATEMENT | | | CASE NUMBER: |
|---|---|---|---|
| *(Check one):*  ☒ **UNLIMITED CASE** (Amount demanded exceeds $25,000) | ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | | 30-2010 00376825 |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date: October 29, 2010    Time: 9:00 a.m.    Dept.: C08    Div.:    Room:

Address of court *(if different from the address above):*

☐   Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒   This statement is submitted by party *(name):* Defendant Walt Disney Parks and Resorts U.S., Inc.
   b. ☐   This statement is submitted **jointly** by parties *(names):*

BY FAX

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.    The complaint was filed on *(date):* May 28, 2010
   b. ☐   The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
      (1) ☐   have not been served *(specify names and explain why not):*

      (2) ☐   have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐   have had a default entered against them *(specify names):*

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in   ☒ **complaint**   ☐ **cross-complaint**   *(Describe, including causes of action):*
      This is a single plaintiff employment case for wrongful termination, fraud, breach of contract and various alleged violations of the Fair Employment and Housing Act.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkflow.com

Page 1 of 4
Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

131

CM-110

| PLAINTIFF/PETITIONER: DON TOWNS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: THE WALT DISNEY COMPANY, ET AL. | 30-2010 00376825 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff Don Towns claims that he was improperly terminated from his employment at a Disney resort. Based upon this allegation, Mr. Towns attempts to state eight causes of action for wrongful termination, breach of contract, fraud and various alleged violations of the Fair Employment and Housing Act. All but one of Mr. Town's causes of action fail as a matter of law, and are therefore the subject of defendant's demurrer, which is scheduled to be heard on November 4, 2010. The sole remaining cause of action for wrongful termination in violation of public policy is equally without merit, and Disney fully anticipates bringing a motion for summary judgment to resolve that claim.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request requesting a jury trial): ☐ a jury trial ☒ a nonjury trial. *(If more than one party, provide the name of each party*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☒ days *(specify number):* 2-5 days
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2009] | **CASE MANAGEMENT STATEMENT** | Page 2 of 4

American LegalNet, Inc.
www.FormsWorkflow.com

132

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: DON TOWNS | CASE NUMBER: 30-2010 00376825 |
| DEFENDANT/RESPONDENT: THE WALT DISNEY COMPANY, ET AL. | |

10. d.    The party or parties are willing to participate in *(check all that apply)*:

(1) ☒ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):* The amount in controversy exceeds the statutory maximum.

## 11. Settlement conference

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

## 12. Insurance

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

## 13. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy     ☐ Other *(specify):*
Status:

## 14. Related cases, consolidation, and coordination

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to     ☐ consolidate     ☐ coordinate     will be filed by *(name party):*

## 15. Bifurcation

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*
Disney anticipates bringing a motion to bifurcate all matters relating to damages.

## 16. Other motions

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Disney has filed a demurer to the complaint, which is scheduled to be heard on November 4, 2010. Disney further anticipates filing a motion for summary judgment as to any remaining causes of action.

American LegalNet, Inc.
www.FormsWorkflow.com

133

CM-110

| PLAINTIFF/PETITIONER: DON TOWNS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: THE WALT DISNEY COMPANY, ET AL. | 30-2010 00376825 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| Defendant | Written Discovery | April 2011 |
| Defendant | Depositions | June 2011 |

c. ☐ The following discovery issues are anticipated (specify):

**18. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

Disney's counsel attempted to meet and confer with plaintiff's counsel. Plaintiff's counsel, however, failed to respond to our telephone call and a follow-up e-mail.

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

**21.** Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: October 14, 2010

| | |
|---|---|
| Michael D. Young | ► _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | |
| _____ | ► _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

American LegalNet, Inc.
www.FormsWorkflow.com

134

## PROOF OF SERVICE

I, Laura Olagues, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is c/o Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, California 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On October 14, 2010, I served the document(s) described as CASE MANAGEMENT STATEMENT on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows:

> Ellen E. Cohen, Esq.
> Law Offices of Joseph M. Lovretovich
> 5941 Variel Avenue
> Woodland Hills, California 91367

☒ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

☐ BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT: On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

☐ BY FEDERAL EXPRESS      ☐ UPS NEXT DAY AIR     ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS  ☐ UPS   ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of ☐ FEDERAL EXPRESS   ☐ UPS   ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☒ [State]    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ [Federal]    I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 14, 2010, at Los Angeles, California.

*Laura Olagues*
Laura Olagues

135

CM-110

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Joseph M. Lovretovich, State Bar No. 73403
Christopher W. Taylor, State Bar No. 236245
Law Offices of Joseph M. Lovretovich
5941 Variel Avenue, Woodland Hills, CA 91367
TELEPHONE NO.: 818-610-8800   FAX NO. *(Optional)*: 818-610-3030
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff, Don Towns

**FOR COURT USE ONLY**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**OCT 20 2010**

ALAN CARLSON, Clerk of the Court

BY E. VELOZ

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civil Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: DON TOWNS
DEFENDANT/RESPONDENT: THE WALT DISNEY COMPANY, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☑ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | 00376825 |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**
Date: October 29, 2010   Time: 9:00 a.m.   Dept.: C08   Div.:   Room:
Address of court *(if different from the address above)*:

☑ **Notice of Intent to Appear by Telephone, by** *(name)*: Christopher Taylor

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☑ This statement is submitted by party *(name)*: Plaintiff, Don Towns
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☑ complaint   ☐ cross-complaint   *(Describe, including causes of action)*:
   breach of contract; fraud in the inducement; race discrimination; harassment; failure to accommodate; failure to prevent discrimination; and wrongful termination.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]   **CASE MANAGEMENT STATEMENT**   Page 1 of 4
Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

136

CM-110

| PLAINTIFF/PETITIONER: DON TOWNS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: THE WALT DISNEY COMPANY, et al. | 00376825 |

**4. b.** Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff was only one of two African-American employees at his workplace. His manager, Defendant Dolante, treated him differently than other non-African-American co-workers by constantly altering his time card in order to write him up, reprimanding him, refusing to allow him to go on breaks, putting meritless points on his record, and calling him a "Nigger." Plaintiff also witnessed his manager throwing darts at pictures of other minority co-workers. Plaintiff complained about his manager's conduct to upper management. Thereafter, Defendants cut down Plaintiff's hours, denied him a promotion, and then terminated him.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

**5. Jury or nonjury trial**
The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

**6. Trial date**
a. ☐ The trial has been set for *(date):*
b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

**7. Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☑ days *(specify number):* 5-7
b. ☐ hours (short causes) *(specify):*

**8. Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

**9. Preference**
☐ This case is entitled to preference *(specify code section):*

**10. Alternative Dispute Resolution (ADR)**
a. Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Page 2 of 4

137

CM-110

| PLAINTIFF/PETITIONER: DON TOWNS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: THE WALT DISNEY COMPANY, et al. | 00376825 |

10. d. The party or parties are willing to participate in *(check all that apply):*
   (1) ☑ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify):*

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
  ☑ The party or parties are willing to participate in an early settlement conference *(specify when):*
     At the convenience of the court.

**12. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**14. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 14a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110 [Rev. January 1, 2009]      **CASE MANAGEMENT STATEMENT**      Page 3 of 4

138

CM-110

| PLAINTIFF/PETITIONER: DON TOWNS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: THE WALT DISNEY COMPANY, et al. | 00376825 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | December 2010 |
| Plaintiff | Depositions | January 2011 |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21.** Total number of pages attached *(if any)*:    0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  October 14, 2010

| Christopher W. Taylor | ▶ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ▶ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Page 4 of 4

*139*

**PROOF OF SERVICE**
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is, 5941 Variel Avenue, Woodland Hills, CA 91367

On October 19, 2010,, I served the foregoing document described as **Case Management Statement** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope, addressed as follows:

Nicole Rivas
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
    Attorney For: Walt Disney Parks and Resorts US, Inc.

☒ By mail, I deposited such envelope(s) in the mail at Woodland Hills, California, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By facsimile, I transmitted such documents from Woodland Hills, California, to the offices of the addressee(s).

☐ By personal service, I delivered such envelope(s) by hand to the office(s) of the addressee(s).

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on October 19, 2010 at Woodland Hills, California.

_____
Tad Kuchar

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

140

MICHAEL D. YOUNG (State Bar No. 120787)
NICOLE C. RIVAS (State Bar No. 179337)
**ALSTON & BIRD, LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

Attorneys for Defendant
WALT DISNEY PARKS AND RESORTS U.S., INC.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

OCT 28 2010

ALAN CARLSON, Clerk of the Court
𝓈. 𝓕𝓊𝓮𝓷𝓽𝓈
BY  L. FUENTES

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

| | |
|---|---|
| DON TOWNS, an individual<br><br>Plaintiff<br><br>v.<br><br>THE WALT DISNEY COMPANY, a California Corporation; WALT DISNEY PARKS AND RESORTS WORLD WIDE; RUSSEL DOLANTE, an individual; and DOES 1-10.<br><br>Defendants. | Case No.: 30-2010 00376825<br><br>Assigned for all purposes to Honorable Kirk H. Nakamura Department C8<br><br>**REPLY IN SUPPORT OF DEFENDANT DEMURRER**<br><br>DATE:        November 4, 2010<br>TIME:        2:00 P.M.<br>DEPT.:       C8<br><br>Filing Date:        May 28, 2010<br>Trial Date:         None<br>Discovery Cut-off:  None<br>Motion Cut-off:     None |

1

REPLY IN SUPPORT OF DEFENDANTS DEMURRER

LEGAL02/32249952v1

141

Plaintiff has chosen not to file an opposition to defendant's demurrer. Accordingly, the demurrer should be sustained. As the FEHA claims are time barred as a matter of law, those claims should be sustained without leave to amend.

We have received notice that Plaintiff is intending to file an amended complaint. However, as of the date of this reply, there is no record that an amended complaint has in fact been filed with this Court. Absent a timely filed amended complaint, there is no reason not to sustain the demurrer.

If plaintiff does end up timely filing an amended complaint, and the pleading reasserts its time-barred FEHA claims, we anticipate we will be back with a new demurrer raising the same issues we raised in the pending motion.

Respectfully submitted,

DATED: October 28, 2010

MICHAEL D. YOUNG
NICOLE C. RIVAS
ALSTON & BIRD LLP

Michael D. Young
Attorneys for Defendant WALT DISNEY PARKS AND RESORTS U.S., INC.

2

REPLY IN SUPPORT OF DEFENDANTS DEMURRER

142

## PROOF OF SERVICE

I, Laura Olagues, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is c/o Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, California 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On October 28, 2010, I served the document(s) described as **REPLY IN SUPPORT OF DEFENDANT DEMURRER** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows:

Ellen E. Cohen, Esq.
Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, California 91367

☒ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

☐ BY FEDERAL EXPRESS   ☐ UPS NEXT DAY AIR   ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS   ☐ UPS   ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of ☐ FEDERAL EXPRESS   ☐ UPS   ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☒ [State]   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 28, 2010, at Los Angeles, California.

_____
Laura Olagues

3

REPLY IN SUPPORT OF DEFENDANTS DEMURRER

LEGAL02/32249952v1

143

LAW OFFICES OF
**JOSEPH M. LOVRETOVICH**
5941 VARIEL AVENUE
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
CHRISTOPHER W. TAYLOR, STATE BAR NO. 236245

Attorneys for Plaintiff
DON TOWNS



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

OCT 28 2010

ALAN CARLSON, Clerk of the Court
BY D NORMAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE - CENTRAL DISTRICT

| | |
|---|---|
| DON TOWNS, an individual<br>Plaintiff<br><br>vs.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida Corporation, d/b/a DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL; RUSSELL DOLANTE, an individual; and DOES 1-10.<br><br>Defendants | Case No.: 30-2010-00376825<br>C8<br>**PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>1) **BREACH OF CONTRACT;**<br>2) **FRAUD IN THE INDUCEMENT;**<br>3) **DISCRIMINATION BASED ON RACE IN VIOLATION OF FEHA;**<br>4) **HARASSMENT BASED ON RACE IN VIOLATION OF FEHA;**<br>5) **RETALIATION IN VIOLATION OF FEHA;**<br>6) **FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION OF FEHA;**<br>7) **WRONGFUL TERMINATION IN VIOLATION OF FEHA; and**<br>8) **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br>**DEMAND FOR JURY** |

Plaintiff, DON TOWNS, hereby brings his complaint against the above-named Defendants and states and alleges as follows:

1

FIRST AMENDED COMPLAINT

144

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

## PRELIMINARY ALLEGATIONS

1.    At all times material herein, Plaintiff, DON TOWNS (hereinafter referred to as "Plaintiff") was and is a resident of the State of California, Los Angeles County.

2.    The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 10 are unknown to plaintiff who therefore sues these defendants under said fictitious names. Plaintiff is informed and believes that each of the defendants named as a Doe defendant is legally responsible in some manner for the events referred to in this complaint, either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these Doe defendants when it has been ascertained.

3.    Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

4.    Plaintiff is informed and believes and thereon alleges that Defendant WALT DISNEY PARKS AND RESORTS U.S., INC. (hereinafter referred to as "DISNEY" or "Defendant") is a Florida corporation, was at all times mentioned duly licensed to do business, was and is doing business, under and by virtue of the laws of the State of California, in the County of Orange, and was doing business as DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL.

5.    Plaintiff is informed and believes and thereon alleges that Defendant RUSSELL DOLANTE (herein after referred to as "Defendant Dolante") is an individual residing in California, and was employed by Defendant DISNEY in the State of California, County of Orange, as a manager and Plaintiff's superior.

6.    Plaintiff is informed and believes, and on that basis alleges, that at all times material herein Defendant DISNEY was and continues to be a company that employs more than twenty five (25) employees at the place where Plaintiff was employed.

2

FIRST AMENDED COMPLAINT

145

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

7.      Plaintiff commenced employment at DISNEY on or around June 24, 2007 as a busser, and became a host in or around July 2007. Plaintiff performed his job with diligence and professionalism. Plaintiff was terminated on or around May 30, 2008.

8.      From the onset of Plaintiff's employment, Defendant Dolante initiated a pattern of harassing and discriminatory conduct towards Plaintiff, wherein he consistently altered Plaintiff's time card in order to have reasons to write up Plaintiff, refused to give Plaintiff breaks, called Plaintiff racial slurs, and disciplined him for conduct that others were not similarly reprimanded for. Plaintiff was one of two African American employees at his workplace.

9.      During Plaintiff's employment, Plaintiff witnessed Defendant Dolante throwing darts at pictures of two minority coworkers. One of those minority coworkers was terminated immediately thereafter and the other minority coworker quit. Plaintiff feared he would also be terminated. Plaintiff made both a written and verbal complaint about Defendant Dolante's behavior to upper management, including to Ms. Rainaldi in Labor Relations.

10.     In or around November or December 2007, Plaintiff applied for a Lead position, which he was qualified for based on his experience. Defendant Dolante did not get in touch with Plaintiff regarding the position. Instead, Defendant Dolante promoted another employee who did not have as much relevant experience as Plaintiff and who had been working at DISNEY for less time than Plaintiff. Plaintiff also had degrees that the person promoted did not. At the time, DISNEY had a policy whereby Defendant Dolante was required to inform Plaintiff of the status of his application, however, Defendant Dolante violated this company policy by failing to inform Plaintiff of the status of his application. Defendant Dolante also violated DISNEY policy by promoting someone with insufficient experience for the Lead position.

11.     In or around December 2007, Plaintiff complained to Defendant Dolante and other managers that he was not given breaks. Management told Plaintiff that the restaurant was too busy for breaks. Plaintiff then made a complaint to the Labor Department. Subsequently, management began to give Plaintiff breaks during his shifts.

12.     In or around December 2007 or January 2008, Plaintiff started noticing points were appearing on his attendance record. These points were typically given to employees for

3

146

being late or for not calling in if they would be missing work. These points should not have been on Plaintiff's record because he had not been late or had not called out of work. Plaintiff is informed and believes that non-African American employees did not have their attendance records falsely or negatively altered, or their schedules manipulated, as Plaintiff experienced. Plaintiff tried to get his attendance record corrected by Defendant Dolante, but Defendant Dolante refused to remove the points. Plaintiff sought the assistance of other managers at DISNEY regarding the incorrect points on his attendance record. One of the points was corrected, but the other incorrect points remained on his attendance record.

13.    In or around December 2007 or January 2008, Plaintiff requested a meeting with the Labor Relations Department because he believed that he was being treated unfairly. Labor Relations did not assist Plaintiff and informed Plaintiff that the points would remain on his attendance record.

14.    On or around January 26, 2008, Defendant Dolante called Plaintiff into his office. Plaintiff was uncomfortable and requested that another coworker be present for the meeting. Brandy Rolberson, a DISNEY employee, went into the office to act as a witness during the meeting. Plaintiff questioned Defendant Dolante about the incorrect points on his record. Plaintiff also told Defendant Dolante that he did not appreciate the way Defendant Dolante spoke to him and treated him differently than other non-African American employees. Plaintiff then informed Defendant Dolante that he had a pending case for discrimination and racism. Defendant Dolante became irate and called Plaintiff a "stupid nigger."

15.    On or around January 27, 2008, Plaintiff received written notice that he was terminated. Plaintiff contacted his Union, which then filed a grievance complaint. After the Union filed the grievance complaint, Plaintiff received a telephone call from someone at Defendant DISNEY'S Human Resources Department advising Plaintiff to disregard the termination notice. The Human Resources representative also set up a meeting with Plaintiff and a representative from Plaintiff's Union, Local 681.

16.    At the meeting with the Union representative and Defendant DISNEY'S Human Resources, Plaintiff learned that Defendant Dolante had been falsifying his time sheets and that

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

4

147

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

several of the points should be taken off his attendance record. Plaintiff is informed and believes that his attendance record was never corrected though.

17.     The union representative in attendance at the meeting with Plaintiff and Defendant DISNEY'S Human Resources requested that Defendant Dolante be terminated because the Union had multiple complaints from Hispanic and African American employees whom Defendant Dolante had targeted and treated unfairly. Defendant Dolante was disciplined, but not terminated. Defendant DISNEY'S Labor Relations and management made representations to Plaintiff that directly and indirectly influenced, persuaded Plaintiff to resume working for Defendant on or around January 27, 2008 after he had been wrongfully terminated. DISNEY assured Plaintiff that he would not have to worry about Defendant Dolante discriminating against him anymore because "Disney has a No Retaliation policy" and because Defendant Dolante would be terminated, and therefore no longer present to discriminate and/or harass Plaintiff. DISNEY also persuaded Plaintiff to dismiss the grievance complaint Local 681 had filed on Plaintiff's behalf as part of the settlement to the dispute. Defendant DISNEY also persuaded Plaintiff not to pursue any civil action against Disney. Plaintiff reasonably believed each of these representations made by DISNEY and therefore dropped all grievances and complaints.

18.     In or around January 27, 2008, relying on DISNEY'S promises to protect him from discrimination, Plaintiff returned to work and was paid back pay for the time he was off. To his surprise, however, Plaintiff was placed under the same manager, Defendant Dolante, upon his return to work at Defendant DISNEY.

19.     After he returned to work, Plaintiff's hours were drastically cut from the forty (40) hours per week he was working prior to the termination, to only ten (10) to fifteen (15) hours per week following the meeting with Human Resources.

20.     In or around May 2008, the contract between Disney and Plaintiff's union expired. On or around May 30, 2008 Plaintiff was at work when the manager on duty approached him and handed him termination papers. The manager was crying and stated that she knew it was wrong.

FIRST AMENDED COMPLAINT

148

21.     Throughout Plaintiff's employment with DISNEY, Plaintiff was subject to harassment, discrimination, and a hostile work environment. Defendant Dolante's discriminatory, harassing and unfair treatment to Plaintiff was so severe and/or pervasive that Plaintiff experienced anxiety and depression because Defendant Dolante discriminated against Plaintiff.

22.     Plaintiff has exhausted his administrative remedies. In or around June 2008, Plaintiff initiated the administrative complaint process by filing a complaint with the Department of Fair Housing and Employment (DFEH) against DISNEY'S PCH GRILL, which is owned and operated by Defendant DISNEY, and naming manager Russell Dolante as well. The DFEH then conducted its own investigation of Plaintiff's complaints of race discrimination, harassment, and retaliation. The investigation by the DFEH involved correspondence and interviews with Defendant DISNEY, and as such, Defendant DISNEY was aware of the complaints filed by Plaintiff. On May 14, 2009, the DFEH issued its Notice of Case Closure and Right-to-Sue Notice.

23.     At the time the DFEH issued its Right-to-Sue Notice, an investigation was pending with the EEOC regarding Plaintiff's allegations against Defendant DISNEY, which tolled the statute of limitations until the EEOC investigation was completed.

24.     On or around June 4, 2009, the EEOC signed its Notice of Case Closure and its Notice of Suit Rights. Plaintiff filed suit within one (1) year from that date.

25.     On May 28, 2010, Plaintiff filed his Complaint with the Superior Court of the State of California in the County of Orange.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

**(Against Defendants WALT DISNEY PARKS AND RESORTS U.S., INC., d/b/a DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL and DOES 1-10)**

26.     Plaintiff incorporates by reference paragraphs 1 through 25 inclusive of this Complaint as if fully set forth at this place.

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

6

FIRST AMENDED COMPLAINT

149

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

27. On or about June 24, 2007, in the City of Anaheim, County of Orange, and during the term of Plaintiff's employment, Plaintiff and Defendants entered into an employment agreement, which included oral, written, and implied-in-fact agreements. The basic terms of the agreement provided that Plaintiff's employment would be secure for as long as his performance was satisfactory, that Defendant DISNEY would follow their "No Retaliation" policy, that Plaintiff would not be terminated without good cause, and that Plaintiff would earn agreed-upon wages and employment benefits during his employment, including, but not limited to, medical insurance, dental insurance, ten days of vacation, ten sick days, and profit-sharing.

28. Plaintiff has performed all and/or substantially all the conditions, covenants and promises which he was required to perform in accordance with the terms and conditions of the subject oral, written, implied-in-fact contract between Plaintiff and Defendant DISNEY.

29. All of the conditions required for Defendant's performance had occurred.

30. Defendant DISNEY breached the oral, written, implied-in-fact contract by failing to pay Plaintiff his wages when those monies were due, during Plaintiff's employment with Defendants. Defendant DISNEY further breached the contract with Plaintiff by retaliating against Plaintiff, including retaliation after he made complaints to his manager, the Union, and to Labor Relations about his wages, about not receiving his breaks, and about the racially discriminatory and harassing treatment from his manager, Defendant Dolante. Such retaliation included failure to promote Plaintiff but to promote a less qualified employee, altering Plaintiff's attendance record to reflect negatively on Plaintiff, and ultimately terminating Plaintiff's employment. Defendant DISNEY also breached the contract with Plaintiff by wrongfully terminating Plaintiff's employment without good cause. Defendant's performance was neither excused nor waived.

31. As a direct and proximate result of the breach of said agreements by Defendants, Plaintiff has suffered general damages for mental and emotional distress, monetary damage in the form of lost wages, dental and medical insurance, and other benefits following his wrongful termination, as well as the loss of employment opportunities by failing to promote Plaintiff and by wrongfully terminating Plaintiff, along with special damages, in a sum according to proof, but

7

FIRST AMENDED COMPLAINT

150

which amount exceeds the jurisdictional minimum of this Court, with interest thereon at the maximum legal rate.

## SECOND CAUSE OF ACTION
## FRAUD IN THE INDUCEMENT
**(Against Defendants WALT DISNEY PARKS AND RESORTS U.S., INC., d/b/a DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL and DOES 1-10)**

32.     Plaintiff incorporates by reference paragraphs 1 through 31 inclusive of this Complaint as if fully set forth at this place.

33.     At all times relevant herein, Defendant DISNEY'S Labor Relations and management made representations to Plaintiff that directly and indirectly influenced, persuaded Plaintiff to resume working for Defendant on or around January 27, 2008 after he had been wrongfully terminated and called a "stupid nigger" by Defendant Dolante. Ms. Rainaldi, of Defendant DISNEY'S Labor Relations department, assured Plaintiff that he would not have to worry about Defendant Dolante discriminating against him anymore because "Disney has a No Retaliation policy" and because Defendant Dolante may be terminated, and therefore no longer present to discriminate and/or harass Plaintiff.  Defendant DISNEY also persuaded Plaintiff to dismiss the grievance complaint Local 681 had filed on Plaintiff's behalf as part of the settlement to the dispute.  In turn, Defendant DISNEY also persuaded Plaintiff not to pursue any civil action against Disney.

34.     Plaintiff reasonably believes Defendant DISNEY'S representation that he would not longer be discriminated against and that Defendant Dolante may be terminated, and therefore no longer present to discriminate and/or harass Plaintiff.

35.     Said representations made by Ms. Rainaldi, in Defendant DISNEY'S Labor Relations department, as well as other representatives of Defendant DISNEY, were knowingly false representations in that Defendants misrepresented the kind, character, and nature of the work Plaintiff would perform for Defendants, as well as the work schedule, which was

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

8

FIRST AMENDED COMPLAINT

151

substantially reduced from forty (40) hours per week to only around ten (10) to fifteen (15) hours per week upon Plaintiff's return to work for Defendant DISNEY in or around February 2008.

36.    As a result of the actions of Defendants, Plaintiff suffered serious financial damage in taking a drastic pay cut from the reduction in hours, and ultimately damage in the form of lost wages and benefits. As a result thereof, plaintiff is entitled to damages under California Labor Code § 972 in the form of double damages.

## THIRD CAUSE OF ACTION

### DISCRIMINATION BASED ON RACE

### IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.*

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

**(Against Defendants WALT DISNEY PARKS AND RESORTS U.S., INC., d/b/a DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL and DOES 1-10)**

37.    Plaintiff incorporates by reference paragraphs 1 through 35 inclusive of this Complaint as if fully set forth at this place.

38.    At all times herein mentioned, California Government Code § 12940, *et seq.*, the Fair Employment and Housing Act ("FEHA"), were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons. California Government Code § 12940(a) requires Defendant to refrain from discriminating against any employee on the basis of race.

39.    The above said acts of Defendants constituted racial discrimination in violation of public policy and in violation of California Government Code § 12940 *et seq.*

40.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

152

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

41.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

42.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

43.    Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 *et seq.* Defendant Dolante and Ms. Rainaldi were managers, officers, and/or agents of Defendant DISNEY, as set forth with specificity, above, and were aware of Defendant DISNEY'S policies and procedures requiring Defendant DISNEY'S managers, officers, and agents to prevent, and investigate racial discrimination, retaliation and harassment, against and upon employees of Defendant DISNEY. Plaintiff relied on the fact that Defendant Dolante would follow these known policies, and upon Ms. Rainaldi's assurances that the policies would be enforced, yet Defendant Dolante consciously chose not to follow said policies. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

///

///

///

10

FIRST AMENDED COMPLAINT

153

## FOURTH CAUSE OF ACTION

### HARASSMENT BASED ON RACE

### IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.*

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

**(Against Defendants WALT DISNEY PARKS AND RESORTS U.S., INC., d/b/a DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL and DOES 1-10)**

44.    Plaintiff incorporates by reference paragraphs 1 through 42 inclusive of this Complaint as if fully set forth at this place.

45.    At all times herein mentioned, California Government Code § 12940 *et seq.* was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.  California Government Code § 12940(k) provides that is an unlawful employment practice for an employer or any other person, because of race, to harass an employee and that any entity shall take all reasonable steps to prevent harassment from occurring.

46.    Plaintiff is informed and believes, and based thereon alleges, that Defendants willfully and intentionally engaged in a course of conduct designed to harass and intimidate Plaintiff by creating a hostile work environment.  Such hostile work environment included, but is not limited to the following:

    a.   Racial slurs, including Defendant Dolante calling Plaintiff a "stupid nigger" in front of other employees;

    b.   Defendant Dolante throwing darts at photos of two minorities (one of whom was subsequently terminated, and another who thereafter quit) in plain view of employees, including Plaintiff;

    c.   Plaintiff having his schedule and time card consistently altered in order to have alleged reason to write up Plaintiff for attendance issues;

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

11

FIRST AMENDED COMPLAINT

154

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

d. Defendant Dolante treating and speaking to Plaintiff more rudely than to non-minorities, including his refusal to say "hello" to Plaintiff and often looking at Plaintiff in a way that made him very uncomfortable;

e. Defendant Dolante's refusal to give Plaintiff breaks;

f. Discipline for conduct that minority employees were not similarly reprimanded for;

g. Retaliation by Defendants following Plaintiff's complaints to Labor Relations and following his Union filing grievances for the discriminatory and harassing treatment; and

h. Drastic reduction in Plaintiff's work schedule, thereby resulting in less compensation to Plaintiff.

47. Despite full knowledge of Defendant Dolante's conduct, Defendants failed to take immediate and appropriate corrective action to prevent the racial harassment from continuing. At no time did Defendants take any action in regards to this serious and pervasive conduct.

48. Defendants' conduct was a concerted pattern of harassment of a repeated, routine and generalized nature. Plaintiff alleges that Defendants' conduct created an unreasonably abusive and offensive work environment.

49. Defendants' conduct, as described herein, was offensive and abusive and based on Plaintiff's race, African American. Defendants' actions were so severe and pervasive that they altered the conditions of Plaintiff's employment.

50. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

51. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as

12

FIRST AMENDED COMPLAINT

155

well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

52.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Code § 12965(b).

53.     Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 *et seq.* Defendant Dolante and Ms. Rainaldi were managers, officers, and/or agents of Defendant DISNEY, as set forth with specificity, above, and were aware of Defendant DISNEY'S policies and procedures requiring Defendant DISNEY'S managers, officers, and agents to prevent, and investigate racial discrimination, retaliation and harassment, against and upon employees of Defendant DISNEY. Plaintiff relied on the fact that Defendant Dolante would follow these known policies, and upon Ms. Rainaldi's assurances that the policies would be enforced, yet Defendant Dolante consciously chose not to follow said policies. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

/ / /

/ / /

/ / /

/ / /

/ / /

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

13

FIRST AMENDED COMPLAINT

156

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

## FIFTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.*

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

**(Against Defendant WALT DISNEY PARKS AND RESORTS U.S., INC., d/b/a DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL and DOES 1-10)**

54.     Plaintiff incorporates by reference paragraphs 1 through 52 inclusive of this Complaint as if fully set forth at this place.

55.     At all times herein mentioned, Government Code § 12940, *et seq.*, was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons. Government Code § 12940(h) makes it unlawful for any person to retaliate against an employee who has opposed a discriminatory practice.

56.     Plaintiff engaged in protected activity by complaining about race-based discrimination and harassment on several occasions to Defendant DISNEY, and specifically, to Defendant Dolante and Ms. Rainaldi in Labor Relations.

57.     Plaintiff further suffered adverse employment actions, including, but not limited to Defendants:

    a.   Falsely altering his time card and adding negative points to Plaintiff's attendance record;

    b.   Significantly reducing Plaintiff's work schedule hours, from 40 hours per week to only around 10 to 15 hours per week;

    c.   Ultimately terminating Plaintiff's employment.

58.     Defendants' conduct, as alleged above, constituted unlawful retaliation in employment on account of Plaintiff's race and his complaints as to race discrimination and harassment.

59.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff

14

157

claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

60.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

61.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Code § 12965(b).

62.    Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 *et seq.* Defendant Dolante and Ms. Rainaldi were managers, officers, and/or agents of Defendant DISNEY, as set forth with specificity, above, and were aware of Defendant DISNEY'S policies and procedures requiring Defendant DISNEY'S managers, officers, and agents to prevent, and investigate racial discrimination, retaliation and harassment, against and upon employees of Defendant DISNEY. Plaintiff relied on the fact that Defendant Dolante would follow these known policies, and upon Ms. Rainaldi's assurances that the policies would be enforced, yet Defendant Dolante consciously chose not to follow said policies. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

15

FIRST AMENDED COMPLAINT

158

## SIXTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION & HARASSMENT

### IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.*

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

**(Against Defendants WALT DISNEY PARKS AND RESORTS U.S., INC., d/b/a DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL and DOES 1-10)**

63.    Plaintiff incorporates by reference paragraphs 1 through 61 inclusive of this Complaint as if fully set forth at this place.

64.    At all times mentioned herein, California Government Code sections 12940, *et seq.*, including but not limited to subsections 12940 (j) and (k), were in full force and effect and were binding upon Defendants and each of them.  These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and harassment and take all reasonable steps necessary to prevent discrimination and harassment from occurring, among other things.

65.    Defendants failed to take immediate and appropriate corrective action to end the discrimination and harassment.  Defendants also failed to take all reasonable steps necessary to prevent the harassment and discrimination from occurring.

66.    In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and harassment and in failing and/or refusing to take and or all reasonable steps necessary to prevent harassment and discrimination from occurring, Defendants violated California Government Code § 12940(j) and (k), causing Plaintiff to suffer damages as set forth above.

67.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

16

159

68.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

69.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

70.     Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 *et seq*. Defendant Dolante and Ms. Rainaldi were managers, officers, and/or agents of Defendant DISNEY, as set forth with specificity, above, and were aware of Defendant DISNEY'S policies and procedures requiring Defendant DISNEY'S managers, officers, and agents to prevent, and investigate racial discrimination, retaliation and harassment, against and upon employees of Defendant DISNEY. Plaintiff relied on the fact that Defendant Dolante would follow these known policies, and upon Ms. Rainaldi's assurances that the policies would be enforced, yet Defendant Dolante consciously chose not to follow said policies. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

///

///

///

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

17

FIRST AMENDED COMPLAINT

160

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

## SEVENTH CAUSE OF ACTION

## WRONGFUL TERMINATION

## IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.*

## [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

### (Against Defendants WALT DISNEY PARKS AND RESORTS U.S., INC., d/b/a

### DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL and DOES 1-10)

71. Plaintiff incorporates by reference paragraphs 1 through 69 inclusive of this Complaint as if fully set forth at this place.

72. At all times herein mentioned, California Government Code § 12940 *et seq.* were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons. California Government Code § 12940 *et seq.* provides that it is unlawful for an employer to discharge a person from employment or discriminate against them in compensation or as to the terms, conditions or privileges of employment based on a prohibited employment practice, as stated in California Government Code § 12940 (a)-(o).

73. Defendant terminated Plaintiff in violation of FEHA.

74. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

75. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

18

FIRST AMENDED COMPLAINT

161

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

76.      As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

77.      Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 *et seq.* Defendant Dolante and Ms. Rainaldi were managers, officers, and/or agents of Defendant DISNEY, as set forth with specificity, above, and were aware of Defendant DISNEY'S policies and procedures requiring Defendant DISNEY'S managers, officers, and agents to prevent, and investigate racial discrimination, retaliation and harassment, against and upon employees of Defendant DISNEY. Plaintiff relied on the fact that Defendant Dolante would follow these known policies, and upon Ms. Rainaldi's assurances that the policies would be enforced, yet Defendant Dolante consciously chose not to follow said policies. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## EIGHTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against Defendants WALT DISNEY PARKS AND RESORTS U.S., INC., d/b/a DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL and DOES 1-10)

78.      Plaintiff incorporates by reference paragraphs 1 through 76 inclusive of this Complaint as if fully set forth at this place.

79.      At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12940, *et seq.*, is to prohibit employers from discriminating, harassing and retaliating against any individual on the basis of,

19

FIRST AMENDED COMPLAINT

162

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

but not limited to, sex, race, age, disability and national origin as identified in California Government Code § 12940 (a)-(o). This public policy of the State of California is designed to protect all employees and to promote the welfare and well being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California Government Code § 12940, *et seq.*, and the laws and regulations promulgated thereunder.

80.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

81.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

82.    The acts taken toward Plaintiff were carried out by Defendant Russell Dolante, one of Defendant DISNEY'S officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, and in direct violation of California law, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

83.    Defendant DISNEY had in place policies and procedures that specifically required Defendant DISNEY'S managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant DISNEY, based on the

20

FIRST AMENDED COMPLAINT

163

protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 *et seq.* Defendant Dolante and Ms. Rainaldi were managers, officers, and/or agents of Defendant DISNEY, as set forth with specificity, above, and were aware of Defendant DISNEY'S policies and procedures requiring Defendant DISNEY'S managers, officers, and agents to prevent, and investigate racial discrimination, retaliation and harassment, against and upon employees of Defendant DISNEY. Plaintiff relied on the fact that Defendant Dolante would follow these known policies, and upon Ms. Rainaldi's assurances that the policies would be enforced, yet Defendant Dolante consciously chose not to follow said policies. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages according to proof;

2. For special damages according to proof;

3. For punitive damages;

4. For attorney fees and costs of suit;

5. For prejudgment and post-judgment interest according to law; and

6. For such other and further relief **as the court may deem just and proper.**

DATED:    October 25, 2010

LAW OFFICES OF JOSEPH M. LOVRETOVICH

By: _____

JOSEPH M. LOVRETOVICH

CHRISTOPHER W. TAYLOR

Attorneys for Plaintiff

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

21

FIRST AMENDED COMPLAINT

164

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:    October 25, 2010

LAW OFFICES OF JOSEPH M. LOVRETOVICH

By: _____

JOSEPH M. LOVRETOVICH

CHRISTOPHER W. TAYLOR

Attorneys for Plaintiff

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

22

COMPLAINT

165

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

### STATE OF CALIFORNIA, COUNTY OF COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is, 5941 Variel Avenue, Woodland Hills, CA 91367

On October 26, 2010, I served the foregoing document described as **First Amended Complaint** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope, addressed as follows:

Nicole Rivas
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
   Attorney For: Walt Disney Parks and Resorts US, Inc.

☒ By mail, I deposited such envelope(s) in the mail at Woodland Hills, California, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By facsimile, I transmitted such documents from Woodland Hills, California, to the offices of the addressee(s).

☐ By personal service, I delivered such envelope(s) by hand to the office(s) of the addressee(s).

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on October 26, 2010 at Woodland Hills, California.

_____
Tad Kuchar

Law Offices of Joseph M. Lovretovich

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

166

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 10/29/2010                    TIME: 09:00:00 AM          DEPT: C08

JUDICIAL OFFICER PRESIDING: Kirk Nakamura
CLERK: Marci Dambert
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: Diana Acosta

CASE NO: **30-2010-00376825-CU-WT-CJC** CASE INIT.DATE: 05/28/2010
CASE TITLE: **Towns vs. The Walt Disney Company**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Wrongful Termination

EVENT ID/DOCUMENT ID: 71059285

**EVENT TYPE**: Case Management Conference

**APPEARANCES**
Brian Bradley, from Law Office of Joseph M. Lovretovich, present for Plaintiff(s) telephonically.
Nicole Rivas, from ALSTON & BIRD LLP, present for Defendant(s) telephonically.

Case Management Conference came on regularly as scheduled.

Counsel for defendant indicated she had received an amended complaint on October 27, 2010. Counsel further indicated she would be filing a Demurrer and requested this matter be continued which was denied.

This matter has been referred to mediation.

Mediation completion date is April 1, 2011.

Post Mediation Review Hearing is scheduled for 04/01/2011 at 09:30 AM in Department C8.

No appearances are necessary if parties submit a declaration indicating mediation was completed.

Jury Trial is scheduled for 05/09/2011 at 09:00 AM in Department C8.

Time estimate for trial is 5 days. Jury requested.

Notice waived.

ENTERED: October 29, 2010.

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

### MINUTE ORDER

DATE: 11/04/2010                  TIME: 02:00:00 PM        DEPT:  C08

JUDICIAL OFFICER PRESIDING: Kirk Nakamura
CLERK:  Marci Dambert
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: Diana Acosta

CASE NO: **30-2010-00376825-CU-WT-CJC** CASE INIT.DATE: 05/28/2010
CASE TITLE: **Towns vs. The Walt Disney Company**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Wrongful Termination

---

EVENT ID/DOCUMENT ID: 71082311,84522881

**EVENT TYPE**: Demurrer to Complaint
MOVING PARTY: Walt Disney Parks and Resorts U.S., Inc.
CAUSAL DOCUMENT/DATE FILED: Demurrer to Complaint, 10/08/2010

---

**APPEARANCES**

---

There are no appearances by any party.

Defendant's Demurrer to the Complaint was ordered off calendar as being moot.

The First Amended Complaint was filed on October 28, 2010.

ENTERED: November 4, 2010.

---

DATE: 11/04/2010
DEPT: C08                         MINUTE ORDER                         Page 1

Calendar No.

168

CIV-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Joseph M. Lovretovich, SBN 73403<br>Christopher W. Taylor, SBN 236245<br>Law Offices of Joseph M. Lovretovich<br>5941 Variel Ave., Woodland Hills, CA 91367<br>TELEPHONE NO.: 818-610-8800  FAX NO. (Optional): 818-610-3030<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange<br>STREET ADDRESS: 700 Civic Center Drive West<br>MAILING ADDRESS: 700 Civic Center Drive West<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>DEC 3 0 2010<br><br>ALAN CARLSON, Clerk of the Court<br>BY B RYAN |

| | |
|---|---|
| PLAINTIFF/PETITIONER: DON TOWNS<br>DEFENDANT/RESPONDENT: THE WALT DISNEY COMPANY | |
| **REQUEST FOR DISMISSAL**<br>☐ Personal Injury, Property Damage, or Wrongful Death<br>    ☐ Motor Vehicle  ☐ Other<br>☐ Family Law  ☐ Eminent Domain<br>☑ Other (specify) : Employment Law | CASE NUMBER:<br>30-2010-00376825 |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:

  a. (1) ☐ With prejudice  (2) ☑ Without prejudice

  b. (1) ☑ Complaint  (2) ☐ Petition
    (3) ☐ Cross-complaint filed by (name):  on (date):
    (4) ☐ Cross-complaint filed by (name):  on (date):
    (5) ☐ Entire action of all parties and all causes of action
    (6) ☑ Other (specify):* as to RUSSELL DOLANTE, an individual ONLY.

2. (Complete in all cases except family law cases.)

  ☐ Court fees and costs were waived for a party in this case. (This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).

Date: December 28, 2010

Christopher W. Taylor

(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

► _____ (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☑ Plaintiff/Petitioner  ☐ Defendant/Respondent
☐ Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**

  Date:

► _____ (SIGNATURE)

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner  ☐ Defendant/Respondent
☐ Cross-Complainant

(To be completed by clerk)  DEC 3 0 2010

4. ☐ Dismissal entered as requested on (date):
5. ☐ Dismissal entered on (date):  as to only (name):
6. ☐ Dismissal not entered as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
  b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
    ☐ a copy to be conformed  ☐ means to return conformed copy

Date: DEC 3 0 2010  Clerk, by _____, Deputy
ALAN CARLSON

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. July 1, 2009]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

169

| | CIV-110 |
|---|---|
| PLAINTIFF/PETITIONER: DON TOWNS<br>DEFENDANT/RESPONDENT: THE WALT DISNEY COMPANY | CASE NUMBER:<br>30-2010-00376825 |

## Declaration Concerning Waived Court Fees

The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1.  The court waived fees and costs in this action for *(name):*

2.  The person in item 1 *(check one):*
    a. ☐ is not recovering anything of value by this action.
    b. ☐ is recovering less than $10,000 in value by this action.
    c. ☐ is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3.  ☐ All court fees and costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____    ▶    _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

CIV-110 [Rev. July 1, 2009]      **REQUEST FOR DISMISSAL**      Page 2 of 2

170

**Law Offices of Joseph M. Lovretovich**

5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is, 5941 Variel Avenue, Woodland Hills, CA 91367

On December 28, 2010,, I served the foregoing document described as **Request for Dismissal** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope, addressed as follows:

Nicole Rivas
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
      Attorney For: Walt Disney Parks and Resorts US, Inc.

☒ By mail, I deposited such envelope(s) in the mail at Woodland Hills, California, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By facsimile, I transmitted such documents from Woodland Hills, California, to the offices of the addressee(s).

☐ By personal service, I delivered such envelope(s) by hand to the office(s) of the addressee(s).

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on December 28, 2010 at Woodland Hills, California.

Tad Kuchar

|7|

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Cormac J. Carney and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## SACV11- 158 CJC (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| DON TOWNS, an individual | WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida Corporation, d/b/a DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL; RUSSELL DOLANTE, an individual; and DOES 1-10 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Christopher Taylor, Esq.<br>Law Offices of Joseph M. Lovretovich<br>5941 Variel Avenue<br>Woodland Hills, California 91367<br>Telephone: (818) 610-8800 | Michael D. Young (SBN 120787)<br>Nicole C. Rivas (SBN 179337)<br>Alston & Bird LLP<br>333 South Hope Street, Sixteenth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 576-1000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Removal of action for wrongful termination from state court pursuant to 28 USC Sections 1332 & 1441(b).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities – Other | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: _SACV11-158_

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | | Page 1 of 2 |
|---|---|---|---|
| | | American LegalNet, Inc.<br>www.FormsWorkflow.com | |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| | Florida |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Orange | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date January 27, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com