UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DON TOWNS, an individual, | ) ) Case No.: SACV 11-00158-CJC(Ex) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| | ) ) |
| WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida Corporation, d/b/a DISNEY'S PCH GRILL at DISNEY'S PARADISE PIER HOTEL; and RUSSELL DOLANTE, an individual, | ) ) ORDER GRANTING DEFENDANTS' ) MOTION FOR SUMMARY ) JUDGMENT ) ) ) |
| Defendants. | ) ) ) |

## I.  INTRODUCTION

Plaintiff Don Towns ("Towns") brings this action for damages against Defendant Walt Disney Parks and Resorts U.S., Inc. and Russell Dolante (collectively, "Disney")

-1-

arising from his purported wrongful termination as Disney's employee.[1] Mr. Towns' First Amended Complaint ("FAC") includes causes of action against Disney for (1) breach of contract, (2) fraud in the inducement, (3) discrimination based on race in violation of California's Fair Employment and Housing Act ("FEHA"), (4) harassment based on race in violation of California's FEHA, (5) retaliation in violation of California's FEHA, (6) failure to prevent discrimination and harassment in violation of California's FEHA, (7) wrongful termination in violation of California's FEHA, and (8) wrongful termination in violation of public policy.

On February 27, 2012, Disney moved for partial summary judgment as to Mr. Town's claims for breach of contract, fraud in the inducement, and wrongful termination. Mr. Towns did not file an opposition to Disney's motion. For the reasons stated below, the Court GRANTS Disney's motion for partial summary judgment as to Mr. Towns' first, second, and eighth causes of action.

## II. BACKGROUND

Mr. Towns is an African-American man who was employed by Disney from June 24, 2007 to May 30, 2008, as a "busser" in Disney's "PCH Grill" restaurant. (Clunie Decl. ¶ 1; FAC ¶¶ 4–8.) While working for Disney at the PCH Grill, Mr. Towns' supervisor and manager was Russell Dolante ("Dolante"). (FAC ¶ 30.) Disney's attendance policy, which applied to Mr. Towns, provides that employees are subject to discipline if they incur a certain level of points for being late or absent to work. (Clunie Decl. ¶ 2.) These points are tracked in Disney's computer system and monitored by a team of Disney employees. (Miller Decl. 3–4.). When an employees' attendance points

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for March 26, 2012, at 1:30 p.m. is hereby vacated and off calendar.

exceed the permissible maximum, the computer system automatically generates a notification for the appropriate level of discipline, *i.e.* a verbal, written, or final warning. (*Id.*)  Discipline under Disney's system is progressive, and employees receive each type of warning before becoming subject to termination.  (Clunie Decl. ¶ 2.)

Beginning on January 9, 2008, Mr. Towns received a verbal warning from Disney, his first warning regarding his poor attendance record.  (Jordan Decl. ¶ 7.)  On January 26, 2008, Mr. Towns received a written warning, and on May 12, 2008, Mr. Towns received his final warning for violations of Disney's attendance policy.  (*Id.*)  After receiving this final warning, Mr. Towns was late or absent from work an additional five times.  (*Id.* Exh. C.)  After determining that Mr. Towns was not entitled to any special consideration, Disney's management concluded that termination of Mr. Towns was appropriate under their attendance policy.  (Clunie Decl. 8–9.)  On May 30, 2008, Disney terminated Mr. Towns for violating the attendance policy.  (*Id.* ¶ 9.)

On May 28, 2010, Towns filed the underlying complaint in this case in Orange County Superior Court alleging several causes of action stemming from his purported wrongful termination by Disney.[2]  (Dkt. No. 1.)

## III.  LEGAL STANDARD

As an initial matter, Mr. Towns has failed to file an opposition to Disney's motion for summary judgment.  Local Rule 7-12 of the Central District of California addresses a party's failure to file required papers. It states:

---

[2] Mr. Towns' FAC includes a number of serious allegations against Disney of racial discrimination and bias.  However, given that Mr. Towns' FAC is an unverified complaint, the Court cannot consider these allegations as evidence on a motion for summary judgment.

> The Court may decline to consider any memorandum or other paper not filed within the deadline set by order or local rule. The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.

Local Rule 7-12.  Accordingly, the Court could grant Disney's motion on this ground alone.  The Court acknowledges and appreciates that Mr. Towns is now representing himself *in propria persona* in this matter.  This, however, does not excuse Mr. Towns' obligation to submit an opposition should he wish to oppose Disney's motion for partial summary judgment.

Summary judgment is proper if the evidence before the Court "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the non-movant's favor, and an issue is "material" when its resolution might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party bears the initial burden of demonstrating either that there are no genuine material issues or that the opposing party lacks sufficient evidence to carry its burden of persuasion at trial. *Celotex Corp.*, 477 U.S. at 325; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987).  Once this burden has been met, the party resisting the motion "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.  In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The court does not make credibility determinations, nor does it weigh conflicting evidence.  *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992).

To oppose Disney's motion, Mr. Towns, as the non-moving party with the burden of proof at trial, must submit specific facts, in the form of admissible evidence, to indicate a genuine issue for trial. *Celotex v. Catrett*, 477 U.S. 317, 323–324 (1986) ("Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'") Mr. Towns has failed to provide the Court with any evidence indicating a genuine issue for trial.

## IV.  DISCUSSION

### A.  Wrongful Termination

To recover for wrongful termination under California law, a plaintiff must show (1) the existence of an employer-employee relationship, (2) a sufficient violation of public policy, (3) that the termination was the cause of the employee's damages, and (4) the extent of the employee's damages. *See Holmes v. General Dynamics Corp.*, 17 Cal.App.4th 1418, 1426 n.8 (1993). Mr. Towns claims he was wrongfully terminated, in violation of the public policy of California, because of his race and in retaliation for filing a complaint against his supervisor. (FAC ¶ 79.) In opposition to these claims, Disney argues that Mr. Towns was not terminated because of his race or in retaliation for the filing of a complaint, but rather because Mr. Towns repeatedly violated Disney's attendance policy. (Def. Mot., at 10; Jordan Decl. Exhs. C and D.) Disney argues that it has a clear attendance policy which provides that all employees are subject to discipline if they are late or absent to work. (Clunie Decl. ¶ 2.) Disney notes that in the less than one year in which Mr. Towns was employed by Disney, he was late or absent to work more than three dozen times. (Jordan Decl. Exhs. C and D.) As a result of his absences and

tardiness, Mr. Towns was given three separate warnings by Disney before his termination.  (Def. Mot., at 10; Jordan Decl. Exhs. A–C.)

Given the evidence submitted by Disney in opposition to Mr. Towns' cause of action for wrongful termination, the burden now shifts to Mr. Towns to set forth "specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 256.  As Mr. Towns has failed to submit an opposition to Disney's motion, the Court is without these "specific facts" which might otherwise indicate a genuine issue for trial.  Accordingly, the Court GRANTS partial summary judgment as to Mr. Towns' cause of action for wrongful termination.

### B. Breach of Contract

Mr. Towns claims Disney breached its contract to terminate his employment only for good cause, to pay him all agreed upon wages, and not to retaliate against him for filing an administrative complaint.  (FAC ¶ 27–30.)   However, Mr. Towns' employment with Disney was at all times governed by two express agreements, a Collective Bargaining Agreement (CBA) and an at-will employment agreement. (Clunie Decl. ¶ 13; Towns Depo. 87:25–89:5, 94:16–24; Exhs. 12–13.)

To prevail on a claim for breach of an implied contract, a plaintiff must prove (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) breach by the defendant, and (4) damages.  *CDF Firefighters v. Maldonado*, 158 Cal.App.4th 1226, 1239 (2008); *see also Gomez v. Lincare, Inc.*, 173 Cal.App.4th 508, 525 (2009) (finding the elements of a cause of action for breach of an implied contract the same as those for breach of contract).  Disney argues that Mr. Towns' claim must fail because Mr. Towns' alleged implied contract covers the same terms as the express contracts already governing his employment with Disney.  (Def. Mot., at 16.)  Disney

notes that the "CBA embraces all of the same matters as Plaintiff's purported implied contract, including term of employment, terminations, seniority, payment of wages, and promotions." (*Id.* at 16; Clunie Decl., Exh. C.)  Under California law "express and implied contracts are mutually exclusive".  *Freeman v. Kern County*, No. CV 07-00219, 2008 WL 4003978 *8 (E.D.Cal. Aug. 27, 2008).  The existence of an express, written agreement necessarily precludes a finding of an implied contract covering the same subject matter.  *Id.*; *Berkla v. Corel, Corp.*, 302 F.3d 909, 918 (9th Cir. 2008) ("There cannot be a valid, express contract and an implied contract. . . existing at the same time.")

Given the evidence submitted by Disney in opposition to Mr. Towns' cause of action for breach of contract, the burden now shifts to Mr. Towns to set forth "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.  As Mr. Towns has failed to submit an opposition to Disney's motion, the Court is without these "specific facts" which might otherwise indicate a genuine issue for trial.  Accordingly, the Court GRANTS partial summary judgment as to Mr. Towns' cause of action for breach of contract.

### C.  Cause of Action for Fraudulent Inducement

Mr. Towns' claims Disney fraudulently induced him to return to work after Disney erroneously provided him with termination papers on January 27, 2008.[3] (FAC ¶ 33.)  A cause of action for fraud requires (1) a misrepresentation, (2) knowledge of falsity or scienter, (3) intent to induce reliance, (4) justifiable reliance, and (5) resulting damage. *Bank of the West v. Valley Nat'l. Bank*, 41 F.3d 471, 477 (9th Cir, 1993).

---

[3] Mr. Towns' alleges that after being provided with termination papers by Disney on January 27, 2008, he received a phone call from Disney's Human Resources Department advising him to disregard the termination notice.  (FAC ¶ 15.)  Mr. Towns was not officially terminated by Disney until May 30, 2008.

In arguing for summary judgment, Disney points to a variety of evidence that specifically refutes each of Mr. Towns' claimed misrepresentations by Disney. Initially, Disney notes that any representation that Dollente would be terminated on Mr. Towns' return is refuted by Mr. Towns' subsequent deposition testimony where he admits that no one ever represented as much to him. (Towns Depo. 131:7–11; 132:12–17; 181:18–25.) With respect to any representation made to Mr. Towns concerning his schedule and weekly hours, Mr. Towns also later recanted and confirmed that no one at Disney made such a promise to him. (*Id*. at 186:10–189:18.) Any decision made by Mr. Towns to forego a grievance with his union or civil action with the Equal Employment Opportunity Commission, based on a representation by Disney, is also refuted by Mr. Towns' deposition testimony. (*Id*. at 56:10–23; 63:2–4; 79:16–20; 87:19–24.) Finally, any misrepresentation that Mr. Towns did not need to fear retaliation upon his return to Disney, is belied by his weak attendance and tardiness record. The evidence submitted by Disney indicates that rather than being retaliated against for filing a complaint or grievance, Mr. Towns was terminated for poor job performance due to lack of attendance and punctuality.

As Disney has presented evidence to rebut the claims that it misrepresented anything to Mr. Towns concerning his employment, or that Mr. Towns justifiably relied on a representation made to him by Disney, the burden now shifts to Mr. Towns to provide specific facts demonstrating that a genuine issue exists. *Anderson*, 477 U.S. at 256. As Mr. Towns has failed to submit an opposition to Disney's motion, the Court is without these "specific facts" which might otherwise indicate a genuine issue for trial. Accordingly, the Court GRANTS partial summary judgment as to Mr. Towns' fraudulent inducement cause of action.

//

//

**IV.  CONCLUSION**

For the foregoing reasons, Disney's motion for partial motion for summary judgment is GRANTED as to Mr. Towns' first, second, and eighth causes of action.

DATED:    March 22, 2012

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE